IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br>    v.<br><br>THE STATE OF ALASKA, THE ALASKA DEPARTMENT OF FISH & GAME, and DOUG VINCENT-LANG, in his official capacity as Commissioner of the Alaska Department of Fish & Game,<br><br>                  Defendants, | Case No. 1:22-cv-00054-SLG |

## DECLARATION OF RAINA THIELE

I, Raina Thiele, declare as follows:

      1.      I am the Senior Advisor to the Secretary of the Interior for Alaska Affairs and Strategic Priorities, with offices in Washington, D.C. and Anchorage, Alaska. In this role, I am responsible for advising the Secretary on the full range of Alaska matters. Those include advising on matters concerning the Federal Subsistence Board and the Department's obligations under Title VIII of ANILCA across Alaska, including in the waters of the Kuskokwim River system within the boundaries of the Yukon Delta National Wildlife Refuge. I am Dena'ina Athabascan and Yup'ik and am an enrolled member of Pedro Bay village on Lake Iliamna. I was born and raised in Alaska, and grew up spending time with my family fishing and engaging in other subsistence activities.

2. I am aware that on April 6, 2022, the Assistant Attorney General of the Environment and Natural Resources Division of the U.S. Department of Justice sent a letter, a true and correct copy of which is attached hereto, to the Governor of Alaska and the Alaska Attorney General regarding the potential filing of a lawsuit regarding the Kuskokwim River subsistence fishing. This letter identified the State of Alaska's "continued and expanding assertion of authority in direct violation of ANILCA and other federal law" and noted the intent that if filed, such a lawsuit would "seek injunctive relief—including possibly preliminary injunctive relief—to enjoin the State's exercise of authority that contradicts or interferes with federal orders designed to comply with federal law and provide for ANILCA's subsistence use priority." The letter concludes with an invitation for dialogue to avoid such litigation.

3. On April 22, I received a letter, a true and correct copy of which is attached hereto, from Doug Vincent-Lang, the Commissioner of the Alaska Department of Fish and Game. The letter disagreed with federal management of subsistence fishing on the Kuskokwim River and asserted that "[i]t is not necessary for federal pre-emption to ensure that the subsistence uses of federally qualifies users are provided for." The letter then requests that the Department of the Interior "provide in writing, the specific areas of disagreement, specific reasons for disagreement, and any scientific information relied upon for the federal position."

4. While the Commissioner's letter did not suggest that reaching an arrangement with the State was likely to avoid conflict during the 2022 season, the

Department prioritized outreach to the State and requesting a meeting to discuss. On April 25, senior officials from the Department of the Interior and the State of Alaska met concerning the potential litigation. The senior attendees at that meeting were the Governor's Chief of Staff, Randy Ruaro, Commissioner Vincent-Lang, Robert Anderson, Solicitor for the Department, and an additional Department attorney and State Department of Law attorneys.

5. At this meeting, we informed the State that we needed a commitment from them not to issue any orders that would purport to open fishing contrary to Federal Subsistence regulations governing federal waters of the Kuskokwim River. We asked for such a commitment by the end of the following day, or we planned to file a complaint. The State asked that we not file a complaint prior to the upcoming meeting of the State's Kuskokwim River Salmon Management Working Group scheduled for later that week on April 28. However, the State provided no indication they would be willing to make such a commitment and instead wanted to discuss the science behind Federal decisions to regarding the fishery last year within the boundaries of the Yukon Delta National Wildlife Refuge.

6. Additionally, we explained that ANILCA Title VIII requires that there be a rural priority, and that federal managers make decisions after extensive consultation among state, federal, and tribal biologists and managers. We expressed hope that there would be agreement on this year's regulations, but that just as the State decides the rules in State waters, the federal government makes the final decisions on rules to implement

the rural priority for the taking of fish in waters within federal conservation system units under ANILCA. The meeting ended without any indication of potential agreement with the State that would avoid litigation or the need for preliminary injunctive relief if the State were to issue contrary orders again in 2022.

7. On May 2, after the Kuskokwim River Salmon Management Working Group met, the Yukon Delta National Wildlife Refuge Manager issued an Emergency Special Action determining that federal management is necessary for the conservation and the continuation of subsistence uses for Chinook and chum salmon within the Kuskokwim River drainage, and restricting subsistence fishing on the Kuskokwim River within the Refuge.

8. Late on Friday, May 13, the State issued an order that purported to open the Kuskokwim River within the Refuge to gillnet fishing for all Alaskans on June 1, 4 and 8 in contradiction to the federal closure and openings for rural subsistence users only on those same days.

9. On Tuesday, May 17, the United States filed its complaint against the State of Alaska in this matter.

10. On Monday, May 23, I sent an email to the Governor's Chief of Staff and the Commissioner of Fish and Game to see if there was any remaining possibility to avoid filing a motion for a temporary restraining order or preliminary injunction. I noted that unless the State agreed to withdraw its May 13 order opening gillnet fishing for all Alaskans by Tuesday, May 24, at 3:00 p.m. Alaska Time, the United States was prepared

to proceed with any filings necessary to protect federal obligations under Title VIII of ANILCA. In that time period, the State did not provide any indications that it had withdrawn or had any intent to withdraw its May 13 order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of May, 2022

.

RAINA THIELE
Digitally signed by RAINA THIELE
Date: 2022.05.24 19:01:39 -04'00'

Raina Thiele
Senior Advisor to the Secretary for Alaska Affairs & Strategic Priorities
U.S. Department of the Interior



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Office of the Assistant Attorney General*  *Telephone (202) 514-2701*
*950 Pennsylvania Avenue, Northwest*  *Facsimile (202) 517-0557*
*Washington, D.C. 20530*

April 6, 2022

The Honorable Michael J. Dunleavy
Governor of Alaska
Office of the Governor
550 West Seventh Avenue, Suite 1700
Anchorage, AK 99501

The Honorable Treg R. Taylor
Attorney General of Alaska
Alaska Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501

Re: Potential Filing of Suit Regarding Kuskokwim Subsistence Fishing

Dear Governor Dunleavy and Attorney General Taylor,

This letter is to advise you that the United States Department of Justice and the Department of the Interior are considering legal options in relation to Alaska's assertion of authority in conflict with the Federal Subsistence Board's management of the Kuskokwim River within the Yukon Delta National Wildlife Refuge.

Through the Alaska National Interest Lands Conservation Act (ANILCA), Congress directed that "nonwasteful subsistence uses of fish and wildlife . . . shall be the priority consumptive uses of all such resources on the public lands of Alaska" and that, when it is necessary to restrict taking of fish and wildlife for enumerated reasons, "the taking of such population for nonwasteful subsistence uses shall be given preference on the public lands over other consumptive uses." 16 U.S.C. § 3112(2). "Subsistence uses" are defined as "the customary and traditional uses by rural Alaska residents of wild, renewable resources[.]" *Id*. § 3113.

In implementing this mandate, the Board has deemed it necessary in recent years on the Kuskokwim to impose restrictions on the taking of fish and wildlife by non-federally qualified users in order to honor the federal subsistence use priority. To address challenges relating to low Chinook and chum salmon escapement levels and continuing low numbers predicted by the State's pre-season run projections, both federal and state managers have, in recent years, announced emergency closures to gillnet fishing at the start of the season for a period of at least several weeks in order to verify run strength and assure adequate escapement. These closures have been punctuated by short openings to subsistence gillnet fishing by federally qualified rural

Alaskans, following coordination between local state and federal managers, local advisory groups, and public outreach meetings in villages along the River.

In 2020, each time the federal in-season manager announced limited subsistence harvest opportunities for certain federally qualified users, the State shortly thereafter issued emergency orders authorizing subsistence harvest under state law for all Alaskans. This pattern continued in 2021, with the State issuing openings for all Alaskans each time the Board issued an opening limited to federally qualified rural residents. Despite prior objections from the Federal Subsistence Board, the State on June 25, 2021, issued an emergency order purporting to authorize subsistence harvest by all Alaskans on a day when no comparable federal opening existed. These state actions interfere with the Board's ability to implement federal law, including ANILCA's subsistence use priority.

In light of Alaska's continued and expanding assertion of authority in direct violation of ANILCA and other federal law, we are now considering filing suit in the U.S. District of Alaska. If filed, our complaint would seek a declaratory judgment that the State's actions purporting to authorize harvest of Kuskokwim salmon within the Refuge in a manner contrary to the Board's actions are preempted by federal law, and are null and void. We would also seek injunctive relief—including possibly preliminary injunctive relief—to enjoin the State's exercise of authority that contradicts or interferes with federal orders designed to comply with federal law and provide for ANILCA's subsistence use priority.

We would welcome the opportunity to discuss this prospective action. If the State is interested in having such a discussion, please contact Trial Attorney Paul Turcke at (202) 532-5994 or paul.turcke@usdoj.gov so that we can discuss scheduling. Thank you for your consideration.

Sincerely,

Todd Kim
Assistant Attorney General

cc (*via email*):

Anthony Christianson, Chair, Federal Subsistence Board
Charles Brower, Public Member, Federal Subsistence Board
Rhonda Pitka, Public Member, Federal Subsistence Board
Eugene R. Peltola, Jr., Regional Director, Bureau of Indian Affairs
Thomas Heinlein, Acting State Director, Bureau of Land Management
Sarah S. Creachbaum, Regional Director, National Park Service
Sara D. Boario, Regional Director, U.S. Fish and Wildlife Service
David Schmid, Regional Forester, U.S. Forest Service
Robert T. Anderson, Solicitor, U.S. Department of the Interior
Seth R. Deam, Regional Solicitor, U.S. Department of the Interior
Kenneth M. Lord, Assistant Regional Solicitor, U.S. Department of the Interior
Janie S. Hipp, General Counsel, U.S. Department of Agriculture
James Ustasiewski, Office of General Counsel, U.S. Department of Agriculture



**THE STATE of ALASKA**

GOVERNOR MIKE DUNLEAVY

**Department of Law**

OFFICE OF THE ATTORNEY GENERAL

1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Main: 907-269-5100
Fax: 907-276-3697

April 22, 2022

*Via U.S. Mail and Email*

Todd Kim, Assistant Attorney General
U.S. Department of Justice
Environmental and Natural Resources Division
950 Pennsylvania Avenue, Northwest
Washington, D.C. 20530
Email: paul.turcke@usdoj.gov

Re: Correspondence Dated April 6, 2022 on Potential Filing of Suit Regarding Kuskokwim Subsistence Fishing

Dear Assistant Attorney General Kim:

We received your April 6 letter regarding the potential filing of suit regarding Kuskokwim subsistence fishing. I want to assure you that we take this matter very seriously. Alaska is mandated by state statute to provide a subsistence opportunity for users when a harvestable surplus exists. As you already know, many of the users who are not federally qualified have cultural ties to the Kuskokwim fishery but have been displaced to urban areas of the state and are provided opportunity under state subsistence openers. The attached letter from Alaska Department of Fish and Game Commissioner Vincent-Lang is responsive to some of the concerns you raise in the letter, including the assertion that ADF&G subsistence fishing openers in June of 2021 interfered with the Federal Subsistence Board's ability to implement federal law, including ANILCA's subsistence use priority.

We look forward to discussing this matter further as Alaska continues to hold up its side of the bargain to engage in the cooperative management that is required under the current dual management regime.

Sincerely,

Treg R. Taylor
Attorney General

Attachment

Ex. 2 - Page 8
Case 1:22-cv-00054-SLG   Document 5-2   Filed 05/24/22   Page 8 of 11

Assistant Attorney General Todd Kim
Re: Correspondence on Potential Filing of Suit Regarding
    Kuskokwim Subsistence Fishing

April 22, 2022
Page 2 of 2

cc (via email): Robert T. Anderson, Solicitor, U.S. Department of the Interior
Janie S. Hipp, General Counsel, U.S. Department of Agriculture
Anthony Christianson, Chair, Federal Subsistence Board
Charles Brower, Public Member, Federal Subsistence Board
Rhonda Pitka, Public Member, Federal Subsistence Board
Sarah S. Creachbaum, Regional Director, National Park Service
Sara D. Boario, Regional Director, U.S. Fish and Wildlife Service
Eugene R. Peltola Jr., Regional Director, Bureau of Indian Affairs
David Schmid, Regional Forester, U.S. Forest Service
Thomas Heinlein, Acting State Director, Bureau of Land Management
Seth R. Deam, Regional Solicitor, U.S. Department of the Interior
Kenneth M. Lord, Assistant Regional Solicitor, U.S. Department of the Interior
James Ustasiewski, Office of the General Counsel, U.S. Department of Agriculture



**Department of Fish and Game**

OFFICE OF THE COMMISSIONER
Headquarters Office

1255 West 8th Street
P.O. Box 115526
Juneau, Alaska 99811-5526
Main: 907.465.6136
Fax: 907.465.2332

April 22, 2022

Raina Thiele
Senior Advisor to the Secretary for Alaska Affairs and Strategic Priorities
U.S. Department of the Interior
1849 C Street, NW
Mail Stop 6038 MIB
Washington, DC 20240

Dear Ms. Thiele:

Fisheries on the Kuskokwim River have been successfully managed for decades without conflict. Only very recently have federal managers decided that the State of Alaska (SOA) has no right to provide input or participate in fishery management decisions for this river's salmon. As recently as 2020 the Yukon Delta National Wildlife Refuge staff and Alaska Department of Fish & Game (ADF&G) local biologists agreed to scheduling concurrent subsistence fishing openers. That changed last season. The threat of federal pre-emption of state management authority will now unnecessarily divide Alaskans and prevent people who have close cultural ties to the fishery that have been displaced to urban areas for education, social, health or other reasons from participating in their traditional way of life. The United States Department of Justice (USDOJ) threat to sue the SOA further risks litigation over the issues.

There are many underlying agreements that guide fishery management in the Kuskokwim River. These include the Refuge Comprehensive Conservation Plan, the agreement with the Federal government and ADF&G, and Alaska National Interest Lands Conservation Act (ANILCA), including the section requiring the Federal government to cooperate with the State in managing resources and to manage resources in accordance with recognized scientific principles. Also, under the Executive Order 10897 issued by President Dwight D. Eisenhower in 1959, "fish and wildlife resources of Alaska shall be transferred to the State of Alaska." Nothing in ANILCA or other Federal legislation counters this transference. In fact, the rights of the State to be the principal manager was confirmed in all subsequent federal legislation.

State managers have been providing for sustained yield and subsistence uses of salmon in the Kuskokwim River since statehood, and through the Alaska Board of Fisheries' process there are established regulatory structures that guide its management, establish escapement goals, and determine the amount reasonably necessary for subsistence. Under this process everyone knows how decisions are guided and the standards by which salmon returns and harvest are evaluated. To assist in decision making, the SOA's state-of-the-art assessment program helps provide the foundation for sustained yield management. Additionally, our research on subsistence activities and uses form the foundation for determination of whether subsistence users are being provided for. In short, it is the State, not the Federal agencies, that is collecting the data and has a clear and transparent strategy regarding fisheries management on this river.

It is not necessary for federal pre-emption to ensure that the subsistence uses of federally qualifies users are provided for. If federal biologists disagree, please provide in writing, the specific areas of disagreement, specific reasons for disagreement, and any scientific information relied upon for the federal position. We are also interested to learn about how federal management will affect state-authorized fishing, including subsistence, above the refuge as well as how it may affect the spawning escapement outside the refuge given that 80% of the chinook salmon spawning occurs outside the refuge. Failure to communicate and cooperate in fishery decisions violates ANILCA and does a disservice to the hunting and fishing rights of Alaskans.

We look forward to hearing from you regarding the pathway forward in light of the provided information. The attached additional information is intended to inform our future discussions regarding how the salmon fisheries of the Kuskokwim River will be managed this summer considering the USDOJ letter recently received by the State of Alaska (SOA).

Sincerely,

Doug Vincent-Lang
Commissioner

cc:

Randy Ruaro, Chief of Staff, Governor Dunleavy
Treg Taylor, Attorney General of Alaska
Todd Kim, Assistant Attorney General, US Dept. of Justice
Robert T. Anderson, Solicitor, U.S. Department of the Interior
Janie S. Hipp, General Counsel, U.S. Department of Agriculture
Anthony Christianson, Chair, Federal Subsistence Board
Charles Brower, Public Member, Federal Subsistence Board
Rhonda Pitka, Public Member, Federal Subsistence Board
Sarah S. Creachbaum, Regional Director, National Park Service
Sara D. Boario, Regional Director, U.S. Fish and Wildlife Service