TREG R. TAYLOR
ATTORNEY GENERAL

Margaret Paton-Walsh (Alaska Bar No. 0411074)
Chief Assistant Attorney General
Aaron C. Peterson (Alaska Bar No. 1011087)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: margaret.paton-walsh@alaska.gov
       aaron.peterson@alaska.gov

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 1:22-cv-00054-SLG<br>) |
| State of Alaska; Alaska Department of Fish & Game; Doug Vincent-Lang, Commissioner, | )<br>) **PARTIAL OPPOSITION TO**<br>) **KUSKOKWIM RIVER INTER-**<br>) **TRIBAL FISH COMMISSION'S** |
| Defendants. | ) **MOTION TO INTERVENE AS**<br>) **PLAINTIFF** |

## INTRODUCTION

The State of Alaska, Alaska Department of Fish & Game, and

Commissioner Doug Vincent-Lang, (collectively "the State") hereby submit this partial

opposition to the Kuskokwim Intertribal Fish Commission's (KRITFC) Motion to

Intervene as Plaintiff (Dkt. 12) and Motion to Join in the United States' Motion for a

*United States v. Alaska*     Case No. 1:22-cv-00054-SLG
Partial Opp. to KRITFC Mtn. to Intervene as Plaintiff     1
Case 1:22-cv-00054-SLG    Document 23    Filed 06/14/22    Page 1 of 9

Preliminary Injunction (Dkt. 14). While the State takes no position on KRITFC's motion to intervene in this matter generally, the State does oppose KRITFC being granted intervenor status during the preliminary injunction phase of the litigation and, necessarily, opposes KRITFC's Motion to Join the United States' Motion for Preliminary Injunction.

The United States filed its Motion for a Preliminary Injunction on May 24, 2022.[1] Pursuant to L.Civ.R. 7.2(b)(2) the State's opposition was due on June 7, 2022. KRITFC moved to intervene in the matter on May 31, 2022 and, critically, *did not* seek expedited consideration of its proposal to be granted intervenor status.[2] KRITFC, before its non-expedited motion to intervene had been responded to or ruled upon, then filed a Motion to join the United States' Motion for Preliminary Injunction on June 3, 2022,[3] which did not afford the State adequate opportunity to respond to the allegations raised.

As a purely procedural matter, KRITFC's Motion to Join should be denied because it failed to seek expedited consideration of its Motion to Intervene, which, under the non-expedited timelines, likely will not be decided until after the preliminary injunction is fully litigated by the parties.

As a substantive matter, KRITFC's request to participate in the preliminary injunction proceedings is untimely and should be denied.

---

[1] Dkt. 5. United States' Motion for Preliminary Injunction.
[2] Dkt. 12. KRITFC's Motion to Intervene as Plaintiff.
[3] Dkt. 14. KRITFC's Joinder in United States' Motion for Preliminary Injunction.

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Partial Opp. to KRITFC Mtn. to Intervene as Plaintiff   2
Case 1:22-cv-00054-SLG   Document 23   Filed 06/14/22   Page 2 of 9

# ARGUMENT

Rule 24 of the Federal Rules of Civil Procedure provides:

> (a) Intervention of Right. On *timely motion*, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest…
> (b) Permissive Intervention.
> (1) In General. On *timely motion*, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.[4]

"Timeliness is 'the threshold requirement' for intervention as of right,"[5] and it is "a flexible concept; its determination is left to the district court's discretion."[6] If the court finds "that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24.[7]

Timeliness is determined by the totality of the circumstances, with a focus on three primary factors: (1) the stage of the proceeding at which an applicant seeks to intervene;

---

[4] Fed.R.Civ.P. 24. (emphasis added)

[5] *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir.1997) (*quoting United States v. Oregon*, 913 F.2d 576, 588 (9th Cir.1990)).

[6] *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir.1981).

[7] *United States v. State of Wash.*, 86 F.3d 1499, 1503 (9th Cir. 1996).

*United States v. Alaska*     Case No. 1:22-cv-00054-SLG
Partial Opp. to KRITFC Mtn. to Intervene as Plaintiff     3
Case 1:22-cv-00054-SLG    Document 23    Filed 06/14/22    Page 3 of 9

(2) the prejudice to other parties; and (3) the reason for and length of the delay.[8] Here, KRITFC has moved for both intervention as of right and permissive intervention.[9] But the Court need not address timeliness twice because an alternative request for permissive intervention is necessarily untimely when movant fails to satisfy the timeliness element for intervention as of right.[10] And critical here, the "burden is on the applicant to demonstrate that the conditions for intervention, including timeliness, are met."[11]

KRITFC's motion plainly fails to satisfy the burden of establishing timeliness for intervention at the preliminary injunction stage of these proceedings.

1. Stage of proceeding

KRITFC seeks to intervene in the general proceeding's writ large, and the State takes no position on that. However, KRITFC also seeks to intervene in the preliminary injunction stage of the litigation, and made its intention known by filing a motion seeking to join the United States' Motion for Preliminary Injunction just days before the State's substantive response to the United States' motion was due. Tellingly, KRITFC's joinder motion does not mention timeliness at all.

---

[8] *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016) (citation omitted).

[9] *See* Dkt. 12.

[10] *Stadnicki on Behalf of LendingClub Corp. v. Laplanche*, 804 Fed. App'x 519, 522 (9th Cir. 2020).

[11] *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1010 n. 5 (9th Cir.), *cert. denied*, 454 U.S. 1098 (1981)

*United States v. Alaska*                                Case No. 1:22-cv-00054-SLG
Partial Opp. to KRITFC Mtn. to Intervene as Plaintiff                  4
Case 1:22-cv-00054-SLG     Document 23     Filed 06/14/22     Page 4 of 9

KRITFC did address timeliness in its motion to intervene in the litigation generally, filed several days before to the joinder motion, but simply asserted that "there is no prejudice to any other Party" and "no need to weigh the reason for and length of [any] delay because there has been no meaningful delay in the Commission's intervention."[12] Both of these points are demonstrably false, as explained below.

2. Prejudice to the State

Given the briefing schedule on the preliminary injunction motion, the State was not afforded adequate time to assess the additional arguments and representations of fact made in KRITFC's joinder motion, and the State would suffer serious prejudice if the Court were to consider those arguments absent additional time granted the State to respond to the arguments on the merits.

The State filed its opposition before the non-expedited motion to intervene was ruled upon, so the State could not reasonably have been on notice that it should have responded to yet another plaintiff's arguments on an extremely condensed timeline. Permitting intervention now, after the State has filed its opposition to the Motion for a Preliminary Injunction, would clearly prejudice the State and potentially result in delay to the disposition of the matter.

---

[12] Dkt. 12. pp. 4-5. (internal quotations and citations deleted)

*United States v. Alaska*     Case No. 1:22-cv-00054-SLG
Partial Opp. to KRITFC Mtn. to Intervene as Plaintiff     5

3. Reason for length of delay

A "party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the outcome of the litigation."[13] By its own admission, KRITFIC did not file as soon as it knew its interests might be affected by the outcome of the preliminary injunction proceedings.[14] Further, if KRITFC wished to participate in those proceedings, it should have filed its Motion to Intervene on an expedited basis, and should not have filed its Motion to Join the pleading on a Friday afternoon knowing the State's opposition was due the following Tuesday.

It is clear that KRITFC unduly delayed seeking intervention in this phase of the litigation. And when a party seeking intervention delays in this manner, it must provide a reason for its delay in seeking to enter into the case.[15] Rather than providing a persuasive reason for the delay, KRITFC simply states that "there has been no meaningful delay in the Commission's intervention."[16] However, KRITFC's argument willfully ignores the nature of the preliminary injunction proceedings in this matter. The State had 14 days to respond to a motion for a preliminary injunction, and several of those days were spent responding to the United States' motion for a temporary restraining order.

---

[13] *California Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1120 (9th Cir. 2002).

[14] *See* Dkt. 12, p. 4 (KRITFC "has chosen to bring this intervention action after briefing and consideration of the TRO motion…").

[15] *Alisal*, 370 F.3d at 923.

[16] Dkt. 12, p. 5.

*United States v. Alaska*     Case No. 1:22-cv-00054-SLG
Partial Opp. to KRITFC Mtn. to Intervene as Plaintiff     6
Case 1:22-cv-00054-SLG    Document 23    Filed 06/14/22    Page 6 of 9

KRITFC admits that it intended to "join" in the Preliminary Injunction phase of litigation but did not do so until days before the State's opposition was due.[17]

KRITFC's assertion that it waited to file the "intervention action after briefing and consideration of the TRO motion so as not to add any additional complexity or cause any delay on that important issue"[18] makes good sense for intervention in the general litigation, but fails entirely when it comes to the preliminary injunction proceedings. Seeking to intervene in the preliminary injunction proceedings days before the State's pleading is due is no different than seeking to intervene while the TRO was being litigated, with the same resulting "additional complexity" and potential for delay.

Finally, KRITFC presented no justification for failing to file its Motion to Join in the Preliminary Injunction when it filed the non-expedited Motion to Intervene on May 31. To the extent that KRITFC wished to be involved in the preliminary injunction proceedings, it should have, at the very least, filed the Motion to Join at the earliest possible moment. While the State would have still have been prejudiced by the untimely nature of the motion, it would potentially have been afforded adequate time to respond.

Because KRITFC's motion to intervene in the preliminary injunction proceedings is not timely, the Court need not reach any of the remaining elements of Rule 24 in denying intervention for the purposes of litigation the preliminary junction.[19]

---

[17] *See* Supra n. 14.

[18] Dkt. 12, KRITFC Motion to Intervene, p. 4.

[19] *State of Wash.*, 86 F.3d at 1503.

*United States v. Alaska*                                Case No. 1:22-cv-00054-SLG
Partial Opp. to KRITFC Mtn. to Intervene as Plaintiff                    7
Case 1:22-cv-00054-SLG   Document 23   Filed 06/14/22   Page 7 of 9

# CONCLUSION

For the foregoing reasons, the State respectfully requests that the Court deny KRITFC's motion to Intervene as it relates to the preliminary injunction. The State takes no position on KRITFC's motion after the conclusion of the preliminary injunction proceedings are complete.

DATED: June 14, 2022.

TREG R. TAYLOR
ATTORNEY GENERAL

By: s/ Margaret Paton-Walsh
Margaret Paton-Walsh
(Alaska Bar No. 0411074)
Chief Assistant Attorney General

s/Aaron C. Peterson
Aaron C. Peterson
(Alaska Bar No. 1011087)
Senior Assistant Attorney General
Office of the Attorney General
Natural Resources Section
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
margaret.paton-walsh@alaska.gov
aaron.peterson@alaska.gov
Phone: (907) 269-5232
Facsimile: (907) 276-3697

Attorneys for the State of Alaska

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Partial Opp. to KRITFC Mtn. to Intervene as Plaintiff  8
Case 1:22-cv-00054-SLG   Document 23   Filed 06/14/22   Page 8 of 9

## CERTIFICATE OF SERVICE

I hereby certify that on **June 14, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/ Christian S. Faatoafe
Christian S. Faatoafe
Law Office Assistant I

*United States v. Alaska*     Case No. 1:22-cv-00054-SLG
Partial Opp. to KRITFC Mtn. to Intervene as Plaintiff     9
Case 1:22-cv-00054-SLG   Document 23   Filed 06/14/22   Page 9 of 9