Nathaniel Amdur-Clark
nathaniel@sonosky.net
Whitney A. Leonard
whitney@sonosky.net
Sonosky, Chambers, Sachse,
  Miller & Monkman, LLP
725 East Fireweed Lane, Suite 420
Anchorage, Alaska 99503
Telephone: (907) 258-6377
Facsimile: (907) 272-8332

*Attorneys for Intervenor Kuskokwim River Inter-Tribal*
  *Fish Commission*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:22-cv-00054-SLG |
| THE STATE OF ALASKA, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

### KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION'S REPLY
### IN SUPPORT OF MOTION TO INTERVENE AS PLAINTIFF

The Kuskokwim River Inter-Tribal Fish Commission (the "Commission") timely moved to intervene in this action with respect to all pending stages of the proceeding. Its Motion to Intervene should be granted in full. The State of Alaska's partial opposition mischaracterizes the timeline of the pending motions and argues that the State will suffer prejudice from the Commission's filing of a joinder two and a half weeks before the date

set for the preliminary injunction hearing, to which the State has had ample time to respond. These arguments are meritless and should be rejected.

## I. ARGUMENT

First, the State suggests that the Commission was somehow required to move for expedited consideration with respect to its Motion to Intervene, and argues that participation in the preliminary injunction phase should be denied on that basis.[1] The State is wrong. The Commission filed its Motion to Intervene on May 31.[2] In its motion, the Commission made clear that it had chosen to file the motion after the resolution of the United States' Motion for Temporary Restraining Order so as not to complicate or delay the proceedings at that stage, but that it sought to participate in the remainder of the case, including the preliminary injunction stage.[3] By then, this Court had scheduled the hearing on the preliminary injunction motion for June 21.[4] Pursuant to Local Civil Rule 7.2(b)(1), any opposition or other response to the Commission's Motion to Intervene would be due by June 14, 2022, well before that hearing date. Therefore, it was reasonable for the Commission not to burden the Court with another motion in an already expedited proceeding, and which if granted would have given the State *less* time to respond to the Commission's intervention motion.

---

[1] *See* Dkt. 23 at 2 (State Partial Opp. to Intervention).

[2] Dkt. 12.

[3] *Id.* at 4.

[4] *See* Dkt. 11 at 17 (Order Denying Temporary Restraining Order).

*United States v. State of Alaska*, Case No. 1:22-cv-00054-SLG    Page 2 of 5

The Commission then filed its Joinder in Plaintiff's Motion for Preliminary Injunction ("Joinder") on June 3.[5] The Commission expressly noted that it was lodging the Joinder at that time (and prior to a ruling on the intervention motion) specifically to allow the other parties time to consider and respond to the Joinder before the preliminary injunction hearing, if they so chose.[6] Pursuant to LCvR 7.2(b)(1), any response or opposition to the Joinder would be due by June 17, four days before the hearing. In other words, the State may take the normal 14-day response period provided for motion practice under the Local Rules and still file a response before the hearing. Such timing cannot amount to prejudice. By contrast, the Commission will be prejudiced if it is excluded from the preliminary injunction phase: it has significant legally protectible interests at stake, as described in its Motion to Intervene,[7] and for practical purposes the ruling on the preliminary injunction is likely to determine the management regime for the entire 2022 Chinook and chum salmon run.[8] "[C]onsider[ing] the totality of circumstances"[9]—which include the timing of the fishing season, the date set for the preliminary injunction hearing, and the 14-day timeline for responses to motions under the Local Rules—the Commission's Joinder was timely filed.

---

[5] Dkt. 14.

[6] *Id.* at 2.

[7] Dkt. 12 at 5-11.

[8] *See* Dkt. 14 at 7.

[9] *W. Watersheds Project v. Haaland*, 22 F.4th 828, 835 (9th Cir. 2022).

Finally, the State takes no position on the Commission's Motion to Intervene with respect to the remainder of the case.[10] The Commission's Motion to Intervene is therefore unopposed *except* as to the preliminary injunction phase of the proceeding.[11] With the filing of this reply, briefing is complete and the Motion to Intervene is ripe for decision.

In sum, for the reasons explained in detail in its Motion, the Commission is entitled to intervene in this proceeding as a matter of right. Furthermore, the Commission should be permitted to intervene in all phases of the case—including proceedings on the pending preliminary injunction motion—because its Joinder was timely filed, the State will not be unfairly prejudiced by the Commission's participation, and the Commission's interests will be directly impacted by the ruling on the preliminary injunction motion. In light of the preliminary injunction hearing set for June 21, the Commission respectfully requests that the Court issue a ruling on the Commission's Motion to Intervene prior to the hearing, and that the Commission be permitted to participate in the preliminary injunction hearing.

## II. CONCLUSION

The Commission is entitled to intervene in the entirety of this proceeding as a matter of right, and its Motion to Intervene should be granted in full.

---

[10] Dkt. 23 at 2, 4.

[11] Plaintiff the United States filed a non-opposition to the Commission's Motion. Dkt. 13.

DATED this 15th day of June 2022, at Anchorage, Alaska.

SONOSKY, CHAMBERS, SACHSE<br>
MILLER & MONKMAN, LLP

By: */s/ Nathaniel Amdur-Clark*
Nathaniel Amdur-Clark
Alaska Bar No. 1411111
Whitney A. Leonard
Alaska Bar No. 1711064

**Certificate of Service**

I certify that on June 15, 2022, a copy of the foregoing document was served via ECF on all counsel of record.

*/s/ Nathaniel Amdur-Clark*
Nathaniel Amdur-Clark