# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>THE STATE OF ALASKA, THE ALASKA DEPARTMENT OF FISH & GAME, and DOUG VINCENT-LANG, in his official capacity as Commissioner of the Alaska Department of Fish & Game,<br><br>   Defendants. | Case No. 1:22-cv-00054-SLG |

### ORDER REGARDING KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION'S MOTION TO INTERVENE

Before the Court at Docket 12 is the Kuskokwim River Inter-Tribal Fish Commission's ("the Commission") Motion to Intervene as Plaintiff.[1] Plaintiff United States of America responded in non-opposition at Docket 13. Defendants State of Alaska; Alaska Department of Fish & Game ("ADF&G"); and Doug Vincent-Lang,

---

[1] The Commission joined Plaintiff's Motion for Preliminary Injunction at Docket 14 and joined Plaintiff's reply in support of the Motion for Preliminary Injunction at Docket 24.

Commissioner of ADF&G, responded in partial opposition at Docket 23. The Commission replied at Docket 26.

The Commission seeks "leave to intervene as a plaintiff in this action as of right" or, alternatively, seeks permissive intervention.[2] Defendants respond that they take no position as to the Commission "interven[ing] in this matter generally," but Defendants oppose the Commission "being granted intervenor status during the preliminary injunction phase of the litigation."[3] Specifically, Defendants maintain that the Commission failed to seek expedited consideration of its motion to intervene and has failed to show that its motion to intervene and joinder in Plaintiff's motion for a preliminary injunction were timely filed.[4] Defendants assert that they have not had adequate time to respond to issues raised by the Commission with respect to Plaintiff's pending Motion for Preliminary Injunction.[5]

I. **Standards for intervention as of right**

Federal Rule of Civil Procedure 24(a) requires district courts to allow a party to intervene as a matter of right if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

---

[2] Docket 12 at 2–3.

[3] Docket 23 at 2.

[4] Docket 23 at 2.

[5] Docket 23 at 2.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding KRITFC's Motion to Intervene
Page 2 of 7
Case 1:22-cv-00054-SLG   Document 29   Filed 06/17/22   Page 2 of 7

ability to protect its interest, unless existing parties adequately represent that interest." This rule requires motions to intervene as of right to satisfy a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.[6]

"[T]he requirements for intervention are [to be] broadly interpreted in favor of intervention."[7]

The only element challenged by Defendants is the motion's timeliness, and there only with respect to Plaintiff's motion for a preliminary injunction. "Timeliness is a flexible concept; its determination is left to the district court's discretion."[8] District courts consider the totality of the circumstances to determining whether a motion to intervene is timely, "with a focus on three primary factors: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'"[9] The Ninth Circuit

---

[6] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (internal quotations omitted) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

[7] *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (second alteration in original) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

[8] *Alisal Water*, 370 F.3d at 921 (quoting *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002)).

[9] *L.A. Unified Sch. Dist.*, 830 F.3d at 854 (quoting *Alisal Water*, 370 F.3d at 921).

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding KRITFC's Motion to Intervene
Page 3 of 7
Case 1:22-cv-00054-SLG   Document 29   Filed 06/17/22   Page 3 of 7

has instructed district courts to "bear in mind that the crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties."[10]

## II. Analysis

Defendants first assert that they will be prejudiced if the Commission is allowed to intervene at the preliminary injunction stage because they were "not afforded adequate time to assess the additional arguments and representations of fact" made in the Commission's joinder motion.[11] Defendants maintain that they will be prejudiced "if the Court were to consider those arguments absent additional time granted to [Defendants] to respond to the arguments on the merits."[12] The Commission replies that in its June 3, 2022 joinder, it "expressly noted that it was lodging the Joinder at that time . . . specifically to allow the other parties time to consider and respond to the Joinder before the preliminary injunction hearing."[13] The Court notes that Defendants referenced, at least in part, the Commission's arguments in their opposition to the Motion for Preliminary Injection.[14] Moreover,

---

[10] *Id.*

[11] Docket 23 at 5.

[12] Docket 23 at 5.

[13] Docket 26 at 3 (citing Docket 14).

[14] Docket 17 at 24 & n. 84.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding KRITFC's Motion to Intervene
Page 4 of 7
Case 1:22-cv-00054-SLG   Document 29   Filed 06/17/22   Page 4 of 7

the hearing on the Motion for Preliminary Injunction is not scheduled until June 21, 2022. This should have accorded sufficient time for Defendants to review and consider the Commission's arguments, particularly as it should have been apparent that at least some degree of intervention would be granted to the Commission, given that no party opposed their intervention for all other purposes and the Commission's interest in this controversy is clear. Nonetheless, given the timing of this order, the Court will direct Defendants to file any response to the Commission's filings by **3:00 p.m. on June 20, 2022.**[15]

Defendants next assert that the Commission "unduly delayed seeking intervention in this phase of the litigation" without adequate justification.[16] Defendants fault the Commission for having not "filed the Motion to Join at the earliest possible moment."[17] The Commission replies that it chose "to file the motion [to intervene] after the resolution of the United States' Motion for Temporary Restraining Order so as not to complicate or delay the proceedings at that stage."[18]

The Court finds that the Commission's motion to intervene is timely. The Court notes that the litigation timeline in this case has been condensed and has required very short deadlines for all participants. Notably, on May 13, 2022, the

---

[15] The Court notes that June 20, 2022, is a federal holiday but is not a holiday for employees of the State of Alaska.

[16] Docket 23 at 6.

[17] Docket 23 at 7.

[18] Docket 26 at 2.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding KRITFC's Motion to Intervene
Page 5 of 7
Case 1:22-cv-00054-SLG   Document 29   Filed 06/17/22   Page 5 of 7

State issued an emergency order that is at the heart of this case; that emergency order impacted fishing activities scheduled to start on June 1, 2022.[19] Plaintiff timely sought a temporary restraining order on May 24, 2022.[20] After a condensed briefing schedule, the Court issued its order on Plaintiff's motion for a temporary restraining order on May 31, 2022.[21] The Commission's motion to intervene was filed later that same day, and the joinder in Plaintiff's preliminary injunction motion was filed om June 3, 2022—clearly at an early stage of the proceedings.[22] The prejudice to Defendants is mitigated by the Court allowing Defendants to respond to the Commission's arguments, albeit again on a short deadline. The Court also finds that the Commission had a reasonable explanation for its brief delay, although it certainly would have been preferable for all concerned had it sought expedited consideration of its motion

The Court also finds that the Commission has shown that it has a significantly protectable interest related to the subject of this case, that its interest may be impaired by the outcome of this case, and that its interest will not be adequately represented by Plaintiff. Accordingly, the Court finds that the

---

[19] Docket 1-2 at 19–20 (State EO #3-S-WR-02-22).

[20] Docket 11 at 10, n.34.

[21] Docket 11.

[22] Dockets 12, 14.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding KRITFC's Motion to Intervene
Page 6 of 7
Case 1:22-cv-00054-SLG   Document 29   Filed 06/17/22   Page 6 of 7

Commission has shown that it is entitled to intervene as of right both in the action in general and at the preliminary injunction stage of litigation.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 12 is GRANTED, and the case caption shall be amended accordingly. Defendants may respond to the Commission's filings with respect to a preliminary injunction by **3:00 p.m. on June 20, 2022.** Oral argument on the motion for a preliminary injunction has been scheduled for **June 21, 2022, at 10:00 a.m. in Anchorage Courtroom 3.** Each side shall each be accorded up to 20 minutes for its argument. Plaintiff and Intervenor-Plaintiff are to divide the 20 minutes accorded to that side.

DATED this 17 day of June, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding KRITFC's Motion to Intervene
Page 7 of 7
Case 1:22-cv-00054-SLG   Document 29   Filed 06/17/22   Page 7 of 7