TREG R. TAYLOR
ATTORNEY GENERAL

Margaret Paton-Walsh (Alaska Bar No. 0411074)
Chief Assistant Attorney General
Aaron C. Peterson (Alaska Bar No. 1011087)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: margaret.paton-walsh@alaska.gov
       aaron.peterson@alaska.gov

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:22-cv-00054-SLG ) |
| State of Alaska; Alaska Department of Fish & Game; Doug Vincent-Lang, Commissioner, | ) ) **OPPOSITION TO KRITFC'S** ) **JOINDER IN PLAINTIFF UNITED** ) **STATES OF AMERICA'S MOTION** |
| Defendants. | ) **FOR PRELIMINARY INJUNCTION** |

A "preliminary injunction is an extraordinary and drastic remedy."[1] The United States has failed to meet its burden to obtain a preliminary injunction; and KRITFC has done nothing to tip the scales in the government's favor. In its joinder motion, KRITFC

---

[1] *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (*quoting Yakus v. United States*, 321 U.S. 414, 440, (1944).

*United States v. Alaska*                                                            Case No. 1:22-cv-00054-SLG
Opp. to KRITFC's Joinder in Mot. for Preliminary Injunction         1
Case 1:22-cv-00054-SLG    Document 30    Filed 06/20/22    Page 1 of 7

alleges two harms: (1) harm to its member tribes' sovereignty because ADF&G's management of the river allegedly "impacts the Commission's co-management authority" and prevents the Commission from "carry[ing] out its responsibilities under the MOU;"[2] and harm to the salmon runs in the Kuskokwim. But KRITFC, like the government, does not support its alleged harms with any evidence. Rather, it relies upon conclusory statements and inference. Because KRITFC similarly fails to meet the burden to obtain the extraordinary and drastic remedy it seeks, the motion requesting a preliminary injunction should be denied.

### 1. The Commission has no valid "co-management authority" to be irreparably harmed.

As the State has already argued,[3] the Refuge Manager's reliance upon the MOU—which is not authorized by ANILCA or by the FSB's delegation of authority and was entered into by the USFWS Alaska Region Director and the Yukon Delta National Wildlife Refuge Manager, not by the Secretaries or membership of the FSB—violates the APA and is a primary reason why the request for a preliminary injunction should be denied. But even assuming the MOU was valid, KRITFC does not explain how ADF&G's actions interfere with its ability to carry out its responsibilities under the agreement or how such interference "threatens the sovereignty of the Commission's Member Tribes."[4]

---

[2]  Dkt. 14 at 3.

[3]  As Explained in the State's Opposition to Motion for Preliminary Injunction, Dkt. 17 at 23-27.

[4]  Dkt. 14 at 3.

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Opp. to KRITFC's Joinder in Mot. for Preliminary Injunction  2
Case 1:22-cv-00054-SLG   Document 30   Filed 06/20/22   Page 2 of 7

The State's management of a state fishery on a state waterway in no way "threatens the sovereignty" of any Tribes, and it is the responsibility of the plaintiff seeking an injunction to present evidence sufficient to clearly carry its burden of persuasion on each requirement.[5] KRITFC has not even attempted to present evidence to support its claim ADF&G has somehow threatened tribal sovereignty, and has therefore failed to make its case in support of an injunction.

### 2. The Commission has failed to show that ADF&G's actions will harm the salmon runs on the Kuskokwim River.

KRITFC's argument regarding harm to the resource contains the same logical error as the government's motion: that limited state openers targeting non-salmon species in which exceedingly few people participate will somehow harm the sustainability of salmon, but the Refuge Manager's back-to-back drift openers during the front-end closure will not. This failure of logic is fatal to KRITFC's case. And KRITFC presents no *actual evidence* to support its claim that ADF&G's actions threaten the sustainability of the Chinook and chum runs on the Kuskokwim River.

KRITFC also alleges that ADF&G is violating the law by failing to require permitting for the harvest of Kuskokwim Chinook and chum. In support of the claim that ADF&G is "statutorily required to" keep such data, KRITFC cites

---

[5] *Towery v. Brewer*, 672 F.3d 650, 657 (9th Cir. 2012) (citations omitted); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). (explaining that a preliminary injunction can issue only on "a clear showing that the plaintiff is entitled to such relief").

*United States v. Alaska*                                                        Case No. 1:22-cv-00054-SLG
Opp. to KRITFC's Joinder in Mot. for Preliminary Injunction          3
Case 1:22-cv-00054-SLG    Document 30    Filed 06/20/22    Page 3 of 7

Alaska Statute 16.05.330(c)[6] which provides the following:

> The Board of Fisheries and the Board of Game may adopt regulations providing for the issuance and expiration of subsistence permits for areas, villages, communities, groups, or individuals as needed for authorizing, regulating, and monitoring the subsistence harvest of fish and game. The boards *shall* adopt these regulations when the subsistence preference requires a reduction in the harvest of a fish stock or game population by nonsubsistence users." (emphasis in motion).

Of course, that statute requires "The Board of Fisheries," not ADF&G, to adopt regulations providing for the issuance and expiration of subsistence permits for areas, villages, communities, groups, or individuals as needed for authorizing, regulating, and monitoring the subsistence harvest of fish. ADF&G and the Board of Fisheries are not the same entity, and the Board of Fisheries is not a party to this case.

KRITFC suggests that the "State must believe that some State-qualified users will take advantage of the purported openings it announced; otherwise it is hard to imagine why the it [sic] would have issued those orders at all."[7] But KRITFC ignores the fact that ADF&G announced the front end closure on the Kuskokwim River in EO #3-S-WR-01-22;[8] and that ANILCA authorizes only federal restrictions and closures to implement the rural subsistence priority.[9] The Secretary's authority under ANILCA does not extend to opening fishing—even to federally-qualified subsistence users—when state managers have closed it. She may only reopen a federal closure. Aligning state and federal

---

[6] Dkt. 14 at 5, n. 13.

[7] *Id*. at 5.

[8] Dkt. 1-2 at 17.

[9] 16 U.S.C § 3112(2); see also §§ 3114, 3125(3).

*United States v. Alaska*                                                                                              Case No. 1:22-cv-00054-SLG
Opp. to KRITFC's Joinder in Mot. for Preliminary Injunction              4

openers, when doing so will not run afoul of the State's constitutional mandate to manage fisheries for sustained yield,[10] ensures that Alaska residents do not break the law by fishing during the announced front end closure in violation of State law. These parallel openers therefore serve to reduce the potential for confusion—something the Commission claims to care about. Moreover, the State has a mandate to provide subsistence opportunity when there is a harvestable surplus, pursuant to Board of Fisheries regulations,[11] and the State has no interest in divesting this responsibility to the federal government.

Finally, KRITFC makes much of the State's opener on June 28 of last year, alleging that it caused confusion. But the Commission's evidence for this confusion appears to be only that—despite "a wide-ranging informational campaign" telling people that fishing would violate federal law—220 boats took the opportunity to catch salmon to feed themselves and their families on June 28.[12] However, the fact that local residents ignored the Commission's message is not evidence that they were confused.

Nor does the Commission offer evidence to support its claim that "in the context of such critically depleted Chinook and chum runs, *any* salmon taken outside the federal

---

[10]  *See* Alaska Const. Art. VIII, § 4.

[11]  *See e.g.* Alaska Statute 16.05.258.

[12]  Dkt. 14 at 4, 8. However, it is unclear from the Decl. of Mike Williams how Mr. Williams learned about the USFWS aerial surveys that allegedly showed that 220 boats participated in the opening within the refuge. The United States brought this lawsuit and it, presumably, has access to USFWS aerial surveys, but failed to present any such evidence in support of its request for a preliminary injunction.

*United States v. Alaska*                                              Case No. 1:22-cv-00054-SLG
Opp. to KRITFC's Joinder in Mot. for Preliminary Injunction                                    5
Case 1:22-cv-00054-SLG   Document 30   Filed 06/20/22   Page 5 of 7

restrictions constitutes irreparable harm."[13] This ignores the other salmon in the river that motivated the June 28 opener last year. That opener was designed to target sockeye, which run after Chinook and before chum, and was announced only once ADF&G had a high confidence of meeting the Chinook escapement range.[14] It was simply an opportunity for subsistence users to catch fish to meet their subsistence needs, consistent with the mandate to manage for sustained yield. And this is illustrative of the crux of this matter: the government and KRITFC are asking this Court to enjoin the State from providing subsistence opportunities to its residents when there is a harvestable surplus of fish. The Court should reject the invitation and deny the request.

**Conclusion**

Because the Commission has failed to establish that it is entitled to a preliminary injunction, the State respectfully asks this Court to deny its motion.

DATED: June 20, 2022.

                      TREG R. TAYLOR
                      ATTORNEY GENERAL

                      By: s/ Margaret Paton-Walsh
                          Margaret Paton-Walsh
                          (Alaska Bar No. 0411074)
                          Chief Assistant Attorney General

                          s/Aaron C. Peterson
                          Aaron C. Peterson
                          (Alaska Bar No. 1011087)
                          Senior Assistant Attorney General
                          Office of the Attorney General
                          Natural Resources Section

---

[13] Dkt. 14 at 6.

[14] Dkt. 1-2, at 12.

*United States v. Alaska*                                                     Case No. 1:22-cv-00054-SLG
Opp. to KRITFC's Joinder in Mot. for Preliminary Injunction               6
Case 1:22-cv-00054-SLG Document 30 Filed 06/20/22 Page 6 of 7

Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
margaret.paton-walsh@alaska.gov
aaron.peterson@alaska.gov
Phone: (907) 269-5232
Facsimile: (907) 276-3697

Attorneys for the State of Alaska

# CERTIFICATE OF SERVICE

I hereby certify that on **June 20, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.


/s/ Leilani J. Tufaga
Leilani J. Tufaga
Law Office Assistant II

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Opp. to KRITFC's Joinder in Mot. for Preliminary Injunction  7
Case 1:22-cv-00054-SLG   Document 30   Filed 06/20/22   Page 7 of 7