TREG R. TAYLOR
ATTORNEY GENERAL

Margaret Paton-Walsh (Alaska Bar No. 0411074)
Chief Assistant Attorney General
Aaron C. Peterson (Alaska Bar No. 1011087)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: margaret.paton-walsh@alaska.gov
       aaron.peterson@alaska.gov

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| and | ) Case No.: 1:22-cv-00054-SLG |
| Kuskokwim River Inter-Tribal Fish Commission, *et al.*, | ) **STATE OF ALASKA'S ANSWER TO THE KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION'S COMPLAINT IN INTERVENTION** |
| Intervenor-Plaintiffs, | ) |
| v. | ) |
| The State of Alaska, *et al.*, | ) |
| Defendants. | ) |

The State of Alaska, Alaska Department of Fish & Game, and Commissioner Doug Vincent-Lang, (collectively "the State") hereby provides the following Answer to the Kuskokwim River Inter-Tribal Fish Commission's Complaint in Intervention.

1. The allegations in Paragraph 1 describe the complaint and no response is required. To the extent a response is required, the State denies that it has contravened, interfered with or violated the rural Alaska subsistence priority of the Alaska National Interest Lands Conservation Act ("ANILCA") or that its actions are preempted by valid federal law.

2. The allegations in Paragraph 2 incorporates the United States of America's Complaint for Declaratory and Injunctive Relief, ECF No. 1. The State therefore incorporates the Answer, ECF No. 33, previously filed to the United States of America's Complaint.

3. The allegations of Paragraph 3 describe the Plaintiff-Intervenor ("Commission"), and no response is required.

4. To the extent the plaintiff is asserting that it has authority to manage fisheries in Alaska, the allegations are denied. The State is without sufficient knowledge to admit or deny the remaining allegations of paragraph 4 and therefore denies them.

5. The introductory clauses of Paragraph 5 purport to describe the plaintiff and its goals. The State is without sufficient knowledge to admit or deny these allegations and therefore denies them. The remaining allegation purports to be a quotation from the plaintiff's "constitution." That document speaks for itself.

6. The allegations in Paragraph 6 are denied. Specifically, the State denies any implication that the Commission and the US Fish and Wildlife Service have any legal authority to manage the Kuskokwim Salmon fishery.

7. The State admits that Chinook have experienced a period low productivity over the past several years. The remaining allegations in Paragraph 7 are too vague and ambiguous to permit a proper response and are denied on that basis.

8. The allegations in Paragraph 8 purport to describe a publicly available report that the Commission itself published. That report speaks for itself. The remaining allegations in Paragraph 8 are too vague and ambiguous to permit a proper response and are denied on that basis.

9. The allegations in Paragraph 9 are denied.

10. The allegations in Paragraph 10 are denied.

11. The allegations in Paragraph 11 are denied.

12. The allegations in Paragraph 12 are denied.

13. The allegations in Paragraph 13 are speculative and ambiguous and denied on that basis. The State denies that following state emergency openers would have constituted a violation of valid federal regulations.

14. The allegations in Paragraph 14 are denied.

15. The allegations in Paragraph 15 are denied. The State specifically denies that the Commission has any valid "management authority" over Kuskokwim River fisheries.

16. The allegations in Paragraph 16 are denied.

## AFFIRMATIVE DEFENSES

1. The Federal Subsistence Board violates the Appointments Clause of the United States Constitution and therefore its regulations are invalid and cannot preempt state law.

2. The Federal Subsistence Board's delegation to the Refuge Manager violates the Appointments Clause of the United States Constitution and therefore emergency special actions issued under the purported authority of that delegation are invalid and cannot preempt state law.

3. The Kuskokwim River Inter-Tribal Fish Commission lacks any valid co-management authority over Kuskokwim River fisheries.

4. The Federal Subsistence Board lacks jurisdiction over the Kuskokwim River because it is not "public land" under ANILCA.

5. Plaintiff fails to state a claim upon which relief can be granted.

6. Plaintiff fails to allege irreparable harm or any other basis upon which injunctive relief would be available.

7. The Court lacks subject-matter jurisdiction over this action.

DATED: July 7, 2022.

> TREG R. TAYLOR
> ATTORNEY GENERAL
>
> By: /s/ Margaret Paton-Walsh
> Margaret Paton-Walsh
> (Alaska Bar No. 0411074)
> Chief Assistant Attorney General
>
> s/Aaron C. Peterson
> Aaron C. Peterson
> (Alaska Bar No. 1011087)
> Senior Assistant Attorney General
> Natural Resources Section
> Department of Law
> 1031 West Fourth Avenue, Ste. 200
> Anchorage, AK 99501
> Phone: (907) 269-5232
> Facsimile: (907) 276-3697
> Email: margaret.paton-walsh@alaska.gov
> aaron.peterson@alaska.gov
>
> Attorneys for State of Alaska

## CERTIFICATE OF SERVICE

I hereby certify that on **July 7, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/ Christian S. Faatoafe
Christian S. Faatoafe
Law Office Assistant I

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
State's Answer to KRITFC's Complaint  Page 5 of 5

Case 1:22-cv-00054-SLG   Document 40   Filed 07/07/22   Page 5 of 5