Erin C. Dougherty Lynch (AK Bar No. 0811067)
Matthew N. Newman (AK Bar No. 1305023)
Megan R. Condon (AK Bar No. 1810096)
Maggie Massey (AK Bar No. 1911098)
NATIVE AMERICAN RIGHTS FUND
745 West 4th Avenue, Suite 502
Anchorage, AK 99501
Phone: 907-276-0680
dougherty@narf.org
mnewman@narf.org
mcondon@narf.org
massey@narf.org

*Counsel for Intervenor-Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.*,<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>THE STATE OF ALASKA, *et al.*,<br><br>Defendants. | Case No. 1:22-cv-00054-SLG<br><br>**COMPLAINT IN INTERVENTION** |

The Association of Village Council Presidents (AVCP), Betty Magnuson, and Ivan Ivan allege as follows:

Intervenor-Plaintiffs' Complaint in Intervention
1:22-cv-00054-SLG, *United States v. State of Alaska, et.al.* Page **1** of **7**

Case 1:22-cv-00054-SLG   Document 41   Filed 07/08/22   Page 1 of 7

1. This is an action in intervention in the above-captioned suit filed by Plaintiff the United States of American seeking (a) a declaration under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, that actions by Defendants the State of Alaska, its Department of Fish and Game, and Commissioner Doug Vincent-Lang in contravention of a rural Alaskan subsistence priority are preempted by federal law and are therefore unlawful, and (b) injunctive relief enjoining the Defendants from continuing to adopt, implement, or enforce any state action that purports to authorize or encourage harvest of fish or wildlife that contravenes or interferes with federal law or regulatory actions instituted by the Federal Subsistence Board (FSB) or authorized federal officials.

2. This Complaint incorporates the United States' Complaint for Declaratory and Injunctive Relief, ECF No. 1, in its entirety and adopts the allegations for relief as its own, as supplemented by the additional allegations herein.

3. Plaintiff-Intervenor the Association of Village Council Presidents (AVCP) is an inter-tribal consortium representing 56 federally recognized Tribes[1] in the Yukon-Kuskokwim Delta region of western Alaska. AVCP provides a variety of culturally

---

[1] AVCP's member Tribes include: Akiachak, Akiak, Alakanuk, Andreafsky, Aniak, Atmautluak, Bethel (ONC), Chuathbaluk, Chefornak, Chevak, Crooked Creek, Eek, Emmonak, Georgetown, Goodnews Bay, Hooper Bay, Kalskag (Upper), Kalskag (Lower), Kasigluk, Kipnuk, Kongiganak, Kotlik, Kwethluk, Kwigillingok, Lime Village, Marshall, Mekoryuk, Mountain Village, Napakiak, Napaskiak, Newtok, Nightmute, Nunakauyak, Nunamiqua, Nunapitchuk, Oscarville, Pilot Station, Pitka's Point, Platinum, Quinhagak, Red Devil, Russian Mission, Scammon Bay, Sleetmute, St. Mary's, Stony River, Tuluksak, Tuntutuliak, Tununak, Billmoore's Slough, Chuloonawick, Hamilton, Napaimiut, Ohogamiut, Paimiut, Umkumiut.

Intervenor-Plaintiffs' Complaint in Intervention
1:22-cv-00054-SLG, *United States v. State of Alaska, et.al.* Page **2** of **7**

Case 1:22-cv-00054-SLG   Document 41   Filed 07/08/22   Page 2 of 7

relevant services to its member Tribes, including advocacy and representation of tribal interests through its natural resources program. AVCP is committed to protecting and maintaining the region's natural resources so that current and future generations can continue to practice a traditional subsistence way of life. AVCP's Natural Resources Department actively engages with federal fisheries management bodies, Alaska State Board of Fisheries, and the Alaska Department of Fish and Game about salmon management and works closely with member Tribes to elevate tribal concerns and priorities.

4. Plaintiff-Intervenor Betty Magnuson is a federally qualified subsistence user. She lives in McGrath and has been subsistence fishing her entire life. She has been subsistence fishing on the Kuskokwim River for more than 25 years. Salmon are an essential component of Betty's cultural traditions, and she relies upon salmon, including Chinook and chum, to meet her nutritional and traditional needs. Sharing salmon is central to these traditions. Throughout her life Betty has shared salmon with others and now that she is unable to fish for health reasons, others share salmon with her. As a lifelong fisherman, Betty has experienced the confusion of navigating the dual subsistence management systems firsthand.

5. Plaintiff Intervenor Ivan M. Ivan is a federally qualified subsistence user. He is 76 years old and lives in Akiak. He has been subsistence fishing on the Kuskokwim River for his entire life. Salmon, including Chinook and chum, provide both food security and the foundation for Ivan's Yupiaq traditions and subsistence way of life. Ivan has experienced the confusion that flows from the dual management system which can make

Intervenor-Plaintiffs' Complaint in Intervention
1:22-cv-00054-SLG, *United States v. State of Alaska, et.al.* Page **3** of **7**

Case 1:22-cv-00054-SLG   Document 41   Filed 07/08/22   Page 3 of 7

subsistence users feel like they are perpetually doing something wrong while carrying out their traditional ways of life.

6. In the Alaska National Interest Lands Conservation Act (ANILCA), Congress found that the "continuation of the opportunity for subsistence uses by rural residents of Alaska . . . is essential to Native physical, economic, traditional, and cultural existence . . . ." 16 U.S.C. § 3111(1).

7. Despite ANILCA's vision of a cooperative management system for subsistence, the State of Alaska (State) has failed to comply with ANILCA's requirements and does not have authority to manage subsistence on federal public lands, only on State lands and waters. The State's regulatory authority covers the Kuskokwim River upriver of the Yukon Delta National Wildlife Refuge.

8. The Federal Subsistence Board's emergency special actions on the Kuskokwim River that are the subject of this lawsuit reflect ANILCA's "clear congressional directive to protect the cultural aspects of subsistence living," by providing fishing openings for federally qualified subsistence users. *Native Vill. of Quinhagak v. United States*, 35 F.3d 388, 394 (9th Cir. 1994).

9. The State's past actions purporting to open fishing for Alaska residents during the same times as the federal openings have directly impacted federally qualified fishers on the Kuskokwim River in the past and created confusion for residents of the region. The dual management system regularly causes confusion for well-intentioned subsistence fishers attempting to navigate the system in order to continue their traditional subsistence way of life. In situations like those at the heart of this lawsuit, where the information

Intervenor-Plaintiffs' Complaint in Intervention
1:22-cv-00054-SLG, *United States v. State of Alaska, et.al.* Page **4** of **7**

Case 1:22-cv-00054-SLG   Document 41   Filed 07/08/22   Page 4 of 7

from the federal and State managers is conflicting, or where State openings defeat ANILCA's subsistence priority, subsistence fishers along the river bear the full negative impacts of those decisions and experience direct harms.

10. The State's actions directly harm rural residents along the Kuskokwim River and threaten their ability continue practicing their traditional subsistence ways of life.

## PRAYER FOR RELIEF

WHEREFORE, the Association of Village Council Presidents, Betty Magnuson, and Ivan Ivan respectfully request the following relief:

A. A declaratory judgment stating that Defendants' emergency orders purporting to open harvest on the public waters of the Kuskokwim River during the federal closures in 2021 and 2022, and any similar actions interfering with or in contravention of federal orders addressing ANILCA are null and void;

B. A preliminary and permanent injunction against the State of Alaska, including all of its officers, employees, and agents, from reinstating Defendants' 2021 orders, from proceeding under Defendants' 2022 orders, or from taking similar actions interfering with or in contravention of federal orders addressing ANILCA Title VIII and applicable regulations;

C. Any and all other relief necessary to fully effectuate any injunction;

D. An award to AVCP, Betty Magnuson, and Ivan Ivan of their fees and costs in this action;

E. Any other relief that the Court deems just and proper.

Intervenor-Plaintiffs' Complaint in Intervention
1:22-cv-00054-SLG, *United States v. State of Alaska, et.al.* Page **5** of **7**

Case 1:22-cv-00054-SLG   Document 41   Filed 07/08/22   Page 5 of 7

DATED this 8th day of July, 2022, at Anchorage, Alaska.

NATIVE AMERICAN RIGHTS FUND

*/s/ Matthew N. Newman*
Erin C. Dougherty Lynch (AK Bar No. 0811067)
Matthew N. Newman (AK Bar No. 1305023)
Megan R. Condon (AK Bar No. 1810096)
Maggie Massey (AK Bar No. 1911098)

Intervenor-Plaintiffs' Complaint in Intervention
1:22-cv-00054-SLG, *United States v. State of Alaska, et.al.*  Page **6** of **7**

Case 1:22-cv-00054-SLG   Document 41   Filed 07/08/22   Page 6 of 7

<u>Certificate of Service</u>

I hereby certify that on July 8, 2022, a true and correct copy of the COMPLAINT IN INTERVENTION was served electronically pursuant to the Court's electronic filing procedures upon the attorneys of record in this lawsuit.

<u>*/s/ Matthew N. Newman*</u>

Intervenor-Plaintiffs' Complaint in Intervention
1:22-cv-00054-SLG, *United States v. State of Alaska, et.al.*  Page **7** of **7**

Case 1:22-cv-00054-SLG   Document 41   Filed 07/08/22   Page 7 of 7