TREG R. TAYLOR
ATTORNEY GENERAL

Margaret Paton-Walsh (Alaska Bar No. 0411074)
Chief Assistant Attorney General
Aaron C. Peterson (Alaska Bar No. 1011087)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: margaret.paton-walsh@alaska.gov
       aaron.peterson@alaska.gov

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> and <br><br> Kuskokwim River Inter-Tribal Fish Commission, *et al.,* <br><br> Intervenor-Plaintiffs, <br><br> v. <br><br> The State of Alaska, *et al.*, <br><br> Defendants. | Case No.: 1:22-cv-00054-SLG <br><br> **STATE OF ALASKA'S OPPOSITION TO AHTNA TENE NENE & AHTNA, INC.'S MOTION TO INTERVENE** |

This case involves a federal preemption claim by the United States against the State of Alaska relating to the management of fisheries on the Kuskokwim River. The State has offered constitutional, jurisdictional, and statutory defenses and counter-claims to the United States' complaint. This Court has already granted intervention to two Alaska Native groups which represent subsistence fishers in the Kuskokwim area—the Kuskokwim River Inter-Tribal Fish Commission and the Association of Village Council Presidents. Now, a third native group—a native corporation from an entirely different region of the state with no connection to the Kuskokwim—also moves to intervene.

But all relevant interests in this litigation are well represented by existing parties, who are well positioned to allege all pertinent facts and fully prepared and able to make all reasonable arguments on the side of the Plaintiff. Ahtna, which possesses no land adjacent to the Kuskokwim fishery and does not represent any subsistence users in the region, has no cognizable interest in the facts of this case and its intervention would not advance the record or provide any unique perspective that would facilitate the Court's resolution of the issues. Rather, as its pleadings make clear, allowing Ahtna to intervene would unnecessarily complicate the case, delay the efficient resolution of the questions before the Court, result in repetitive argument, and needlessly cloud the issues involved in the original cause of action. Therefore, the State respectfully asks this Court to deny Ahtna's motion to intervene.

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Alaska's Opposition to Mtn. to Intervene  Page 2 of 12
Case 1:22-cv-00054-SLG   Document 43   Filed 07/15/22   Page 2 of 12

**Argument**

In order to qualify for intervention of right, under Fed. R. Civ. P. 24(a), (1) the motion to intervene must be timely, (2) the movant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action, (3) the movant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and (4) the movant's interest must be inadequately represented by the parties to the action.[1] Ahtna has not met at least half of the requirements, because it has no protectable interest in the Kuskokwim fishery and the existing parties adequately represent all perspectives relevant to the issue before the court.

1. **Ahtna has only a general interest in the instant litigation.**

A proposed intervenor has a "significant protectable interest" in the action if (1) it asserts an interest that is protected under some law, and (2) there is a "relationship" between that legally protected interest and the plaintiff's claims.[2] The "interest" test is not a clear-cut or bright-line rule, because "[n]o specific legal or equitable interest need be established."[3] Under the "interest" test courts are required to make a "practical, threshold

---

[1] *California ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006).
[2] *United States v. City of Los Angeles, Cal.*, 288 F.3d 391, 398 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir.1998)) (internal quotations omitted).
[3] *Id.* (quoting *Greene v. United States,* 996 F.2d 973, 976 (9th Cir.1993)).

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Alaska's Opposition to Mtn. to Intervene  Page 3 of 12
Case 1:22-cv-00054-SLG   Document 43   Filed 07/15/22   Page 3 of 12

inquiry," to discern whether allowing intervention would be "compatible with efficiency and due process."[4]

Ahtna has failed to demonstrate a significant protectable interest in this matter. Instead, Ahtna asserts only a general interest in the precedent that this matter would set—the same interest as any rural subsistence user in Alaska. And if Ahtna is permitted to intervene based only on this general interest, there would be no limiting principle for who may or may not join this case.

When this Court conducts a practical, threshold inquiry to determine if allowing intervention would aid with efficiency the answer here is plainly "no." The Court has already granted intervention to two intervenor-plaintiffs representing the interests of federally recognized Tribes, the "traditional subsistence lifestyle of the people in their communities," and individual subsistence users. With three plaintiffs and three separate complaints, the litigation is already likely to become unwieldly. Adding yet another intervenor whose interests are adequately represented, as explained below, will make the litigation even more cumbersome and frustrate an efficient resolution of the claims. Moreover, if a group that concedes it has no direct interest in the fishery at issue in this matter is allowed to intervene, there would be no cognizable principle preventing every rural subsistence user in the State from intervening as a plaintiff. The associated time requirements for the State and this Court would be extraordinary. A line should be drawn

---

[4] *Id*.

*United States v. Alaska*                                                  Case No. 1:22-cv-00054-SLG
Alaska's Opposition to Mtn. to Intervene                    Page 4 of 12
Case 1:22-cv-00054-SLG    Document 43    Filed 07/15/22    Page 4 of 12

at groups that actually participate in the fishery at issue in the litigation, and the Proposed-Intervenor's motion should be denied.

### 2. Proposed-Intervenor's interests are adequately represented by the current parties to the litigation.

The United States is well equipped to litigate this matter without any involvement of intervenors or Ahtna, as it is seeking the same relief and making all available arguments against the State. Intervention by Ahtna would only serve as a burden laden redundancy, requiring more time and resources of the State and this court, and frustrating a judicious resolution to this matter without substantive addition. Moreover, where the government is acting on behalf of a constituency it represents, as it is here, the Ninth Circuit assumes that the government will adequately represent that constituency.[5] "In order to overcome this presumption, the would-be intervenor must make a 'very compelling showing' that the government will not adequately represent its interest."[6] Ahtna has made no such showing.

"Adequacy of representation is determined by considering (1) 'whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments;' (2) 'whether the present party is capable and willing to make such

---

[5] *Gonzalez v. Arizona*, 485 F.3d 1041, 1052 (9th Cir. 2007) (quoting *Prete v. Bradbury*, 438 F.3d 949, 956 (9th Cir. 2006)) (quotations omitted).
[6] *Id*.

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Alaska's Opposition to Mtn. to Intervene  Page 5 of 12
Case 1:22-cv-00054-SLG   Document 43   Filed 07/15/22   Page 5 of 12

arguments; and' (3) 'whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.'"[7]

Here, KRITFC and AVCP's interests are functionally identically to those asserted by Ahtna, as their Complaints (and Proposed Complaint) prove; and Ahtna offers no reason to imagine that the present parties will not make all of the arguments that Ahtna would make. Ahtna asserts that it "is an organization composed of representatives from the eight federally recognized Native Villages in the Ahtna region" whose "primary purpose is to assist those tribes in protecting their fishing and hunting rights and customary and traditional way of life." [Dkt. 38-1, p. 2.] KRITFC states in nearly identical language that it "is an inter-tribal consortium that represents the Federally Recognized Indian Tribes of the Kuskokwim River watershed concerning fisheries management matters" that seeks "to conserve, protect, and manage the Chinook and chum salmon resources that form a core element of the traditional subsistence lifestyle of the people in their communities." [Dkt. 12-1, p. 3. (footnote omitted).] Similarly, AVCP, in nearly identical language, states that it "is an inter-tribal consortium representing 56 federally recognized Tribes in the Yukon-Kuskokwim Delta region of western Alaska" that provides "advocacy and representation of tribal interests through its natural resources program." [Dkt. 41, p. 2-3. (footnote omitted).] AVCP further explains that it "is committed to protecting and maintaining the region's natural resources so that current

---

[7] *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir.2003) (*citing California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir. 1986)).

*United States v. Alaska*      Case No. 1:22-cv-00054-SLG
Alaska's Opposition to Mtn. to Intervene      Page 6 of 12
Case 1:22-cv-00054-SLG   Document 43   Filed 07/15/22   Page 6 of 12

and future generations can continue to practice a traditional subsistence way of life." *Id*. at 3.

Given their shared interest in protecting subsistence fishing, there is no reason to suppose that the current Intervenor-Plaintiffs will not make all the arguments that Ahtna might make.

Ahtna acknowledges that "[w]hen an applicant for intervention and an existing party [has] the same ultimate objective, a presumption of adequacy of representation arises," but it fails to recognize that "a compelling showing should be required to demonstrate inadequate representation" when objectives are consistent.[8] And Ahtna has made no such showing here. Ahtna claims a "specialized interest" in the outcome of this matter, but fails to explain how that interest is distinct or different from that asserted by KRITFC and AVCP, groups that are directly involved in the fishery that is the subject of this litigation.

Ahtna implicitly suggests that current parties may not defend, or may not adequately defend, federal jurisdiction to implement ANICLA Title VIII. [See Dkt. 38, p. 14.] But this claim is nonsense on its face and Ahtna presents no cogent argument to support it. Rather than explain how the current plaintiffs—including the United States, which will clearly defend its expansive view of its authority in managing fisheries in Alaska, and KRITFC and AVCP, which have identical interests as Ahtna and seek the

---

[8] *Exec. Risk Specialty Ins. Co. v. Rutter Hobbs & Davidoff, Inc.*, 564 F. App'x 887 (9th Cir. 2014).

same outcome as Ahtna—will inadequately represent their interests, Ahtna argues that "the FSB's administration of the rural priority on public lands are of particular legal and cultural importance to Ahtna" and speculates that it might pursue different strategies in support of the same goal. [*Id*. at 14-15.] But the possibility that the three current plaintiffs may pursue "different strategies in support of the same goal" is not the type of "inadequate representation" that grants intervention as a matter of right to a third intervenor.[9] If that were enough, any party that might make a different argument in any case would be allowed intervention as a matter of right. That is simply not the standard.

Ahtna similarly fails to establish the third element of the "adequate representation" test, as it does not explain how it would offer any necessary elements to the proceeding that other parties would neglect. Indeed, Ahtna observes only that the Wrangell-St Elias National Park and Preserve and Copper River Basin is geographically distinct from the Yukon-Kuskokwim Region of Alaska, and that existing parties will focus on the Kuskokwim. [*Id*. at 15-16.] But the differences between these regions of the state are immaterial to the issues in this litigation. The State's defenses related to the lack of authority of the Federal Subsistence Board raise primarily legal issues that do not entirely rest on local factual circumstances. Representation of multiple identical interests are not "necessary elements" to the proceeding merely because the parties live in different regions. The legal principles are uniform, so the geography is irrelevant. And to the

---

[9] *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996) (holding that that the inadequacy of representation element of the intervention test is not met when the applicants present only a difference in strategy.).

*United States v. Alaska*     Case No. 1:22-cv-00054-SLG
Alaska's Opposition to Mtn. to Intervene     Page 8 of 12
Case 1:22-cv-00054-SLG   Document 43   Filed 07/15/22   Page 8 of 12

extent that the unique local circumstances of the Kuskokwim are relevant to some claims in this case, Ahtna's different geographical location means that it has nothing useful, much less "necessary", to offer to the proceedings.

Ahtna's interests are already adequately represented in every imaginable way. The motion to intervene should be denied.

### 3. Denying Permissive Intervention is most consistent with 9th Circuit precedent.

Federal Rule of Civil Procedure 24(b)(1)(B) provides that an application for permissive intervention may be granted if the party seeking to intervene "has a claim or defense that shares with the main action a common question of law or fact." And while permissive intervention "is committed to the broad discretion of the district court,"[10] it is not without parameters. "[E]ven if an applicant satisfies [the] threshold requirements, the district court has discretion to deny permissive intervention."[11] Undue delay and unfair prejudice to the existing parties are among the relevant considerations when exercising this discretion.[12] Moreover, "the court must consider whether the intervention will unduly delay or prejudice the adjudication or the original parties' rights."[13] As explained above, entry of parties that have no direct interest in the fishery at issue in this matter would

---

[10] *Orange Cnty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986) (citing *United States v. $129,374 in U.S. Currency*, 769 F.2d 583, 586 (9th Cir. 1985)).
[11] *Donnelly*, 159 F.3d at 412.
[12] *See id*.
[13] Fed. R. Civ. P. 24(b)(3).

quickly lead to an unmanageable case and will almost certainly delay the timely resolution of the issues before the Court.

Courts also consider judicial economy when deciding a motion for permissive intervention.[14] And courts around the country, including the Ninth Circuit, deny motions to intervene on the grounds that the intervenor will adversely affect the efficiency of the litigation.[15]

This Court should follow that well established precedent, find that Ahtna's interests are adequately represented by the current plaintiffs, that granting intervention would lead to redundant arguments and would impair efficiency of litigation, and that participation of another intervenor would not contribute to the development of the underlying factual issues or the equitable adjudication of the legal issues, and deny the motion.

---

[14] *Venegas v. Skaggs*, 867 F.2d 527 (9th Cir. 1989), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82 (1990).

[15] See e.g. *People of State of California v. Tahoe Reg'l Plan. Agency*, 792 F.2d 775 (9th Cir. 1986) (intervention would be redundant and would impair efficiency of litigation where district's interests were adequately represented by existing parties); *Exec. Risk Specialty Ins. Co. v. Rutter Hobbs & Davidoff, Inc.*, 564 F. App'x 887 (9th Cir. 2014) (participation would not contribute to the development of the underlying factual issues or the equitable adjudication of the legal issues involved and would only add emphasis to the position taken by one party (internal quotations omitted)); *Dep't of Fair Emp't & Hous. v. Lucent Techs. Inc.*, 642 F.3d 728, 742 (9th Cir.2011) (permitting a district court to preclude intervention on issues where intervenor-in-part was adequately represented by another party); *Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir.2011) (per curiam) (finding no abuse of discretion where district court denied permissive intervention because purported intervenors had no new arguments or evidence to contribute); Donnelly, 159 F.3d at 412 (upholding denial of permissive intervention where "allowing intervention would only serve to undermine the efficiency of the litigation process" (internal quotations omitted)).

*United States v. Alaska*     Case No. 1:22-cv-00054-SLG
Alaska's Opposition to Mtn. to Intervene     Page 10 of 12
Case 1:22-cv-00054-SLG    Document 43    Filed 07/15/22    Page 10 of 12

## Conclusion

For the reasons state above, this Court should deny Proposed-Intervenor's motion to intervene both as a matter of right under Rule 24(a)(2) and permissively under Rule 24(b).

DATED: July 15, 2022.

                TREG R. TAYLOR
                ATTORNEY GENERAL

                By:   /s/ Margaret Paton-Walsh
                       Margaret Paton-Walsh
                       (Alaska Bar No. 0411074)
                       Chief Assistant Attorney General

                       s/Aaron C. Peterson
                       Aaron C. Peterson
                       (Alaska Bar No. 1011087)
                       Senior Assistant Attorney General
                       Natural Resources Section
                       Department of Law
                       1031 West Fourth Avenue, Ste. 200
                       Anchorage, AK 99501
                       Phone: (907) 269-5232
                       Facsimile: (907) 276-3697
                       Email: margaret.paton-walsh@alaska.gov
                                        aaron.peterson@alaska.gov

                       Attorneys for State of Alaska

*United States v. Alaska*                        Case No. 1:22-cv-00054-SLG
Alaska's Opposition to Mtn. to Intervene           Page 11 of 12
Case 1:22-cv-00054-SLG   Document 43   Filed 07/15/22   Page 11 of 12

# CERTIFICATE OF SERVICE

I hereby certify that on **July 15, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/ Christian S. Faatoafe
Christian S. Faatoafe
Law Office Assistant I

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Alaska's Opposition to Mtn. to Intervene  Page 12 of 12
Case 1:22-cv-00054-SLG   Document 43   Filed 07/15/22   Page 12 of 12