John M. Sky Starkey, Alaska Bar No. 8611141
Anna Crary, Alaska Bar No. 1405020
Andrew Erickson, Alaska Bar No. 1605049
Ambriel Sandone, Alaska Bar No. 2011124
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Ave., Suite 1100
Anchorage, AK 99501
Telephone: (907) 276-5152
Fax: (907) 276-8433
Email: jskys@lbblawyers.com
       annac@lbblawyers.com
       andye@lbblawyers.com
       ambriels@lbblawyers.com

*Attorneys for Applicant-Intervenors Ahtna Tene Nene' and Ahtna, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>and<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.*,<br><br>    Intervenor-Plaintiffs,<br><br>v.<br><br>THE STATE OF ALASKA, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-00054-SLG<br><br>**AHTNA TENE NENÉ & AHTNA, INC.'S REPLY IN SUPPORT OF MOTION TO INTERVENE** |

# INTRODUCTION

If the State prevails in this case, the legal effects will cascade throughout the Alaska's rural communities, jeopardizing the subsistence ways of life that Alaska Natives have practiced since time before memory. There can be no doubt that if the State is successful, Ahtna will be substantially affected by this litigation – the State does not attempt to argue otherwise. Instead, the State focuses on hypothetical case management concerns, an overly narrow view of the issues at stake in this case (while completely ignoring the elephant in the room: *Katie John*), and the presence of two Kuskokwim-specific organizations as intervenors. But the State's arguments disregard the well-established, flexible legal standard for intervention. Because Ahtna's intervention motion is timely, Ahtna asserts an interest in subsistence that may be significantly affected by the litigation, and Ahtna's interests are not adequately represented by current parties, this Court should permit Ahtna to intervene.

# ARGUMENT

## I. Ahtna Satisfies the Requirements for Intervention of Right Under Federal Rule of Civil Procedure 24(a).

The State does not dispute that Ahtna's motion is timely. Thus, the main question is whether Ahtna "will suffer a practical impairment of its interests as a result of the pending litigation."[1] The State argues that Ahtna does not have a "protectable interest in the Kuskokwim fishery and the existing parties adequately represent all perspectives relevant

---

[1] *Cal. ex. rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

to the issue before the court."[2] But contrary to the State's argument, Ahtna's unique interest in defending federal jurisdiction under Title VIII of ANILCA is significant and may not be adequately represented by the existing parties. When construed "liberally in favor of potential intervenors," as the Ninth Circuit has consistently directed that Rule 24(a) must be,[3] Ahtna clearly satisfies the requirements for intervention of right.

### A. Ahtna has a significant protectable interest in the subject matter of this litigation.

As the State acknowledges, the " 'interest' test is not a clear-cut or bright-line rule, because ' no specific legal or equitable interest need be established.'"[4] Despite the State's suggestion to the contrary, Ahtna has more than a general interest in the subject matter of this litigation. "[A] party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation."[5] The State does not dispute that it intends to seek to overturn the *Katie John* trilogy in light of *Sturgeon v. Frost*. Indeed, the State recently published a Request for Proposals to obtain outside legal counsel to litigate this case, and describes this case as *requiring* "addressing the inconsistency between Ninth Circuit precedent known as the '*Katie John*' trilogy . . . and

---

[2] Docket 43 at 3 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002)).

[3] *Lockyer*, 450 F.3d at 440.

[4] Docket 43 at 3.

[5] *Lockyer*, 450 F.3d at 441.

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion to Intervene  Page 3 of 9

Case 1:22-cv-00054-SLG   Document 45   Filed 07/22/22   Page 3 of 9

the holding in *Sturgeon v. Frost*."[6] The State has made it clear that its desired scope of this litigation extends well beyond the Kuskokwim River. If the State prevails in its efforts to overturn *Katie John*, federally qualified rural subsistence users throughout Alaska, including those represented by Ahtna, will suffer a practical impairment of their rights under Title VIII of ANILCA. As the "intended beneficiaries" of Title VIII, their "interest . . . is neither 'undifferentiated' nor 'generalized.'"[7]

The State's opposition fails to acknowledge that it has attacked the heart of the federal right to subsistence fish, *Katie John*. It is therefore not surprising that Ahtna, given its long emotional and financial commitment to, and central participation in, protecting its federal fishing rights once again rises to protect the Ahtna way of life. The State's desire to constrict participation in this case to the two current intervenors, despite the momentous potential implications of its litigation goals, is wholly without merit, and rests on the slender reed of numerous other hypothetical intervenors lying in wait.

This Court need not, as the State insists, deny Ahtna its right to intervene in order to construct a barricade for other parties that may seek future intervention.[8] If another intervenor arises, it will have to satisfy the four requirements of Rule 24(a) including

---

[6] State of Alaska, Request for Proposals, Legal Counsel for Federal Litigation: Kuskokwim Subsistence Fishing §2.01 (July 8, 2022) (available: https://aws.state.ak.us/OnlinePublicNotices/Notices/Attachment.aspx?id=135422).

[7] *Accord Lockyer*, 450 F.3d at 441 (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004)).

[8] *See* Docket 43 at 4 ("[I]f Ahtna is permitted to intervene . . . there would be no limiting principle for who may or may not join this case.").

showing that its motion to intervene is timely.[9] It is simply not the case that allowing Ahtna to intervene will require this Court to allow an unmanageable number of additional intervenors.

Finally, the State warns that permitting Ahtna's intervention will make what is already likely to be "unwieldly" litigation "even more cumbersome."[10] But this Court knows how to manage complex litigation,[11] and Ahtna is willing to coordinate with the current parties to avoid duplication and to promote efficient review of the issues. As Ahtna's Complaint in Intervention makes clear, Ahtna's intervention will not complicate the factual issues in this case.[12] The State's hypothetical concerns about threatened inefficiencies and unwieldly litigation are unfounded.

> **B. Ahtna's interest in this litigation is unique.**

The State myopically suggests that Ahtna's interests are "represented in every imaginable way" by Plaintiff United States and Plaintiff-Intervenors, KRITFC and AVCP.[13] Not so. As beneficiaries of Title VIII of ANILCA, Ahtna's interest in protecting its subsistence ways of life is necessarily distinct from the United States' interest in

---

[9] *See* Fed. R. Civ. P. 24(a).

[10] Docket 43 at 4.

[11] *See, e.g.*, *Gwich'in Steering Committee v. Haaland*, No. 3:20-cv-00204-SLG (D. Alaska) (involving four separate intervenors, including both the State of Alaska and the Alaska Industrial Development and Export Authority—"a public corporation of the State of Alaska").

[12] *See* Docket at 38, Attachment 1.

[13] Docket 43 at 5-9.

protecting the supremacy of federal law;[14] it cannot be said that the United States will *undoubtedly* make all of Ahtna's arguments. Additionally, the United States may change its position as to its understanding of *Katie John,* as it did in the original *Katie John* litigation, in a manner that diverges from Ahtna's interests.[15] Ahtna has rebutted any presumption of adequacy of representation by the United States.

The State also argues that KRITFC and AVCP have interests that are "functionally identical[]" to Ahtna's, and points to perceived similarities between statements in Ahtna's, KRITFC's and AVCP's complaints.[16] But those perceived similarities and the State's description of Ahtna as simply a "third native group,"[17] do not persuasively show that KRITFC and AVCP will "*undoubtedly* make all of [Ahtna's] arguments."[18] As this Court is well aware, geography is a crucial consideration when implementing the federal rural priority and recognizing its importance in providing federally qualified rural subsistence

---

[14]  *Accord United States v. Am. Tel. and Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980) (noting that "intervenor's interest is similar but not identical to that of . . . the United States [because] "the United States does not face the identical harm that [potential intervenor] would suffer").

[15]  *State of Alaska v. Babbitt*, 72 F.3d 698, 701 (9th Cir. 1995) (describing the divergence of interest and agreement between Katie John and the federal government in asserting legal strategies to bring navigable waters under the definition of "public lands" in ANILCA). Indeed, the State's flip-flop on the vitality of *Katie John* today as compared to its briefing in *Sturgeon v. Frost* demonstrates that Title VIII of ANILCA is an issue on which government perspectives can change drastically with changing administrations. *See* Docket 38 at 2-3.

[16]  Docket 43 at 6.

[17]  Docket 43 at 1.

[18]  *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

users the opportunity to meet their subsistence needs.[19] Geographic-specific considerations could impact the arguments that KRITFC and AVCP make, increasing the likelihood that Ahtna's interests would not be adequately represented.[20] In light of the significance of this litigation and the State's intent to overrule *Katie John*, even a small risk that the existing parties may not adequately represent Ahtna's interests is significant.[21] Ahtna's motion for intervention as of right should be granted.

II. **Ahtna Should be Granted Permissive Intervention.**

Alternatively, Ahtna requests that this Court grant Ahtna permissive intervention pursuant to Federal Rule of Civil Procedure 24(b). Contrary to the State's illogical suggestion that denying Ahtna's request for permissive intervention is "most consistent

---

[19] *See Alaska v. Fed. Subsistence Bd.*, 3:20-cv-00195-SLG (D. Alaska Dec. 3, 2021) (recognizing challenges in implementing the federal rural priority in portions of GMU 13 where non-federally qualified users and federally qualified users engage in subsistence hunting).

[20] Given the nuance and complexity of the legal issues involved in Title VIII of ANILCA and *Katie John*, it is not certain that geographic differences are necessarily irrelevant to the legal analyses that may be undertaken in this litigation.

[21] The standard for intervention under Rule 24(a) is practical and flexible. *See United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) ("[T]he 'interest' test directs courts to make a 'practical, threshold inquiry,' and 'is primarily a practical guide to disposing of lawsuits by involving *as many apparently concerned persons as is compatible with efficiency and due process*." (quoting *County of Fresno v. Andrus*, 622 F.32d 436, 438 (9th Cir. 1980))); *see also Arakaki*, 324 F.3d at 1086 ("This Court 'follows the guidance of Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001))).

with Ninth Circuit precedent,"[22] this Court has broad discretion to grant Ahtna's motion.[23] Permitting Ahtna to intervene will not "unduly delay or prejudice adjudication of the original parties' rights"[24] because that adjudication process has just begun. The State argues that Ahtna will complicate the issues in this case, leading to an "unmanageable case," because Ahtna has no direct interest in the Kuskokwim River.[25] But as noted above, the State's intent to challenge *Katie John* will have consequences that reach far beyond the Kuskokwim; the State cannot seriously contend that Ahtna does not have a direct interest in this litigation. As described above, the State's parade of horribles about this case becoming unmanageable or wildly inefficient are baseless – Ahtna's Complaint in Intervention clearly expresses that it does not intend to complicate the factual issues in this case. This Court is capable of managing complex litigation and Ahtna is willing to coordinate with current parties as appropriate to avoid unnecessary duplication. It is in Ahtna's interest to efficiently address and resolve the issues before this Court. As such, Ahtna respectfully requests this Court grant its request for permissive intervention.

---

[22] Docket 43 at 9.

[23] *See Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court and is therefore reviewed . . . for abuse of discretion.").

[24] *See* Fed. R. Civ. P. 24(b)(3).

[25] Docket 43 at 9-10.

## CONCLUSION

For the foregoing reasons, this Court should grant Ahtna's motion to intervene, either as of right or permissively.

DATED this 22nd day of July, 2022, at Anchorage, Alaska.

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys for Applicant-Intervenors Ahtna Tene Nené and Ahtna, Inc.*

*/s/ John M. Sky Starkey*

John M. Sky Starkey, Alaska Bar No. 8611141
Anna C. Crary, Alaska Bar No. 1405020
Andrew Erickson, Alaska Bar No. 1605049
Ambriel Sandone, Alaska Bar No. 2011124

**Certificate of Service**

I certify that on July 22, 2022,
a copy of the foregoing document
was served via ECF on all counsel of record.

*/s/ John M. Sky Starkey*
John M. Sky Starkey