# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>and<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.*,<br><br>              Intervenor-Plaintiffs,<br><br>              v.<br><br>STATE OF ALASKA, *et al.*,<br><br>              Defendants. | Case No. 1:22-cv-00054-SLG |

## ORDER REGARDING AHTNA'S MOTION TO INTERVENE

Before the Court at Docket 38 is Ahtna Tene Nené and Ahtna, Inc. (collectively, "Ahtna")'s Motion to Intervene. Plaintiff United States of America responded in non-opposition at Docket 44. Defendants State of Alaska, Alaska Department of Fish & Game (ADF&G), and Doug Vincent-Lang as Commissioner of ADF&G responded in opposition at Docket 43. Ahtna replied at Docket 45.

Ahtna seeks "to intervene in this action to defend the application of the rural subsistence priority guaranteed by Title VIII of the Alaska National Interests Lands

Conservation Act" ("ANILCA") as of right[1] or, alternatively, seeks permissive intervention.[2] Defendants respond that Ahtna should not be allowed to intervene as of right because Ahtna "has no protectable interest in the Kuskokwim fishery and the existing parties adequately represent all perspectives relevant to the issue before the court."[3] Defendants also respond that Ahtna should not be allowed permissive intervention because such intervention "would quickly lead to an unmanageable case and will almost certainly delay the timely resolution of the issues before the Court."[4]

I.  **Standards for intervention as of right**

Federal Rule of Civil Procedure 24(a) requires district courts to allow a party to intervene as of right if the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This rule requires motions to intervene as of right to satisfy a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical

---

[1] Docket 38 at 1–2.

[2] Docket 38 at 3.

[3] Docket 43 at 3.

[4] Docket 43 at 9–10.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding Ahtna's Motion to Intervene
Page 2 of 8
Case 1:22-cv-00054-SLG   Document 47   Filed 07/29/22   Page 2 of 8

matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.[5]

"[T]he requirements for intervention are [to be] broadly interpreted in favor of intervention."[6]

The only elements challenged by Defendants are whether Ahtna has a significantly protectable interest related to this case and whether Ahtna's interest is adequately represented by other parties.

## II. Ahtna has a significantly protectable interest.

Ahtna asserts that it has a significantly protectable interest because it "will suffer a practical and devastating impairment of [ANILCA's rural subsistence priority] as a result of this litigation, in which the State disputes the constitutionality of the [Federal Subsistence Board ("FSB")], challenges the federal government's authority to provide for ANILCA's rural priority, and seeks to relitigate *Katie John*."[7] According to Ahtna, if the *Katie John* precedent is overturned, it "will result in the loss of subsistence opportunity for Ahtna subsistence users in their traditional fishing territories."[8] Ahtna also maintains that invalidation of the FSB "would also

---

[5] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

[6] *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (second alteration in original) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

[7] Docket 38 at 10.

[8] Docket 38 at 11.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding Ahtna's Motion to Intervene
Page 3 of 8
Case 1:22-cv-00054-SLG   Document 47   Filed 07/29/22   Page 3 of 8

have dire implications for Ahtna members who depend upon that rural priority to hunt moose and caribou within their traditional territories in order to meet their customary and traditional subsistence needs."[9]

Defendants contend that Ahtna has no significant protectable interest in this case because "Ahtna asserts only a general interest in the precedent that this matter would set—the same interest as any rural subsistence user in Alaska."[10] Defendants maintain that if Ahtna is allowed to intervene, "there would be no cognizable principle preventing every rural subsistence user in the State from intervening as a plaintiff."[11]

Ahtna replies that its interest in this case is bolstered by the State's intent "to seek to overturn the *Katie John* trilogy" and points to the State's recent Request for Proposals for outside counsel to litigate this case and resolve "the inconsistency between Ninth Circuit precedent known as the '*Katie John*' trilogy . . . and the holding in *Sturgeon v. Frost*."[12] Ahtna asserts that this demonstrates that the State's "desired scope of this litigation extends well beyond the Kuskokwim River"

---

[9] Docket 38 at 11.

[10] Docket 43 at 4.

[11] Docket 43 at 4.

[12] Docket 45 at 3–4 (alteration in original).

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding Ahtna's Motion to Intervene
Page 4 of 8
Case 1:22-cv-00054-SLG   Document 47   Filed 07/29/22   Page 4 of 8

and seeks to affect all rural subsistence priority beneficiaries of Title VIII of ANILCA.[13]

The Court finds that Ahtna has a significantly protectable interest in this case. Notably, the lengthy *Katie John* litigation at issue stemmed from Katie John, an Ahtna elder, and thus Ahtna has unique ties to the precedent that the State appears to seek to overturn.[14] And the outcome of this case will have impacts on the Ahtna fishing and hunting territories and traditions in ways distinct from the outcome it will have on the United States and on the existing Intervenor-Plaintiffs.

### III. Ahtna has a sufficiently unique interest in this case that may not be represented by the current parties.

Ahtna asserts that the "rural priority, the *Katie John* precedent, and the FSB's administration of the rural priority on public lands are of particular legal and cultural importance to Ahtna."[15] Ahtna also contends that the United States may not adequately represent its interests, because "the United States' interest in protecting the primacy of federal law is separate and distinct from Ahtna's interests in protecting its way of life."[16] Ahtna maintains that Intervenor-Plaintiffs Kuskokwim

---

[13] Docket 45 at 4.

[14] *See* Docket 38 at 2; *Alaska v. Babbitt*, 72 F.3d 698, 699–700 (9th Cir. 1995) ("These appeals arise from the efforts of Katie John, Doris Charles and the other upper Ahtna Athabaskan Indians of Mentasta Village to continue subsistence fishing at Batzulnetas as they and their ancestors have done since time immemorial.").

[15] Docket 38 at 14.

[16] Docket 38 at 14.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding Ahtna's Motion to Intervene
Page 5 of 8
Case 1:22-cv-00054-SLG   Document 47   Filed 07/29/22   Page 5 of 8

Inter-Tribal Fish Commission and the Association of Village Council Presidents may not adequately represent its interests because the existing intervenors' "interests are focused upon the Yukon-Kuskokwim Region of Alaska, and specific actions the State is taking to interfere with [both their] ability to have priority access to subsistence fishery resources on the Kuskokwim River and their co-management authority with respect to those subsistence fisheries," which are "region-specific issues."[17]

Defendants respond that Ahtna has not shown that the United States will not adequately represent its interests and also respond that the existing Intervenor-Plaintiffs' interests are "functionally identical[] to those asserted by Ahtna."[18] Defendants maintain that the geographical differences between the regions of Alaska represented by the Intervenor-Plaintiffs and Ahtna "are immaterial to the issues in this litigation" because "[t]he legal principles are uniform, so the geography is irrelevant."[19] Ahtna replies that "geography is a crucial consideration when implementing the federal rural priority and recognizing its importance in

---

[17] Docket 38 at 15.

[18] Docket 43 at 5–6.  The existing Intervenor-Plaintiffs are the Commission and the Association of Village Council Presidents.  *See* Docket 29; Docket 37.

[19] Docket 43 at 8.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding Ahtna's Motion to Intervene
Page 6 of 8
Case 1:22-cv-00054-SLG   Document 47   Filed 07/29/22   Page 6 of 8

providing federally qualified rural subsistence users the opportunity to meet their subsistence needs."[20]

The Court finds that Ahtna and the United States have distinct interests in the outcome of this case. Moreover, Ahtna and the existing Intervenor-Plaintiffs do not have identical interests, and there is no assurance that the Intervenor-Plaintiffs will undoubtedly raise all of the arguments necessary to protect Ahtna's unique interests.[21]

Finally, the Court finds that Ahtna's motion to intervene was timely and that its interests may be impaired by the outcome of this case. The Court grants Ahtna intervention as of right.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the motion at Docket 38 is GRANTED. The Complaint in Intervention filed at Docket 38-1 is accepted as filed. However, in an effort to prevent cumulative arguments and enhance the efficient conduct of this case, IT IS FURTHER ORDERED that all Intervenor-Plaintiffs shall meet and confer prior to the filing of any motion, responsive filing, or merits brief to determine whether their positions may be set forth in a consolidated document—

---

[20] Docket 45 at 6–7.

[21] *Callahan v. Brookdale Senior Living Cmtys., Inc.*, 38 F.4th 813, 821 (9th Cir. 2022) (noting that when considering whether a party will adequately represent the interests of a prospective intervenor, courts consider whether the party "will undoubtedly make all of a proposed intervenor's arguments").

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding Ahtna's Motion to Intervene
Page 7 of 8
Case 1:22-cv-00054-SLG   Document 47   Filed 07/29/22   Page 7 of 8

separate filings by these Intervenors shall include a certificate of compliance with this requirement and briefly describe the need for separate filings.

DATED this 29th day of July, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska, et al.*
Order Regarding Ahtna's Motion to Intervene
Page 8 of 8
Case 1:22-cv-00054-SLG   Document 47   Filed 07/29/22   Page 8 of 8