TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
202-353-1389 ‖ 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, et al.,<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>THE STATE OF ALASKA, et al.,<br><br>Defendants. | Case No. 1:22-cv-00054-SLG |

**SCHEDULING AND PLANNING CONFERENCE REPORT**

I. **Meeting.**

In accordance with the Court's direction to address the applicability of Rules 16(a) and 26(f), Federal Rules of Civil Procedure, and with Local Civil Rules 16.1 and 26.1(b), the parties initially conferred on July 27, 2022, and have continued to confer until the date of filing this Report. The following persons have participated: Paul Turcke for Plaintiff, Aaron Peterson for Defendants, Nathaniel Amdur-Clark and Whitney Leonard for Intervenor-Plaintiff Kuskokwim River Inter-Tribal Fish Commission, Matt Newman for Intervenor-Plaintiffs Association of Village Council Presidents, et al., and Andy Erickson and Anna Crary for Intervenor-Plaintiffs Ahtna Tene Nené, et al. The parties recommend the following:

II. **Discovery Plan.**

    A. **Timing, Form and Disclosure Requirements**. Please refer to Rule 26(f)(3)(A), Federal Rules of Civil Procedure. Are there changes that the parties are proposing to that rule for this case under Rule 26(a)?

Yes ☒ No ☐ - Plaintiff and Intervenor-Plaintiffs contend that this case involves purely legal issues and review on an administrative record under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), and is therefore properly resolved in a manner similar to that set forth in Local Civil Rule 16.3, while accounting for Plaintiff's burden as a movant. Defendants acknowledge that some of their counter-claims and defenses seek review under the APA, but contend that others will require discovery.

B. **Initial Disclosures / Preliminary Witness Lists.**

1. The information required by Rule 26(a)(1), Federal Rules of Civil Procedure:

(a) ☐ Has been exchanged by the parties.

(b) ☒ Will be exchanged by the parties on or before: In accordance with the response at II.A. above, Plaintiff and Intervenor-Plaintiffs propose that any exchange of information or other requirements of Fed. R. Civ. P. 26 occur only after a ruling by the Court determining the applicability and scope of that Rule to this proceeding. Plaintiff and Intervenor-Plaintiff further contend that the need for discovery, if any, is properly considered only after filing of, and conferral upon, the administrative record. *See Dep't of Com. v. New York*, 139 S. Ct. 2551, 2574 (2019); *see also Shade v. U.S. Dep't of the Interior*, Case No. 3:20-cv-0198-HRH, 2022 WL 850682, at *2 (D. Alaska Mar. 22, 2022) (bifurcating proceedings to address APA and non-APA claims, and indicating that scheduling will first address APA review under Local Rule 16.3, followed by a subsequent order under Fed. R. Civ. P. 26(f) and Local Rule 16.1). Defendants disagree and believe that discovery on their constitutional defenses should not be delayed.

2. Preliminary witness lists:

(a) ☐ Have been exchanged by the parties.

(b) ☒ Will be exchanged by the parties on or before: *See* preceding answer.

3. Disclosure Statement. The disclosure requirements of Rule 7.1, Federal Rules of Civil Procedure:

(a) ☒ Have been complied with.

(b) ☐ Compliance will be accomplished on or before *[date]*.

(c) ☐ Rule 7.1 is not applicable.

**C.  Subjects and Timing of Discovery**. *See* Rule 26(f)(3)(B), Federal Rules of Civil Procedure. As stated in response to II.B.1, Plaintiff and Intervenor-Plaintiffs do not believe that discovery is appropriate in this case and that the propriety, scope, subjects and timing of any limited discovery should be stated in a subsequent order, if necessary. Defendants disagree and will propound discovery requests in accordance with the Federal Rules of Civil Procedure.

**III.  Pretrial Motions.**

**A.**  Are there preliminary motions as to jurisdiction, venue, arbitration, and/or statutes of limitation that should be filed within 60 days?

Yes ☐  No ☒

**B.**  Motions must be served and filed within the times specified in applicable rules. Complete the following only if the parties are proposing deadline(s) that are different from the applicable rules:

1. Motions to amend pleadings or add parties will be filed not later than September 21, 2022. Thereafter, a party must seek leave of the Court to

modify this deadline. *See* Rule 16(b)(3)(A) and (4), Federal Rules of Civil Procedure.

2. The parties propose the following schedule to address filing and completion of the administrative record:

    (a) Plaintiff will serve and file the administrative record not later than October 21, 2022;

    (b) The parties shall confer and informally attempt to resolve any disputes concerning the administrative record. The parties shall notify Plaintiff of any issues concerning the sufficiency of the administrative record not later than November 21, 2022.

    (c) If the parties do not informally resolve issues concerning the administrative record, any motion(s) to supplement or otherwise challenge the sufficiency of the administrative record shall be filed not later than December 21, 2022. If such a motion is filed, Plaintiff's response shall be due not later than January 20, 2023, and any reply shall be due not later than February 23, 2023.

3. Plaintiffs and Intervenor-Plaintiffs propose that motions seeking to conduct discovery, if necessary, will be filed not later than December 21, 2022, or not later than 14 days after the Court's ruling on any motion(s) filed under III.B.2(c) above, whichever is later. Defendants object to this deadline because it presupposes that there will be no

discovery in this case absent leave of the Court. Defendants note that discovery is the default in civil litigation, not the exception, and believe that if the Plaintiff and Intervenor-Plaintiffs wish to avoid discovery, they should seek a protective order. Defendants propose that any motions under the discovery rules will be filed not later than July 31, 2023.

4. The parties propose that they will further address the schedule for filing of dispositive motions (including motions for summary judgment) not later than January 11, 2023, or if any motion(s) is filed under III.B.2 or .3, not later than 14 days after the Court's last ruling on any such motion(s).

**IV. Trial.**

**A.** Plaintiffs and Intervenor-Plaintiffs believe that this case can be resolved on motions in a manner similar to that set forth in Local Civil Rule 16.3, as proposed in III.B, above. Defendants believe discovery related to some of their counter-claims and defenses is necessary and appropriate; and that possible factual disputes may necessitate a trial. If so, Defendants expect the case to take five days to try.

**B.** Has a jury trial been demanded? Yes ☐ No ☒

**C.** Is the right to jury trial disputed? Yes ☐ No ☒

D. The parties ☐ do / ☒ do not request the scheduling of a trial date at this time.[1]

1. If a trial date is requested at this time, the parties' report shall include a minimum of three alternative dates for the start of the trial, at least two of which are <u>5 to 7 months</u> from the close of all discovery.

2. If a trial date is not established at this time, the court will call upon the parties to certify that the case is ready for trial as provided in Local Civil Rule 40.1(b).

V. **Other Provisions.**

A. **Court Conference.** The parties ☐ do / ☒ do not request a conference with the court before entry of a scheduling order. The parties contend that this report provides sufficient information to include in an initial scheduling order as outlined in III.B, above.

B. **Consent to Proceed before a Magistrate Judge.**

The parties ☐ do / ☒ do not consent to trial before a magistrate judge.

C. **Early Settlement / Alternative Dispute Resolution.**

1. Do the parties request immediate assistance by way of a settlement conference or alternative dispute resolution?

Yes ☐ No ☒

---

[1] The decision of whether to establish a trial date at this stage of the proceedings rests with the discretion of the assigned judge. Counsel and self-represented parties are advised to contact the assigned judge's Data Quality Analyst (DQA) to determine the judge's practice for establishing a trial date.

2. Do the parties wish to consider private mediation or a settlement conference with a judicial officer of this court at a later date?

Yes ☐ No ☒

**D. Related Cases.** Are the parties aware of any related cases as defined by Local Civil Rule 16.1(e)? Yes ☐ No ☒

**VI. Report Form.**

**A.** Have the parties experienced a problem in using this form?

Yes ☐ No ☒

**B.** Are there additional subjects that the parties would propose to add to this form? Yes ☐ No ☒

Respectfully submitted,

DATED: August 2, 2022.
          TODD KIM
          Assistant Attorney General
          United States Department of Justice
          Environment and Natural Resources Division

          */s/ Paul A. Turcke*
          PAUL A. TURCKE
          Idaho Bar No. 4759
          Trial Attorney
          Natural Resources Section
          P.O. Box 7611 Washington, D.C. 20044
          202-353-1389 ‖ 202-305-0275 (fax)
          paul.turcke@usdoj.gov

          *Counsel for Plaintiff*

Of Counsel:

KENNETH M. LORD
Office of the Regional Solicitor
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-4184
ken.lord@sol.doi.gov

                              TREG R. TAYLOR
                              ATTORNEY GENERAL

                              By:    */s/ Margaret Paton-Walsh*
                                       Margaret Paton-Walsh
                                       (Alaska Bar No. 0411074)
                                       Chief Assistant Attorney General

                                       */s/ Aaron C. Peterson*
                                       Aaron C. Peterson
                                       (Alaska Bar No. 1011087)
                                       Senior Assistant Attorney General
                                       Natural Resources Section
                                       Department of Law
                                       1031 West Fourth Avenue, Ste. 200
                                       Anchorage, AK 99501
                                       Phone: (907) 269-5232
                                       Facsimile: (907) 276-3697
                                       margaret.paton-walsh@alaska.gov
                                       aaron.peterson@alaska.gov

                              *Attorneys for Defendants State of Alaska, et al.*

                              SONOSKY, CHAMBERS, SACHSE
                              MILLER & MONKMAN, LLP

                              By:    */s/ Nathaniel Amdur-Clark*
                                       Nathaniel Amdur-Clark
                                       Alaska Bar No. 1411111
                                       Whitney A. Leonard
                                       Alaska Bar No. 1711064

*Counsel for Intervenor-Plaintiff Kuskokwim River Inter-Tribal Fish Commission*

NATIVE AMERICAN RIGHTS FUND

*/s/ Matthew N. Newman*
Erin C. Dougherty Lynch (AK Bar No. 0811067)
Matthew N. Newman (AK Bar No. 1305023)
Megan R. Condon (AK Bar No. 1810096)
Maggie Massey (AK Bar No. 1911098)

*Counsel for Intervenor-Plaintiff Association of Village Council Presidents*, et al.

LANDYE BENNET BLUMSTEIN LLP

By: */s/ John M. Sky Starkey*
John M. Sky Starkey
Alaska Bar. No. 8611141

*/s/ Anna C. Crary*
Anna C. Crary
Alaska Bar No. 1405020

*/s/ Andrew Erickson*
Andrew Erickson
Alaska Bar No. 1605049

*/s/ Ambriel Sandone*
Ambriel Sandone
Alaska Bar No. 2011124

*Counsel for Intervenor-Plaintiff Ahtna Tene Nené*, et al.

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2022, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Paul A. Turcke*
Paul A. Turcke