TREG R. TAYLOR
ATTORNEY GENERAL

Margaret Paton-Walsh (Alaska Bar No. 0411074)
Chief Assistant Attorney General
Aaron C. Peterson (Alaska Bar No. 1011087)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: margaret.paton-walsh@alaska.gov
　　　　aaron.peterson@alaska.gov

Attorneys for the State of Alaska

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) |
| and | ) Case No.: 1:22-cv-00054-SLG |
| Kuskokwim River Inter-Tribal Fish Commission, *et al.*, | ) |
| | ) **ANSWER TO AHTNA TENE NENÉ AND AHTNA, INC.'S COMPLAINT IN INTERVENTION** |
| Intervenor-Plaintiffs, | ) |
| v. | ) |
| The State of Alaska, *et al.*, | ) |
| Defendants. | ) |

The State of Alaska, Alaska Department of Fish & Game, and Commissioner Doug Vincent-Lang, (collectively "the State") hereby provides the following Answer to Ahtna Tene Nené and Ahtna, Inc.'s complaint in intervention.

*United States v. Alaska*　　　　　　　　　　　　　　　　Case No. 1:22-cv-00054-SLG
State's Answer to Ahtna's Complaint　　　　　　　　　　　　　　　Page 1 of 6
Case 1:22-cv-00054-SLG   Document 50   Filed 08/19/22   Page 1 of 6

1. The allegations in Paragraph 1 describe the complaint, and no response is required. To the extent a response is required, the State denies that it has contravened the rural Alaska subsistence priority of the Alaska National Interest Lands Conservation Act ("ANILCA") or that its actions are preempted by valid federal law.

2. The allegations in Paragraph 2 incorporate the United States of America's Complaint for Declaratory and Injunctive Relief, ECF No. 1. The State therefore incorporates the Answer, ECF No. 33, previously filed to the United States of America's Complaint.

3. The allegations in paragraph 3 describe Plaintiff-Intervenor Ahtna Tene Nené and no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

4. The allegations in paragraph 4 describe Plaintiff-Intervenor Ahtna Inc. and no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations and therefore deny them.

5. The allegations in paragraph 5 purport to characterize ANILCA, the text of which is the best evidence of its contents.

6. The allegations in paragraph 6 purport to characterize ANILCA, the text of which is the best evidence of its contents.

7. The allegations in paragraph 7 purport to characterize ANILCA by quoting two Ninth Circuit cases; the statute and the cases speak for themselves.

8. The allegations of paragraph 8 purport to characterize what "Congress" "understood" and "intend[ed]" when it enacted ANILCA. But "Congress" is

composed of 535 individuals with different understandings and intentions that cannot be meaningfully described in a monolithic way, so the defendants deny the allegations of paragraph 8.

9. The allegations in paragraph 9 purport to characterize three Ninth Circuit cases; the cases speak for themselves.

10. Denied.

11. The allegations of paragraph 11 repeats statements made in a law review article characterizing the plaintiffs in the Katie John Litigation. The law review article speaks for itself. The defendants lack sufficient information to admit or deny the remaining allegations of paragraph 11 and therefore deny them.

12. The defendants lack sufficient information to admit or deny the allegations of paragraph 12; and therefore deny them. To the extent that the allegations of paragraph 12 purport to characterize the purpose or intent of federal statutes or regulations, those statutes and regulations speak for themselves.

13. The State denies that including all available defenses in its answer to the United States' complaint represents an "attack" on anything. The remaining allegations of paragraph 13 are characterizations of or quotations from court decisions, which speak for themselves.

14. The State denies that it has abandoned any long-standing legal position; it has merely included all available legal defenses in its answer to the United States' complaint.

15. Paragraph 16 states that Ahtna joins the United States in its request for declaratory and injunctive relief, and therefore requires no answer. But the defendants deny that such relief is appropriate.

**AFFIRMATIVE DEFENSES**

1. The Federal Subsistence Board violates the Appointments Clause of the United States Constitution and therefore its regulations are invalid and cannot preempt state law.

2. The Federal Subsistence Board's delegation to the Refuge Manager violates the Appointments Clause of the United States Constitution and therefore emergency special actions issued under the purported authority of that delegation are invalid and cannot preempt state law.

3. The Federal Subsistence Board lacks jurisdiction over the Kuskokwim River because it is not "public land" under ANILCA.

4. Plaintiff fails to state a claim upon which relief can be granted.

5. Plaintiff fails to allege irreparable harm or any other basis upon which injunctive relief would be available.

6. The Court lacks subject-matter jurisdiction over this action.

DATED: August 19, 2022.

        TREG R. TAYLOR
        ATTORNEY GENERAL

        By:   /s/ Margaret Paton-Walsh
                Margaret Paton-Walsh
                (Alaska Bar No. 0411074)
                Chief Assistant Attorney General

s/Aaron C. Peterson
Aaron C. Peterson
(Alaska Bar No. 1011087)
Senior Assistant Attorney General
Natural Resources Section
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5232
Facsimile: (907) 276-3697
Email:  margaret.paton-walsh@alaska.gov
            aaron.peterson@alaska.gov

Attorneys for State of Alaska

## CERTIFICATE OF SERVICE

I hereby certify that on **August 19, 2022**, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

/s/ Leilani J. Tufaga
Leilani J. Tufaga
Law Office Assistant II

*United States v. Alaska*　　　　　　　　　　　　　　　　　　　　Case No. 1:22-cv-00054-SLG
State's Answer to Ahtna's Complaint　　　　　　　　　　　　　　　　　　Page 6 of 6
Case 1:22-cv-00054-SLG   Document 50   Filed 08/19/22   Page 6 of 6