TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
202-353-1389 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, et al.,<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>THE STATE OF ALASKA, et al.,<br><br>Defendants. | Case No. 1:22-cv-00054-SLG |

## PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS

Pursuant to Rules 8 and 12(a)(2) of the Federal Rules of Civil Procedure, Plaintiff United States of America pleads as follows in response to Defendants' Counterclaims (ECF No. 33).

## FIRST COUNTERCLAIM

1. The allegations of the first sentence of paragraph 1 purport to characterize the cited sections of the Alaska National Interest Lands Conservation Act, No. 96-487, 94 Stat. 2371 (1980) (codified in relevant part at 16 U.S.C. § 3101 *et seq*.) (ANILCA), which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Plaintiff denies the allegations of the second sentence of paragraph 1.

2. Plaintiff denies the allegations of paragraph 2.

3. The allegations of paragraph 3 purport to characterize 50 C.F.R. § 100.19, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

4. Plaintiff denies the allegations of paragraph 4.

5. Plaintiff denies the allegations of paragraph 5.

6. The allegations of paragraph 6 purport to characterize the cited section of ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

7. Plaintiff denies the allegations of paragraph 7.

## SECOND COUNTERCLAIM

1.  The allegations of paragraph 1 purport to characterize 5 U.S.C. § 706(2), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

2.  The allegations of paragraph 2 purport to characterize Title VIII of ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

3.  The allegations of paragraph 3 purport to characterize Emergency Special Action 3-KS-01-22, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

4.  The allegations of the first sentence of paragraph 4 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied. Plaintiff denies the allegations of the second sentence of paragraph 4.

5.  Plaintiff denies the allegations of paragraph 5.

## THIRD COUNTERCLAIM

1.  The allegations of the first sentence of paragraph 1 purport to characterize *Center for Biological Diversity v. U.S. Fish & Wildlife Service*, 33 F.4th 1202, 1216 (9th Cir. 2022), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied. The allegations of the second and third sentences of paragraph 1 purport to characterize an

alleged "co-management agreement" and/or Memorandum of Understanding, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

2. The allegations of paragraph 2 consist of legal conclusions, to which no response is required. To the extent a response is required, these allegations are denied.

3. The allegations of paragraph 3 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

4. Plaintiff denies the allegations of paragraph 4.

5. Plaintiff denies the allegations of paragraph 5.

## PRAYER FOR RELIEF

The remainder of the Counterclaims constitute Defendants' request for relief, to which no response is required. To the extent a response is required, Plaintiff denies that Defendants are entitled to the relief sought or to any form of relief.

## GENERAL DENIAL

Plaintiff denies any allegations of the Counterclaims, whether express or implied, including any allegations reflected in the Counterclaims' section headings, which are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. Defendants fail to state a claim upon which relief may be granted.

2. Defendants lack standing to bring some or all of their counterclaims.

3. Defendants have failed to properly establish subject matter jurisdiction.

4. Defendants have failed to demonstrate that some or all of their counterclaims are ripe for judicial review.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants all relief requested, dismiss the Counterclaims with prejudice, grant judgment for Plaintiff and against Defendants, and grant Plaintiff such other relief as the Court deems appropriate.

Respectfully submitted,

DATED: August 22, 2022.

TODD KIM
Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Idaho Bar No. 4759
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 ‖ 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Plaintiff*

Of Counsel:

KENNETH M. LORD
Office of the Regional Solicitor
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-4184
ken.lord@sol.doi.gov

# CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2022, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

                                                        */s/ Paul A. Turcke*
                                                        Paul A. Turcke