Nathaniel Amdur-Clark
nathaniel@sonosky.net
Whitney A. Leonard
whitney@sonosky.net
Sonosky, Chambers, Sachse,
  Miller & Monkman, LLP
510 L Street, Suite 310
Anchorage, Alaska 99501
Telephone: (907) 258-6377
Facsimile: (907) 272-8332

*Attorneys for Intervenor Kuskokwim River Inter-Tribal
  Fish Commission*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| and | ) ) | Case No. 1:22-cv-00054-SLG |
| KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION *et al.*, | ) ) ) ) | |
| Plaintiff-Intervenors, | ) ) | |
| v. | ) ) | |
| THE STATE OF ALASKA *et al.*, | ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF-INTERVENORS' JOINDER IN PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff-Intervenors Kuskokwim River Inter-Tribal Fish Commission ("Fish

Commission"); the Association of Village Council Presidents ("AVCP"), Betty Magnuson,

and Ivan M. Ivan; and Ahtna Tene Nené and Ahtna, Inc. ("Ahtna") hereby join the Motion

for Summary Judgment filed by the United States (ECF No. 70).  For the reasons stated in

the motion, and the additional reasons stated below, summary judgment should be granted

in favor of the Plaintiffs and the Court should issue a permanent injunction enjoining

Defendants from taking actions interfering with or contravening federal orders issued

pursuant to Title VIII of the Alaska National Interest Lands Conservation Act

("ANILCA").

The Intervenor-Plaintiffs write separately to emphasize that they continue to face

irreparable harm that would occur absent a permanent injunction.  As explained in the

United States' motion, the irreparable harm calculus has not changed since this Court's

ruling on the preliminary injunction, when this Court correctly found that allowing the

State to enforce its purported fishing openings in contravention of federal law would cause

irreparable harm in multiple ways.[1]

AVCP,[2] Betty Magnuson, and Ivan M. Ivan[3] have a strong and long-standing

interest in the protection of subsistence fishing along the Kuskokwim River and

implementation of the ANILCA's subsistence priority.  Subsistence fishing is not only

---

[1] Motion at 14–17 (ECF No. 70).

[2] AVCP is a non-profit tribal consortium dedicated to protecting and supporting the interests of its 56 member federally recognized Tribes and their tribal citizens located in communities throughout the Yukon-Kuskokwim Delta.  Korthuis Decl. ¶ 3, ECF No. 19-3.

[3] Betty Magnuson and Ivan M. Ivan are federally qualified subsistence users that have subsistence fished on the Kuskokwim River for their entire lives.  Ivan Decl. ¶¶ 3–4, ECF No. 19-5; Magnuson Decl. ¶¶ 3–4, ECF No. 19-4.

essential for meeting the nutritional needs of the residents of the Yukon-Kuskokwim Delta ("YK Delta"), but its importance also extends into all aspects of Yup'ik, Cup'ik, and Athabascan cultural life and identity.[4] The inadequate harvest of salmon has created a cultural crisis as the region's Tribes and their tribal citizens are unable to practice their traditional subsistence-based ways of life.[5]

Subsistence users have faced severe restrictions on their fishing activities in an attempt to preserve salmon stocks and meet escapement goals.[6] Due to the high reliance on wild food, primarily salmon, in the region, these restrictions have a direct and outsized impact on rural subsistence users.[7] The State's actions undermine the federal subsistence priority and directly threaten the ability of Alaska's rural residents—including Betty Magnuson, Ivan M. Ivan, and AVCP's member Tribes and their tribal citizens—to access essential subsistence fishing.[8]

The Fish Commission faces similar harms. On behalf of the federally recognized Tribes in the Kuskokwim watershed,[9] the Fish Commission co-manages the Kuskokwim River salmon fishery within the Yukon Delta National Wildlife Refuge cooperatively with the U.S. Fish and Wildlife Service.[10] The State's actions undermine that management

---

[4] Ivan Decl. ¶¶ 7–8, 14; Korthuis Decl. ¶¶ 12–14.

[5] Korthuis Decl. ¶ 14.

[6] Korthuis Decl. ¶¶ 7–12.

[7] Ivan Decl. ¶¶ 4–6, 9, 11; Korthuis Decl. ¶¶ 11–12; Magnuson Decl. ¶ 7.

[8] Ivan Decl. ¶¶ 10–13; Korthuis Decl. ¶¶ 11–12; Magnuson Decl. ¶¶ 5–6.

[9] Fish Commission Motion to Intervene, at 6 (ECF No. 12).

[10] Complaint in Intervention, ¶ 6 (ECF No. 12-1).

authority, thereby inflicting irreparable harm by threatening the sovereignty of the Fish Commission's member Tribes.[11]

Moreover, the State's actions also irreparably harm the federally qualified users whose interests the Fish Commission represents. When salmon are taken by non-federally qualified users in contravention of the ANILCA's rural subsistence priority, those fish cannot be given back to federally qualified users. This would occur if the State were permitted to enforce its purported openings, either through non-federally qualified users intentionally taking advantage of the announced openings, or through confusion created by the conflicting announcements, which on at least one occasion led to several hundred boats fishing during a federal closure.[12] This Court found—and should find again here—that such harm is irreparable because "neither the Court nor the parties can go back in time to remedy the harm financially."[13] This truth is inherent in the subsistence way of life, in which there is no replacement for the direct harvest and consumption of wild foods.

For similar reasons, the balance of equities and the public interest continue to tip strongly in favor of entering an injunction. Congress already made the determination that rural subsistence users—users like the Intervenors and those they represent—should be

---

[11] *See N. Arapaho Tribe v. LaCounte*, 215 F. Supp. 3d 987, 1000 (D. Mont. 2016) ("Harm to a tribe's sovereignty 'cannot be remedied by any . . . relief other than an injunction.'" (quoting *Tohono O'odham Nation v. Schwartz*, 837 F. Supp. 1024, 1034 (D. Ariz. 1993))).

[12] Decl. of Mike Williams, Sr. ¶¶ 12–14, ECF No. 14-1; Fish Commission Joinder in Motion for Preliminary Injunction at 8-9, ECF No. 14; *see* Order on Preliminary Injunction at 13–14, ECF No. 35 (finding irreparable harm caused by the confusion sowed by the State's purported openings, and the associated likelihood of illegal fish harvest).

[13] Order on Preliminary Injunction at 14.

*United States v. State of Alaska*, Case No. 1:22-cv-00054-SLG          Page 4 of 8

accorded priority over all other users because of the importance of subsistence foods to their culture and way of life.[14]   Indeed, as discussed above, subsistence remains the lifeblood of rural communities along the Kuskokwim, and threats to that way of life are existential.  On the other side of the scale, the State has no valid interest—nor is there any public interest—in violating the subsistence scheme that Congress established in ANILCA to protect these rural users.

And the analysis is no different in other areas of the state; the equities and public interest favor an injunction as to any similar orders that the State may attempt to issue in violation of ANILCA's rural subsistence priority in other waters or regions.[15]   Although the main focus of this case is on the State's illegal management actions on the Kuskokwim River, the legal issues have statewide importance.[16]   As the United States' motion makes clear, federal law preempts the State from issuing orders that contradict federal management efforts or create an obstacle to implementation of ANILCA's rural subsistence priority.[17]   The federal preemption doctrine applies equally to all federal public lands throughout Alaska, including certain navigable waters.[18]

---

[14] 16 U.S.C. § 3111(1).

[15] *See* Complaint at 24, ECF No. 1 (requesting injunction as to any "similar actions interfering with or in contravention of federal orders addressing ANILCA Title VIII and applicable regulations").

[16] Ahtna Tene Nené & Ahtna, Inc.'s Motion to Intervene at 4–5 (ECF No. 38).

[17] ECF No. 70 at 9–10.

[18] *See Alaska v. Babbitt*, 72 F.3d 698 (9th Cir. 1995); *John v. United States*, 247 F.3d 1032 (9th Cir. 2001); *John v. United States*, 720 F.3d 1214 (9th Cir. 2013).

The Intervenors and the United States are entitled to summary judgment and a permanent injunction prohibiting the State from taking actions interfering with or contravening federal orders, not just on the Kuskokwim River but anywhere the ANILCA rural subsistence priority applies.[19] The State should not be permitted to simply swap one battleground for the next. For example, the Copper River subsistence fishery, like the Kuskokwim and Yukon Rivers, has experienced precipitous declines in its salmon runs, but is clearly a target for the State to apply its "All Alaskans" policy and directly challenge federal management.[20] For villages and rural residents throughout Alaska, including Ahtna Tene Nené's member Tribes and Ahtna, Inc.'s shareholders, the threat of the State's unlawful interference with the rural subsistence priority guaranteed by ANILCA has never been greater.[21] A statewide injunction is in the public interest[22] and is necessary to prevent confusion to both federally qualified subsistence users and non-federally qualified subsistence users throughout the state.

While this Court cannot, alone, reverse the devastating salmon declines that threaten the rural subsistence way of life in much of Alaska, it can help protect what remains of those salmon runs by enjoining the State from asserting jurisdiction it does not possess and violating ANILCA's federal protections. The Plaintiff-Intervenors respectfully request that the Court grant summary judgment in favor of all Plaintiffs.

---

[19] *See* ECF No. 70 at 14–16.

[20] *See* ECF No. 38 at 3–5.

[21] *See id.* at 3–4.

[22] *See* ECF No. 35 at 18.

DATED this 28th day of July, 2023, at Anchorage, Alaska.

SONOSKY, CHAMBERS, SACHSE
  MILLER & MONKMAN, LLP
*Counsel for Intervenor-Plaintiff*
*Kuskokwim River Inter-Tribal Fish Commission*

By:   */s/ Nathaniel Amdur-Clark*
        Nathaniel Amdur-Clark, AK Bar No. 1411111
        Whitney A. Leonard, AK Bar No. 1711064


NATIVE AMERICAN RIGHTS FUND
*Counsel for Intervenor-Plaintiffs*
*Association of Village Council Presidents,*
  *Betty Magnuson, and Ivan Ivan*

By:   */s/ Matthew N. Newman (consent)*
        Erin C. Dougherty Lynch, AK Bar No. 0811067
        Matthew N. Newman, AK Bar No. 1305023
        Megan R. Condon, AK Bar No. 1810096


LANDYE BENNET BLUMSTEIN LLP
*Counsel for Intervenor-Plaintiffs*
*Ahtna Tene Nené and Ahtna, Inc.*

By:   */s/ Andrew Erickson (consent)*
        John M. Sky Starkey, AK Bar No. 8611141
        Anna C. Crary, AK Bar No. 1405020
        Andrew Erickson, AK Bar No. 1605049

## Certificate of Service

I certify that on July 28, 2023, a copy of the foregoing document was served via ECF on all counsel of record.

*/s/ Nathaniel H. Amdur-Clark*
Nathaniel H. Amdur-Clark