TODD KIM  
Assistant Attorney General  
United States Department of Justice  
Environment and Natural Resources Division  

PAUL A. TURCKE (Idaho Bar No. 4759)  
Trial Attorney  
Natural Resources Section  
1290 West Myrtle Street, Suite 500  
Boise, ID 83702  
202-532-5994 ‖ 202-305-0275 (fax)  
paul.turcke@usdoj.gov  

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>and<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, et al.,<br><br>Intervenor-Plaintiffs,<br><br>v.<br><br>THE STATE OF ALASKA, et al.,<br><br>Defendants. | Case No. 1:22-cv-00054-SLG |

**REPLY IN SUPPORT OF JOINT MOTION FOR EXTENSION OF TIME**

  The United States and Intervenor-Plaintiffs Kuskokwim Inter-Tribal Fish

Commission, et al. (collectively, "Movants") have jointly moved to extend the remaining

*United States v. Alaska*    Case No. 1:22-cv-00054-SLG  
REPLY IN SUPPORT OF JOINT MOTION FOR EXTENSION OF TIME    1

Case 1:22-cv-00054-SLG   Document 86   Filed 09/22/23   Page 1 of 6

three deadlines in the schedule for briefing cross-motions for summary judgment, ECF No. 83 ("Motion"). Defendants State of Alaska, et al. (the "State"), have filed a response in opposition to the motion, ECF No. 85 ("Defs.' Opp'n"). Movants hereby reply, and respectfully request that the Court grant the Motion for the following three reasons.

*First*, the State's asserted prejudice bears no resemblance to that considered in *Western Shoshone National Council v. Molini*, 951 F.2d 200 (9th Cir. 1991); *see* Defs.' Opp'n 2. That case involved an appeal by tribal interests from a district court ruling that granted summary judgment for the State of Nevada Department of Wildlife, and denied the Shoshone's request for leave to amend their complaint over two and a half years after the litigation had commenced. *Molini*, 951 F.2d at 204. It was under these circumstances that the Circuit panel upheld the district court's refusal to allow the amendment and noted that "Nevada has been subjected to an injunction during the entire course of the litigation." *Id*. The injunction in that case, moreover, was the result of a stipulation, whereby "the State of Nevada refrained from enforcing its wildlife laws upon Western Shoshone hunting and fishing, except in respect to certain species of animals considered vulnerable to harvesting[,]" and "[t]he parties cooperated amicably under the terms of the injunction." Pet. for Writ of Certiorari, No. 91-1916, 1992 WL 12074363, at *5 (U.S. June 1, 1992). This contrasts sharply with the injunction here, which reflects the Court's findings that the United States has shown a likelihood of succeeding on the merits and of suffering irreparable injury in the absence of a preliminary injunction, and that the balancing of equities and public interest favor a preliminary injunction.

*Second*, the State has not plausibly explained how it will suffer prejudice. The State explains that it "seeks an expeditious resolution of the case so that it can be relieved from the Court's injunction or, if necessary, appeal to the Ninth Circuit." Defs.' Opp'n 2, ECF No. 85. This accords with the Motion's observation that, at least in this Court, "[e]ven with the extension, there should be sufficient time to resolve the merits of this dispute in advance of the next fishing season." Motion 3, ECF No. 83. If the Court grants the State's cross-motion for summary judgment, the current injunction will likely be lifted. The State's claim of prejudice thus boils down to the assertion that if the Movants prevail in this Court and "an appeal is necessary, the injunction may still be in place at the start of the 2024 fishing season." Defs.' Opp'n 3. But that scenario has nothing to do with the extension – it takes roughly 18 to 24 months to resolve a typical Ninth Circuit appeal. The State might have attempted to avoid this reality by filing a preliminary injunction appeal, but declined to do so.[1]

*Third*, the inability to resolve this case sooner and the need for the extension reflect, in meaningful part, the State's own tactical choices in conducting this litigation. The State asserted various counter-claims challenging the validity of the federal orders, including under the Administrative Procedure Act ("APA"). *See* Answer 15-18, ECF No. 33. The Court found it appropriate to bifurcate the APA and non-APA claims and to

---

[1] The State did not propose a deadline for its reply under Movants' proposed extension, so Movants selected December 8 to expand the interval between briefs and accommodate the holidays. *See* Motion 3. In light of the specific deadlines the State has now identified in its response, Defs.' Opp'n 3, Movants do not object to adding additional time to the State's reply deadline if the Court feels doing so is warranted.

"first determine the APA counter-claims pleaded by Defendants." Initial Case Scheduling and Planning Order 2, ECF No. 49. This required the United States to file an administrative record, and the parties stipulated to a schedule for presenting the APA counter-claims. *See* Stip. to Set Briefing Schedule 2, ECF No. 62. But on the verge of filing its opening brief, the State stipulated to dismiss its counter-claims. *See* Joint Stip. of Dismissal of State Defs.' Counterclaims, ECF No. 64. These procedural hiccups meaningfully delayed presentation of the merits. And then the State expanded the scope of the dispute through its cross-motion, ECF No. 73, which declines to engage the preemption analysis but focuses instead on whether ANILCA Title VIII even applies to subsistence harvest in navigable waters and asserts the Federal Subsistence Board has always been unconstitutional. Any prejudice here would be felt by Movants if forced to address these new issues under the inadequate one-week extension proposed by the State.

    The Motion seeks a modest extension of the briefing schedule that is typically necessary and routinely agreed upon by parties/counsel that appear on this Court's recurring docket of environmental cases. The Movants request that the Court grant the Motion.

    Respectfully submitted this 22nd day of September 2023.

                                                                                   TODD KIM
                                                                                  Assistant Attorney General
                                                                                  United States Department of Justice
                                                                                  Environment and Natural Resources Division

                                                                                 */s/ Paul A. Turcke*
                                                                                 PAUL A. TURCKE (Idaho Bar No. 4759)
                                                                                 Trial Attorney, Natural Resources Section

1290 West Myrtle Street, Suite 500
Boise, ID 83702
202-532-5994 || 202-305-0275 (fax)
paul.turcke@usdoj.gov

*Counsel for Plaintiff*

Of Counsel:

KENNETH M. LORD
Office of the Regional Solicitor
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-4184
ken.lord@sol.doi.gov

SONOSKY, CHAMBERS, SACHSE
MILLER & MONKMAN, LLP

By: */s/ Nathaniel Amdur-Clark* (consent)
    Nathaniel Amdur-Clark
    Alaska Bar No. 1411111
    Whitney A. Leonard
    Alaska Bar No. 1711064

*Counsel for Intervenor-Plaintiff Kuskokwim River Inter-Tribal Fish Commission*

NATIVE AMERICAN RIGHTS FUND

*/s/ Matthew N. Newman* (consent)
Erin C. Dougherty Lynch (AK Bar No. 0811067)
Matthew N. Newman (AK Bar No. 1305023)
Megan R. Condon (AK Bar No. 1810096)
Maggie Massey (AK Bar No. 1911098)

*Counsel for Intervenor-Plaintiff Association of Village Council Presidents*, et al.

LANDYE BENNETT BLUMSTEIN LLP

By: */s/ Andrew Erickson* (consent)
    John M. Sky Starkey (Alaska Bar. No. 8611141)

Anna C. Crary (Alaska Bar No. 1405020)
Andrew Erickson (Alaska Bar No. 1605049)

*Counsel for Intervenor-Plaintiff Ahtna Tene Nené, et al.*

# CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Paul A. Turcke*
Paul A. Turcke