TREG TAYLOR
ATTORNEY GENERAL

Margaret Paton-Walsh (Alaska Bar No. 0411074)
Aaron C. Peterson (Alaska Bar No. 1011087)
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
margaret.paton-walsh@alaska.gov
aaron.peterson@alaska.gov

J. Michael Connolly (*pro hac vice*)
Steven C. Begakis (*pro hac vice*)
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
mike@consovoymccarthy.com
steven@consovoymccarthy.com

*Attorneys for the State of Alaska*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    *Plaintiff*, )<br>)<br>KUSKOKWIM RIVER INTER-TRIBAL )<br>FISH COMMISSION, *et al.*, )<br>    *Intervenor Plaintiffs*, )<br>)<br>v. )<br>)<br>STATE OF ALASKA, *et al.*, )<br>    *Defendants*. )<br>_____) | Case No.: 1:22-cv-54 (SLG) |

**DEFENDANTS' OPPOSITION TO ALASKA FEDERATION OF NATIVES'
MOTION TO INTERVENE**

The United States filed this lawsuit more than 16 months ago. Since then, three sets of intervenors representing Alaska Natives successfully intervened in this case. Last summer, the parties agreed that this case would likely be resolved by summary judgment, and all parties have now moved for summary judgment. Briefing will be completed soon, and the Court has assured the parties that it will rule expeditiously given the forthcoming salmon season.

Yet now the Alaska Federation of Natives ("AFN") has filed an eleventh-hour motion to intervene in this case. AFN argues that its lengthy delay should be excused because the importance of this case wasn't made clear until the State's latest filing. But the entire basis of Ahtna's intervention—which was filed more than a year ago—was that this case implicates "the scope of federal jurisdiction to enforce a rural subsistence priority on navigable waterways under *Katie John* after *Sturgeon*."[1] And this Court agreed. AFN has no excuse for its excessive delay.

Even worse, permitting AFN to intervene will severely prejudice the State. The State has repeatedly stressed its interest in moving expeditiously, and the Court has acknowledged these interests. AFN's promise to adhere to the Court's briefing schedule makes little sense. AFN's proposed complaint raises two new counts. If it files a "joinder" to the United States' motion for summary judgment, the State will never have a chance to respond. Nor can AFN file an "opposition" on November 3 because the State hasn't moved for summary judgment against AFN—since AFN is not a party to this action. The likely

---

[1] Dkt. 38 at 17.

*United States v. Alaska*                                                    Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene                                         1
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 2 of 19

result of AFN's intervention: a further delayed and duplicative briefing schedule to accommodate AFN's late addition to this case. This prejudice alone warrants denial of AFN's motion.

AFN, by contrast, will not suffer prejudice if its motion is denied. The United States and three sets of intervenors—who all are well represented and share the same ultimate objective—are more than capable of litigating their claims. At the same time, the State would not object to AFN filing an amicus brief on November 3, along with the other Intervenors. That option would allow AFN to present its views without further delaying this case and harming the State's interests in an expeditious resolution of this case. The motion to intervene should be denied.

## BACKGROUND

On May 17, 2022, the United States sued the State of Alaska.[2] In Count I, the United States sought a declaratory judgment that the State's "emergency orders purporting to open harvest on the public waters of the Kuskokwim River during the federal closure in 2021 and 2022, and any similar actions interfering with or in contravention of federal orders addressing ANILCA Title VIII and applicable regulations, are invalid, null, and void."[3] In Count II, the United States sought a preliminary and permanent injunction preventing the State "from taking similar actions interfering with or in contravention of federal orders addressing ANILCA Title VIII and applicable regulations."[4]

---

[2] Dkt. 1.
[3] *Id*. at 24; *see id*. at 19-23.
[4] *Id*. at 24; *see id*. at 23-24.

*United States v. Alaska*      Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene      2
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 3 of 19

On May 31, 2022, two weeks after the United States filed its complaint, the Kuskokwim River Inter-Tribal Fish Commission ("KRITFC") moved to intervene in this action.[5] KRITFC is an "inter-tribal consortium that represents the Federally Recognized Indian Tribes of the Kuskokwim River watershed concerning fisheries management matters," and it sought to protect the "interests of the federally recognized Indian tribes of the Kuskokwim River watershed to continue their subsistence-based way of life."[6] KRITFC raised no new claims and sought the same relief as the United States.[7] The Court granted the motion to intervene.[8]

On June 10, 2022, the Association of Village Council Presidents, Betty Magnuson, and Ivan Ivan (collectively "AVCP") moved to intervene.[9] AVCP is a "non-profit tribal consortium representing the 56 federally recognized Tribes in the Yukon-Kuskokwim region," and it sought to "protec[t] subsistence fishing along the Kuskokwim River" and its "broader interest in the continued vitality of the federal trust responsibility."[10] AVCP raised no new claims and sought the same relief as the United States.[11] The Court granted the motion to intervene.[12]

---

[5] Dkt. 12.
[6] *Id.* at 1, 6-7.
[7] Dkt. 12-1 at 2, 6-7.
[8] Dkt. 29.
[9] Dkt. 19.
[10] Dkt. 19-1 at 2, 12.
[11] Dkt. 19-2 at 2, 5.
[12] Dkt. 37.

*United States v. Alaska*                                                Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene                                            3
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 4 of 19

On June 21, 2022, the State filed its Answer to the United States' complaint. In its Answer, the State asserted that the United States' claims failed because, among other reasons, (1) the "Kuskokwim River … is not 'public land' under ANILCA"; and (2) "[t]he Federal Subsistence Board violates the Appointments Clause of the United States Constitution and therefore its regulations are invalid and cannot preempt state law."[13]

On July 1, 2022, Ahtna Tene Nené and Ahtna, Inc. (collectively, "Ahtna") moved to intervene. Ahtna represents the interests of "more than 2,000 Ahtna Athabaskan shareholders" and "the eight federally recognized Native Villages in the Ahtna region," and it sought to "defend the application of the rural subsistence priority guaranteed by Title VIII of [ANILCA] to public lands, including certain navigable waters, as determined and affirmed by the Ninth Circuit."[14] Ahtna sought to intervene because the State had "explicitly expressed [an] intention" to "challenge the *Katie John* precedent in the wake of *Sturgeon v. Frost*," and Ahtna argued that the key question in this case was "the scope of federal jurisdiction to enforce a rural subsistence priority on navigable waterways under *Katie John* after *Sturgeon*."[15] Ahtna raised no new claims and sought similar relief as the United States.[16]

This Court granted Ahtna's motion, holding that intervention was appropriate because "the lengthy *Katie John* litigation at issue stemmed from *Katie John*, an Ahtna

---

[13] Dkt. 33 at 14-15.
[14] Dkt. 38 at 1-2, 3-4.
[15] *Id.* at 7, 17.
[16] Dkt. 38-1 at 2, 7.

*United States v. Alaska*                          Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene                  4
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 5 of 19

elder, and thus Ahtna has unique ties to the precedent that the State appears to seek to overturn."[17] The Court further ordered that "all Intervenor-Plaintiffs shall meet and confer prior to the filing of any motion, responsive filing, or merits brief to determine whether their positions may be set forth in a consolidated document," and that "separate filings by these Intervenors shall include a certificate of compliance with this requirement and briefly describe the need for separate filings."[18]

On May 18, 2023, the parties filed a proposed briefing schedule with the Court.[19] The parties "agree[d] that the case can likely be resolved by cross-motions for summary judgment because the remaining issues are primarily questions of law."[20] The Court adopted the parties' proposed schedule.[21] On July 21, 2023, the United States moved for summary judgment on its claims, and on July 28, 2023, KRIFTC, AVCP, and Ahtna, through a single brief, moved for summary judgment on their claims.[22] On September 1, the State filed a brief opposing the United States' and the Intervenors' motions for summary judgment.[23] The State also moved for summary judgment.[24] In line with its Answer, the State argued that it was entitled to summary judgment because (1) "the

---

[17] Dkt. 47 at 5.
[18] *Id*. at 7-8.
[19] Dkt. 67.
[20] *Id*. at 2.
[21] Dkt. 68.
[22] Dkts. 70, 71.
[23] Dkt. 72.
[24] Dkt. 73.

*United States v. Alaska*  Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene  5
Case 1:22-cv-00054-SLG   Document 94   Filed 10/03/23   Page 6 of 19

Kuskokwim River is not 'public land' under ANILCA" and (2) "the FSB members were not properly appointed" under the Appointments Clause.[25]

On September 19, the United States filed a motion to extend the briefing schedule by an additional six weeks.[26] The State opposed the motion, arguing that it has "'been subjected to an injunction during [nearly] the entire course of the litigation,'" and the "'lapse of time' caused by an extension will 'further prejudice' the State by preventing it from enforcing its laws and regulations on the Kuskokwim."[27] The State noted that it has continually sought "an expeditious resolution of this case so that it can be relieved from the Court's injunction or, if necessary, appeal to the Ninth Circuit."[28] The Court granted the United States' motion.[29] In doing so, however, the Court "acknowledge[d] the parties' interest, and particularly the State's interest, in the prompt resolution of this matter."[30] The Court assured the State that it would "endeavor to issue a decision on the cross-motions for summary judgment before the start of next year's fishing season."[31] Under the amended briefing schedule, the United States must file its combined reply and opposition on October 27; the Intervenors must file their combined reply and opposition on November 3; and the State must file its reply on December 8.[32]

---

[25] Dkt. 73 at 27-43.
[26] Dkt. 83.
[27] Dkt. 85 at 1 (quoting *W. Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)).
[28] *Id.*
[29] Dkt. 88.
[30] *Id.* at 2.
[31] *Id.*
[32] *Id.* at 1-2.

*United States v. Alaska*             Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene             6
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 7 of 19

On September 26, AFN filed a motion to intervene. Unlike the Intervenors, AFN proposes to bring two new counts against the State. In Count I, AFN seeks a declaration that "passage of Title VIII of ANILCA was a constitutional exercise of Congress' authority, whether under the Reserved Water Rights Doctrine, the Property Clause, the Commerce Clause, and/or any other applicable clause of the United States Constitution or power arising under the Constitution."[33] In Count II, AFN seeks injunctive relief "barring Defendants from taking any actions contrary to the United States' exercise of its authority through Title VIII of ANILCA to regulate subsistence activities and priority."[34]

In its motion, AFN states that it "will file a joinder to the United States' Motion for Summary Judgment,"[35] even though AFN raises new claims and the deadline for the State to oppose motions for summary judgment has expired. And AFN promises to "file a reply in support of that motion and [an] opposition to the State's cross-motion by the deadline ordered by this Court for Intervenor-Plaintiffs, November 3,"[36] even though the State has not filed a motion for summary judgment against AFN and the deadline for the State to do so has expired. Unlike the Intervenors, which have filed one consolidated motion for summary judgment, AFN proposes to file a separate brief, in addition to the United States' and the Intervenors' briefs.[37]

---

[33] Dkt. 89-1 at 6.
[34] *Id*.
[35] Dkt. 92 at 2.
[36] *Id*.
[37] *Id*.

*United States v. Alaska*                                                                            Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene                                      7
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 8 of 19
*United States v. Alaska* — Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene — 7
Case 1:22-cv-00054-SLG   Document 94   Filed 10/03/23   Page 8 of 19

# ARGUMENT

## I. AFN is not entitled to intervention as of right.

To intervene as a matter of right, the prospective intervenor must show that "(1) its motion is timely; (2) it has a significantly protectable interest relating to the subject of the action; (3) it is so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) its interest is inadequately represented by the parties to the action."[38] Because AFN's motion is untimely and its interests are adequately represented by the United States and the Intervenors, AFN's motion to intervene should be denied.

### A. AFN's motion is untimely.

Timeliness is the "threshold requirement for intervention."[39] It hinges on three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay."[40] The Court must assess all three "factors by reference to the 'crucial date' when 'proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties.'"[41] A party seeking to intervene "must act as soon as he 'knows or has reason to know that his interest might be adversely affected by the outcome of the litigation.'"[42] AFN fails all three factors.

---

[38] *Kalbers v. U.S. Dep't of Justice*, 22 F.4th 816, 822 (9th Cir. 2021) (cleaned up).
[39] *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990) (*Oregon II*).
[40] *Kalbers*, 22 F.4th at 822 (citation omitted).
[41] *Id.* (quoting *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 854 (9th Cir. 2016)).
[42] *Oregon II*, 913 F.2d at 589 (citation omitted).

*United States v. Alaska*  Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene  8
Case 1:22-cv-00054-SLG   Document 94   Filed 10/03/23   Page 9 of 19

*First*, AFN has no justification for its lengthy delay in seeking to intervene. This case was filed more than 16 months ago. During that time period, three sets of intervenors joined the case. AFN concedes that it was "aware of and track[ing] the present litigation."[43] Yet AFN inexplicably waited until now—during the middle of summary-judgment briefing—to seek leave to intervene.

AFN argues that its delay was justified because the State "unexpectedly" raised arguments in its summary judgment motion that made the "statewide implications" of this case clear.[44] But the State's defenses were clearly set forth in its Answer in June 2022, more than a year ago. In its Answer, the State asserted that the United States' claims failed because (1) the "Kuskokwim River … is not 'public land' under ANILCA"; and (2) "[t]he Federal Subsistence Board violates the Appointments Clause of the United States Constitution and therefore its regulations are invalid and cannot preempt state law."[45] Those are the same arguments raised in its combined opposition and motion for summary judgment.[46]

Indeed, the validity of the *Katie John* precedent was the entire justification for Ahtna's intervention. Ahtna sought to intervene because the State had "explicitly expressed [an] intention" to "challenge the *Katie John* precedent in the wake of *Sturgeon v. Frost*," and Ahtna argued that the key question in this case was "the scope of federal jurisdiction

---

[43] Dkt. 89 at 8.
[44] *Id*.
[45] Dkt. 33 at 14-15.
[46] *See* Dkt. 72.

*United States v. Alaska*                                                 Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene                        9
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 10 of 19

to enforce a rural subsistence priority on navigable waterways under *Katie John* after *Sturgeon*."[47] This Court granted Ahtna's motion, holding that intervention was appropriate because "the lengthy *Katie John* litigation at issue stemmed from *Katie John*, an Ahtna elder, and thus Ahtna has unique ties to the precedent that the State appears to seek to overturn."[48] AFN has no explanation for why Ahtna properly assessed the importance of this case more than 14 months ago, but AFN—which was "aware of and track[ing]" the case[49]—could not.[50]

*Second*, the State would suffer severe prejudice if AFN is allowed to intervene, which is "the most important consideration in deciding whether a motion for intervention is untimely."[51] The State has repeatedly stressed that it seeks "an expeditious resolution of this case so that it can be relieved from the Court's injunction or, if necessary, appeal to the Ninth Circuit."[52] This Court has recognized "the State's interest[] in the prompt resolution of this matter," and it has assured the State that it will "endeavor to issue a

---

[47] Dkt. 38 at 7, 17.
[48] Dkt. 47 at 5.
[49] Dkt. 89 at 8.
[50] *See Kang v. Wells Fargo Bank, N.A.*, 2021 WL 4170735, at *3-4 (N.D. Cal. Sept. 14, 2021) (denying motion to intervene as untimely where movant "knew all facts necessary to put him on notice that the present action could impact his rights months ago," and finding "unpersuasive [movant's] explanation that he did not realize intervention would be necessary until he reviewed Plaintiff's response to his objections"); *FTC v. Noland*, 2021 WL 1237206, at *6 (D. Ariz. Apr. 2, 2021) ("The record shows that many of the Proposed Intervenors knew or had reason to know about their interests in this litigation as early as January or February 2020, one year before they moved to intervene. Accordingly, the reason-and-length-of-delay factor weighs strongly against a finding of timeliness.").
[51] *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984) (*Oregon I*).
[52] *Id*.

*United States v. Alaska*      Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene      10
Case 1:22-cv-00054-SLG   Document 94   Filed 10/03/23   Page 11 of 19

decision on the cross-motions for summary judgment before the start of next year's fishing season."[53]

AFN promises that its intervention won't cause "any delay to the existing parties" because it will "prepare summary judgment briefing consistent with the established schedule."[54] But this briefing proposal makes no sense. AFN proposes to "file a joinder" to the United States' motion for summary judgment.[55] But AFN has raised two new counts that were never alleged by the United States and the Intervenors.[56] Without a new briefing schedule, the State will have no opportunity to respond to AFN's "joinder." Similarly, the State has not moved for summary judgment against AFN—because they are not parties to the case. AFN thus cannot file an "opposition" to a motion for summary judgment that the State has not yet filed. Issuing a new summary-judgment briefing schedule to accommodate AFN would force the parties to retread much of the same ground, cause serious delays, and impose duplicative and wasteful costs on the State and this Court. Courts regularly deny motions to intervene in similar circumstances.[57]

---

[53] *Id.*
[54] Dkt. 89 at 10.
[55] Dkt. 92 at 2.
[56] Dkt. 89-1 at 6.
[57] *See, e.g.*, *Chamness v. Bowen*, 2011 WL 3021492, at *3 (C.D. Cal. July 21, 2011) (finding motion to intervene untimely because "if the Court allowed Galacki to intervene, the opposing parties would have to . . . re-file Oppositions to the pending Motion for Summary Judgment to address Galacki's claims. This is especially prejudicial considering the parties' agreement to resolve this case on summary judgment, which is currently pending before the Court."); *First Mercury Ins. Co. v. Law Office of Kenneth B. Schwartz*, 2019 WL 8356254, at *10 (E.D.N.Y. Sept. 4, 2019) (denying motion to intervene where "cross-motions for summary judgment would need to be re-briefed in light of [movant's] claim").

*United States v. Alaska*                                               Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene                                11
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 12 of 19

*Third*, the late "stage of the proceeding" at which AFN seeks to intervene counsels strongly against intervention.[58] Because the parties "have expressed their joint belief [that] this case will be resolved on summary judgment, and a motion for summary judgment is currently pending before the Court, this case is at a very late stage of the litigation."[59] AFN "waited [16] months before seeking to interject itself into the case, only to move the court for full-party participation at a time when the litigation [is] … beginning to wind itself down."[60] As explained, courts regularly deny motions to intervene when it would disrupt summary-judgment briefing.[61] This "additional delay caused by [AFN's] presence is indeed relevant to the timeliness calculus, and counsels against granting [AFN's] motion."[62]

Finally, *Kalbers* is not to the contrary. In *Kalbers*, the movant sought to intervene *before* any of the parties had moved for summary judgment.[63] Here, despite its promises, AFN cannot "comply with the existing summary judgment briefing schedule."[64] And unlike the movant in *Kalbers*, the State's motion for summary judgment was not a "change of circumstances" justifying AFN's delay, as explained above.[65]

---

[58] *Kalbers*, 22 F.4th at 822.
[59] *Chamness v. Bowen*, 2011 WL 3021492, at *3 (C.D. Cal. July 21, 2011).
[60] *LULAC v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997).
[61] *Supra* n.57.
[62] *LULAC*, 131 F.3d at 1304.
[63] 22 F.4th at 820-21.
[64] *Id*.
[65] *Id*. at 826-27.

*United States v. Alaska*                                                                                           Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene                                                               12
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 13 of 19

In sum, all three timeliness factors weigh against AFN. Because timeliness is a "threshold requirement," the Court should deny the motion on that basis.[66]

### B. AFN cannot show that its interests are inadequately represented by the parties to the action.

The "most important factor" in assessing the adequacy of representation is "how the interest compares with the interests of existing parties."[67] "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises."[68] To rebut the presumption, an applicant must make a "compelling showing" of inadequacy of representation.[69] "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents," which must be rebutted with a compelling showing.[70]

Here, AFN doesn't deny that AFN, the United States, and the Intervenors all share the same ultimate objective.[71] Ahtna, for example, seeks to "ensur[e] the United States is able to and continues to provide for and protect a rural priority on all public lands, including navigable waters where the United States holds reserved water rights, pursuant

---

[66] *Oregon II*, 913 F.2d at 588; *e.g.*, *LULAC*, 131 F.3d at 1307 ("In light of our conclusion regarding timeliness, we need not, and do not, address the remaining three factors of the intervention-as-of-right standard.").
[67] *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).
[68] *Id*.
[69] *Id*.
[70] *Id*.
[71] *See, e.g.*, Dkt. 89 at 16 (noting that "the United States and AFN share the same 'ultimate objective'—namely, seeking declaratory and injunctive relief to prevent the State Defendants from undertaking actions directly undercutting the federal rural subsistence priority").

*United States v. Alaska*   Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene   13
Case 1:22-cv-00054-SLG   Document 94   Filed 10/03/23   Page 14 of 19

to Title VIII of ANILCA and the *Katie John* precedent."[72] AFN's interests[73] are thus well represented by the existing parties.

Although AFN has apparently "at times been at odds with the federal government,"[74] the United States will still adequately represent AFN's interests, as the State has previously explained.[75] More important, the Court must "take into account the cumulative effect of the representation of all existing parties."[76] There are *three* sets of Intervenors that are already in this case—all of whom are well-represented and share the same objective as AFN. There is little benefit to "piling on parties" to this case, especially at this late stage of the proceedings.[77] Because AFN "has not alleged any substantive disagreement between it and the existing parties to the suit," this factor too weighs against intervention.[78]

---

[72] Dkt. 38 at 12.

[73] The State, of course, disputes AFN's characterization of the State's position. The State does not "see[k] to void Title VIII of ANILCA." Dkt. 89 at 8. Nor will properly interpreting ANILCA "deal a catastrophic blow to subsistence heritage." *Id*. at 15. As explained in its motion, "state law *mandates* that ADF&G provide reasonable opportunities for subsistence fishing and a priority for subsistence fishing over other uses." Dkt. 73 at 5-6 (emphasis added).

[74] Dkt. 89 at 17.

[75] *See* Dkt. 43 at 7-8.

[76] *People of the State of Cal. v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986).

[77] *See Mass. School of Law at Andover, Inc. v. United States*, 118 F.3d 776, 782 (D.C. Cir. 1997) ("piling on parties" can "result in delay as parties and court expend resources trying to overcome the centrifugal forces springing from intervention, and prejudice will take the form not only of the extra cost but also of an increased risk of error").

[78] *LULAC*, 131 F.3d at 1306.

*United States v. Alaska*  Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene  14
Case 1:22-cv-00054-SLG   Document 94   Filed 10/03/23   Page 15 of 19

## II. The Court should not grant permissive intervention.

Permissive intervention requires, at a minimum, a "timely" motion.[79] "As with motions for intervention as of right, 'a finding of untimeliness defeats a motion for permissive intervention.'"[80] To determine timeliness under Rule 24(b)(2), the Court must "consider precisely the same three factors—the stage of the proceedings, the prejudice to existing parties, and the length of and reason for the delay."[81] But "[i]n the context of permissive intervention," the Court must assess the "timeliness element more strictly than [it does] with intervention as of right."[82]

As explained above, the motion to intervene as of right is untimely. AFN has no excuse for not moving to intervene sooner; intervention would cause severe prejudice to the State by disrupting the summary-judgment briefing schedule; and AFN seeks to intervene midway through the final stage of district court proceedings. Because timeliness is measured even "more strictly" in the context of permissive intervention, AFN's motion to intervene is especially untimely for permissive intervention.[83]

Moreover, even if AFN's motion were timely, the Court still "has discretion to deny permissive intervention."[84] Undue delay, unfair prejudice, and judicial economy are among

---

[79] Fed. R. Civ. P. 24(b).
[80] *LULAC*, 131 F.3d at 1308; *Oregon I*, 913 F.2d at 589 ("A finding of untimeliness defeats [a] motion [for permissive intervention] as well.")
[81] *LULAC*, 131 F.3d at 1308.
[82] *Id.*
[83] *See, e.g.*, *SEC v. Small Bus. Capital Corp.*, 2014 WL 3749900, at *7 (N.D. Cal. July 29, 2014) ("Since the Court has already found that Prospective Intervenor's motion was untimely, no further analysis is necessary.").
[84] *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

*United States v. Alaska*                                                                                            Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene                                                           15
Case 1:22-cv-00054-SLG   Document 94   Filed 10/03/23   Page 16 of 19

the relevant considerations when exercising this discretion.[85] For the reasons explained above, those factors too weigh in favor of denying permissive intervention.

### III. The Court should invite AFN to file an *amicus* brief.

The State has no objection to AFN representing its interests by filing an *amicus* brief on the same schedule as the Intervenors. Indeed, this is not unusual for AFN. As AFN notes, it frequently files *amicus* briefs in other "lawsuit[s] with potential statewide implications to subsistence,"[86] and AFN never explains why that option would be insufficient here. Courts regularly allow parties to file *amicus* briefs in similar circumstances.[87]

## CONCLUSION

The Court should deny AFN's motion to intervene.

---

[85] *Id.*; *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989).
[86] Dkt. 89 at 14-15.
[87] *See, e.g.*, *Nat'l Urban League v. Ross*, 2020 WL 6290353 (N.D. Cal Oct. 26, 2020) ("[T]he [movants'] best course going forward … is to file amicus briefs that supplement the parties' thorough presentation of the issues.").

*United States v. Alaska*     Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene     16
Case 1:22-cv-00054-SLG   Document 94   Filed 10/03/23   Page 17 of 19

DATED: October 3, 2023        Respectfully Submitted,

TREG TAYLOR
ATTORNEY GENERAL

By: */s/ Margaret Paton-Walsh*

J. Michael Connolly (*pro hac vice*)  
Steven C. Begakis (*pro hac vice*)  
Consovoy McCarthy PLLC  
1600 Wilson Boulevard, Suite 700  
Arlington, VA 22209  
Telephone: (703) 243-9423  
mike@consovoymccarthy.com  
steven@consovoymccarthy.com

Margaret Paton-Walsh  
(Alaska Bar No. 0411074)  
Chief Assistant Attorney General  
*/s/ Aaron C. Peterson*  
Aaron C. Peterson  
(Alaska Bar No. 1011087)  
Senior Assistant Attorney General  
Department of Law  
1031 West Fourth Avenue, Suite 200  
Anchorage, AK 99501  
Telephone: (907) 269-5232  
Facsimile: (907) 276-3697  
margaret.paton-walsh@alaska.gov  
aaron.peterson@alaska.gov

*Attorneys for the State of Alaska*

*United States v. Alaska*        Case No.: 1:22-cv-54-SLG  
Defs' Opp. to AFN's Mot. to Intervene        17  
Case 1:22-cv-00054-SLG    Document 94    Filed 10/03/23    Page 18 of 19

## CERTIFICATE OF SERVICE

I certify that on October 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, serving all counsel of record.

<u>*/s/ Margaret Paton-Walsh*</u>
Margaret Paton-Walsh

*United States v. Alaska*                                         Case No.: 1:22-cv-54-SLG
Defs' Opp. to AFN's Mot. to Intervene                           18
Case 1:22-cv-00054-SLG   Document 94   Filed 10/03/23   Page 19 of 19