# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> and <br><br> KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.,* <br><br> Intervenor Plaintiffs, <br><br> v. <br><br> THE STATE OF ALASKA, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-00054-SLG |

**ORDER RE ALASKA FEDERATION OF NATIVES' MOTION TO INTERVENE**

Before the Court at Docket 89 is the *Alaska Federation of Natives' Motion to Intervene and Memorandum in Support* ("AFN"). Defendants filed a response in opposition to the motion at Docket 94 and AFN filed a reply in support of the motion at Docket 95. No other party opposes AFN's intervention. Oral argument was not requested and is not necessary to the Court's determination.

AFN seeks to intervene in this case "to protect the interests of its 160,000 Alaska Native members,"[1] which it maintains are at risk of being "profoundly impair[ed]" if the State prevails on its "argument for reinterpretation of Title VIII of

---

[1] Docket 89 at 2-3.

[the Alaska National Interest Lands Conservation Act ("ANILCA")] only recently advanced by State Defendants."[2]

In its opposition, the State primarily focuses on the lack of timeliness of AFN's request. It asserts it will be "severely prejudice[d]" if AFN is permitted to intervene at this time because summary judgment briefing is well underway and because AFN's proposed complaint raises two new counts, increasing the likelihood of further delay of these proceedings.[3] The State suggests that instead of permitting AFN to intervene, it would "not object to AFN filing an amicus brief on November 3," the current due date for the other intervenors' briefing.[4]

Federal Rule of Civil Procedure 24(a)(2) requires district courts to permit an applicant to intervene if the applicant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

When analyzing a motion to intervene of right under Rule 24(a)(2), a court applies a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest;

---

[2] Docket 89 at 2.

[3] Docket 94 at 2.

[4] Docket 94 at 3.

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 2 of 11
Case 1:22-cv-00054-SLG Document 96 Filed 10/12/23 Page 2 of 11

and (4) the applicant's interest must be inadequately represented by the parties to the action.[5]

Although the applicant must establish each of the four elements, "'the requirements for intervention are [to be] broadly interpreted in favor of intervention.'"[6]

The two elements challenged here by the State are the timeliness of AFN's motion and the adequacy of the representation of AFN's interests by the current parties.

### A. The Timeliness of AFN's Motion to Intervene

"The first element, timeliness, 'is the threshold requirement for intervention.'"[7] Timeliness hinges on three factors: "'(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.'"[8]

As the Ninth Circuit recently explained,

> In analyzing timeliness, we are also mindful of the balance of policies underlying intervention. On the one hand, we "discourage premature intervention" that unnecessarily "squander[s] scarce judicial resources and increase[s] litigation costs." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376–77 (5th Cir. 2001). On the other hand, we favor intervention because it "serves both efficient resolution of issues and broadened access to the courts." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (en banc) (citation

---

[5] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

[6] *Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 853 (9th Cir. 2016) (alteration in original) (quoting *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004)).

[7] *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (quoting *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990)).

[8] *Id.* (quoting *Smith*, 830 F.3d at 854).

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 3 of 11
Case 1:22-cv-00054-SLG   Document 96   Filed 10/12/23   Page 3 of 11

omitted). Accordingly, while we construe the intervention motions that we receive liberally, *id.*, we do not require hasty intervention. *See also John Doe No. 1*, 256 F.3d at 375 ("[T]imeliness is not a tool of retribution to punish the tardy would-be intervener, but rather a guard against prejudicing the original parties by the failure to apply sooner." (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994))); *Utah Ass'n of Cntys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (same); *City of Chicago*, 870 F.2d at 1263 ("The purpose of the requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." (citation omitted)).[9]

Applying these considerations to the timeliness factors, the Court addresses each of the three factors as follows:

1. *The Length of and Reason for Delay*

AFN asserts that the reason for its delay in seeking intervention was that, until the State filed its motion for summary judgment in early September 2023, AFN did not anticipate that the State would seek the invalidation of the rural subsistence priority established in Title VIII of ANILCA. The State argues that the fact that the State might assert such a claim in this case should have been clear to AFN no later than July 2022, when Ahtna Tene Nené and Ahtna, Inc. ("Ahtna") moved to intervene on that very basis.

The State cites extensively to Ahtna's July 2022 briefing filed in support of its motion to intervene. Based on Ahtna's review of the State's answer, Ahtna stated that it was "mov[ing] to intervene in this action to defend the application of

---

[9] *Id.* at 823.

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 4 of 11
Case 1:22-cv-00054-SLG   Document 96   Filed 10/12/23   Page 4 of 11

the rural subsistence priority guaranteed by Title VIII of [ANILCA]."[10] Ahtna argued then that if the State's attack was successful, it would "have far-reaching consequences extending well beyond the Kuskokwim River."[11] But the State, in its opposition to Ahtna's motion, disputed Ahtna's assertion. Rather, the State's opposition in July 2022 described this case as a regional dispute, involving "a federal preemption claim by the United States against the State of Alaska relating to the management of fisheries on the Kuskokwim River."[12] The State asserted that because Ahtna did not have land or "subsistence users" near the Kuskokwim River, it did not have the requisite "significant protectable interest" to warrant intervention.[13] The *Katie John* trilogy of decisions is not cited in the State's opposition to Ahtna's motion. And, after the Court granted Ahtna's motion, the State, in its answer to the allegation in Ahtna's complaint that the State was "abandon[ing] its long-standing legal position that the *Katie John* decisions 'should not' be disturbed,"[14] responded by "den[ying] that it has abandoned any long-standing legal position; it has merely included all available legal defenses in its answer to the United States' complaint."[15]

---

[10] Docket 38 at 1-2.

[11] Docket 38 at 3.

[12] Docket 43 at 2.

[13] Docket 43 at 2-4.

[14] Docket 38-1 at 6, ¶ 14.

[15] Docket 50 at 3, ¶ 14.

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 5 of 11

Given the ambiguity in the State's position regarding the validity of the rural subsistence priority in ANILCA's Title VIII prior to the filing of its September 2023 brief, and the Ninth Circuit's caution against requiring "hasty intervention," the Court finds that this factor tips slightly toward a finding that AFN's motion to intervene was timely when filed within weeks of the State's clear statement, on September 1, 2023, that it is seeking the invalidation of the rural subsistence priority set forth in Title VIII of ANILCA.

*2. The Stage of the Proceeding*

The trial court case is moving toward its conclusion. Two rounds of summary judgment briefing have been filed; two additional rounds are outstanding. The existing parties have all agreed that this case should be determined on summary judgment. Thus, the trial court phase of this case is at a relatively advanced stage, although the State did not clearly articulate its position on Title VIII until just last month. This factor weighs slightly against a finding that the intervention motion is timely.[16]

---

[16] The State asserts that "Courts regularly deny motions to intervene in similar circumstances." Docket 94 at 12. But the two cases it cites for that proposition were both cases in which the summary judgment briefing had concluded and the matters were already under advisement, which is not the case here at this time. *See* Docket 94 at 12, n.57.

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 6 of 11
Case 1:22-cv-00054-SLG   Document 96   Filed 10/12/23   Page 6 of 11

### 3. The Prejudice to the Parties

"[P]rejudice must be connected in some way to the timing of the intervention motion" and "the fact that including another party in the case might make resolution more 'difficult' does not constitute prejudice."[17]

Here, the State asserts that if the Court grants the motion to intervene, it will delay the resolution of the summary judgment motions, thereby severely prejudicing the State.[18] And the State maintains that AFN's proposed complaint contains two additional claims that have not been raised by any of the existing parties to which the State would not have an opportunity to be respond.[19] AFN responds that any such prejudice can be eliminated because AFN would comply with the existing briefing schedule; therefore, the only prejudice to the State created by AFN's intervention would be the need for the State to reply to AFN's briefing, which is not considered actual prejudice in this context.[20] Further, as to the two claims in its proposed complaint, AFN maintains that one claim closely parallels the Federal Plaintiff's claim, and the second claim is the mirror image of the State's affirmative defense, which this Court would be empowered to grant under Federal Rule of Civil Procedure 56(f).

---

[17] *Kalbers*, 22 F.4th at 825 (quoting *Oregon*, 745 F.2d at 552-53).

[18] Docket 94 at 11-12.

[19] Docket 94 at 12.

[20] Docket 95 at 8 (citing *Kalbers*, 22 F.4th at 826 (holding no prejudice because proposed intervenor "offered to comply with the existing summary judgment briefing schedule")).

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 7 of 11

The Court agrees with AFN that AFN can intervene at this time in a manner that would accord the State the opportunity to oppose AFN's arguments while not causing delay in the determination of the summary judgment motions, thereby eliminating any cognizable prejudice to the State. Therefore, the Court finds this factor weighs strongly in favor of finding the intervention motion to be timely, as a "lack of prejudice weighs heavily in favor of timeliness."[21]

For the foregoing reasons, the Court finds that AFN's motion to intervene is timely.

### B. The Adequacy of the Existing Parties' Representation

AFN acknowledges that it shares the same "ultimate objective" as the Federal Plaintiff in this action, which would normally create a presumption that the Federal Plaintiff would adequately represent AFN's interests.[22] But it asserts that that presumption is rebutted here "given the long history of litigation between the Alaska Native community and the United States related to ANILCA."[23] And in its reply, AFN stresses the right to participate in a subsequent appeal if its motion to intervene is granted by this Court—a right it would not have if participating before

---

[21] *Kalbers*, 22 F.4th at 826.

[22] Docket 89 at 16-17 (citing *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001)).

[23] Docket 89 at 17 (citing motion to intervene by the Kuskokwim River Inter-Tribal Fish Commission at Docket 12, page 13, which cited *Native Vill. of Quinhagak v. United States*, 35 F.3d 388 (9th Cir. 1994)).

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 8 of 11
Case 1:22-cv-00054-SLG   Document 96   Filed 10/12/23   Page 8 of 11

this Court as an amicus.[24]  AFN also emphasizes that it "has long been a stakeholder fighting to protect subsistence interests that are fundamental to Alaska Native peoples' cultures, traditions, and food security, including through its involvement in the passage of ANCSA, and then Title VIII of ANILCA," followed by its participation as a party in all three *Katie John* cases.[25]

Based on the foregoing, the Court finds that AFN has demonstrated that AFN's interests and the interests of its members are not adequately protected by the existing parties to this litigation.

### C. The Remaining Two Elements

AFN has demonstrated, and the State does not dispute, that AFN has a significantly protectable interest in the rural subsistence priority set forth in ANILCA and that it is so situated that the disposition of this action as proposed by the State would impair its ability to protect that interest.

### D. Conclusion and Order

Because AFN meets each of the four requirements for intervention as of right under Rule 24(a), AFN's motion to intervene at Docket 89 is GRANTED.  AFN shall immediately file a clean copy of its proposed complaint at Docket 89-1.

In an effort to any delay of this proceeding that the granting of this motion might cause, the Court further orders and provides notice to the parties as follows:

---

[24] Docket 95 at 14 (citing *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 607 (9th Cir. 1978); *Diamond v. Charles*, 476 U.S. 54, 68 (1986)).

[25] Docket 95 at 14; Docket 89 at 2.

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 9 of 11
Case 1:22-cv-00054-SLG   Document 96   Filed 10/12/23   Page 9 of 11

1. AFN may immediately file a one-page joinder in Federal Plaintiff's motion for summary judgment. No legal argument shall be included in that joinder.

2. The State's Motion for Summary Judgment filed at Docket 73 is deemed to have been filed against AFN in addition to all the other named parties to this action.[26]

3. AFN may file its opposition to the State's motion for summary judgment on or before November 3, 2023, and shall comply with the provisions of Court's order at Docket 47.

4. Pursuant to Rule 56(f), Federal Rules of Civil Procedure, the Court gives notice to the parties that it may grant summary judgment to AFN on the claims raised in its Complaint in Intervention. By according this notice, the Court is not expressing any opinion at this time as to the merits of any party's claims, including AFN's claims in its Complaint in Intervention. Rather, the sole purpose of this notice is to accord to the State a reasonable time to respond in its reply to the arguments that may be advanced by AFN in its opposition to the State's summary judgment motion.

---

[26] *See* Rule 1, Federal Rules of Civil Procedure (stating that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 10 of 11
Case 1:22-cv-00054-SLG   Document 96   Filed 10/12/23   Page 10 of 11

IT IS SO ORDERED this 12th day of October 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:22-cv-00054-SLG, *USA v. SOA, et al.*
Order re Alaska Federation of Natives' Motion to Intervene
Page 11 of 11
Case 1:22-cv-00054-SLG   Document 96   Filed 10/12/23   Page 11 of 11