Jahna M. Lindemuth (AK No. 9711068)
Scott M. Kendall (AK No. 0405019)
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, Alaska 99501
Phone: (907) 222-7932
Fax: (907) 222-7938
jahna@cashiongilmore.com
scott@cashiongilmore.com

*Attorneys for Intervenor-Plaintiff Alaska Federation of Natives*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.*,<br><br>Intervenor Plaintiffs,<br><br>v.<br><br>STATE OF ALASKA, *et al.*,<br><br>Defendants. | Case No. 1:22-CV-00054-SLG |

**COMPLAINT IN INTERVENTION BY ALASKA FEDERATION OF NATIVES**

Intervenor-Plaintiff Alaska Federation of Natives ("AFN"), by and through counsel,

Cashion Gilmore & Lindemuth, hereby files this Complaint against Defendants, State of

COMPLAINT IN INTERVENTION OF ALASKA FEDERATION OF NATIVES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*      Page 1 of 8

Case 1:22-cv-00054-SLG   Document 97   Filed 10/13/23   Page 1 of 8

Alaska, the Alaska Department of Fish and Game, and Commissioner Douglas Vincent-Lang (collectively, "Defendants"), by stating and alleging as follows:

1. This is an action in intervention in the above-captioned suit filed by Plaintiff the United States of America seeking (1) a declaratory judgment stating that actions taken by Defendants interfering with or in contravention of federal orders addressing the Alaska National Interest Lands Conservation Act (ANILCA) Title VIII and applicable regulations are invalid, null, and void; and (2) injunctive relief against the State of Alaska, including all of its officers, employees, and agents, from taking actions interfering with or in contravention of federal orders authorized by ANILCA Title VIII and applicable regulations.

2. This Complaint incorporates the United States' Complaint for Declaratory and Injunctive Relief, ECF No. 1, in its entirety and adopts all arguments and allegations for relief as its own, as supplemented by the additional allegations in this Complaint in Intervention.

3. Intervenor-Plaintiff AFN is the largest statewide Native organization in Alaska. It represents over 160,000 Alaska Natives through its membership, which includes 209 federally recognized tribes, 194 Alaska Native corporations established under the Alaska Native Claims Settlement Act ("ANCSA")—of which 185 are village corporations, 9 are regional corporations, and 10 are regional nonprofit tribal organizations. The mission of AFN is to enhance and advance the cultural, economic, and political voice of the Alaska

COMPLAINT IN INTERVENTION OF ALASKA FEDERATION OF NATIVES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*  Page 2 of 8

Case 1:22-cv-00054-SLG   Document 97   Filed 10/13/23   Page 2 of 8

Native community on matters of mutual concern, including subsistence hunting and fishing. Subsistence is foundational to Alaska Native ways of life and protecting these time-honored traditions is, and has always been, a matter of critical importance for AFN.

4. AFN was formed in 1966 to preserve the land claims—and protect the traditional subsistence hunting, fishing, and gathering practices—of Alaska Natives. From 1966 to 1971, AFN focused almost exclusively on negotiating a fair and just land settlement with the United States Congress that would protect Alaska Native ways of life. This work culminated in the passage of ANCSA in 1971.

5. From 1971 to 1980, AFN divided its attention between righting the subsistence wrongs that ANCSA had failed to remedy, while simultaneously overseeing the implementation of that law. The State, meanwhile, launched actions aimed at eroding the subsistence rights of Alaska Natives. This caused Alaska Natives, primarily through AFN, to go back to Congress once again to secure their hunting, fishing, and gathering rights.

6. In 1980, AFN helped enact the Alaska National Interest Lands Conservation Act ("ANILCA"). In enacting ANILCA, Congress recognized that because the "continuation of the opportunity for subsistence uses of resources on public and other lands in Alaska is threatened by the increasing population of Alaska . . . [and] by increased accessibility of remote areas containing subsistence resources," 16 U.S.C. § 3111(3), it was necessary and in the national interest "to protect and provide the opportunity for continued subsistence uses on the public lands by Native and non-Native rural residents."

COMPLAINT IN INTERVENTION OF ALASKA FEDERATION OF NATIVES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG* Page 3 of 8

Case 1:22-cv-00054-SLG   Document 97   Filed 10/13/23   Page 3 of 8

16 U.S.C. § 3111(4)-(5). Title VIII of the Act reflected Congress's recognition of the importance of prioritizing subsistence activities by Alaska Native peoples.

7. Title VIII provided for the federal government to regulate subsistence on public lands unless and until the State enacted its own rural subsistence priority. Once that was achieved, the State would be allowed to take over jurisdiction of subsistence uses on public lands.

8. The ability of Alaska Native peoples to engage in subsistence activities, particularly fishing, is essential to their food security, as well as to the preservation of Alaska Native ways of life. Alaska Natives make up most of the population in the majority of the State's most remote, roadless regions, where nonsubsistence foods are not as easily or affordably available, further compromising food security. Subsistence, and fish in particular, feeds most rural Native villages. When subsistence resources are taken away, as has happened in the past under State jurisdiction, the result is economic and cultural catastrophe for the communities who rely on those resources.

9. In a legal battle spanning over 23 years,[1] Ahtna elders Katie John, Doris Charles, AFN, and countless other Alaska Native individuals fought to protect the rural subsistence priority for Alaska Native residents, as provided for in Title VIII of ANILCA.

---

[1] Collectively referred to as the *Katie John* trilogy, the cases are *State of Alaska v. Babbitt*, 72 F.3d 698 (9th Cir. 1995); *John v. United States,* 247 F.3d 1032 (9th Cir. 2001); *John v. United States*, 720 F.3d 1214 (9th Cir. 2013).

COMPLAINT IN INTERVENTION OF ALASKA FEDERATION OF NATIVES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG* Page 4 of 8

Case 1:22-cv-00054-SLG   Document 97   Filed 10/13/23   Page 4 of 8

AFN participated as a party in all three cases (the cases before the Ninth Circuit were the result of consolidation of the various underlying District Court cases).

10. Now, in its cross-motion for summary judgment in this case, the State argues that *Sturgeon v. Frost,* 139 S. Ct. 1066 (2019) is "clearly irreconcilable" with the *Katie John* trilogy and asks this Court to overturn that entire line of cases, effectively ending the rural subsistence priority in Title VIII. In other words, the State is asking for this Court to declare that Congress did not have the constitutional power to enact the rural subsistence priority in Title VIII of ANILCA, ending that priority forevermore.

11. Without the fundamental protection of Title VIII's rural subsistence priority, upheld in the *Katie John* trilogy, food security for Alaska Natives will be significantly impaired. Applying the "all Alaskans" policy of the State to navigable waters within the boundaries of federal lands will further diminish what is already, presently, a shortage of fish. The *Katie John* line of cases also provided a fragile equilibrium that marked an end to the subsistence wars of the 1980s and 1990s. That balance must prevail to give effect to Title VIII of ANILCA.

12. The State's actions have already directly harmed Alaska Native communities who rely on the Kuskokwim River for subsistence. The State's further attempts to overturn the longstanding *Katie John* precedent and invalidate Title VIII of ANILCA threaten the entire statewide population of Alaska Natives and their ways of life.

COMPLAINT IN INTERVENTION OF ALASKA FEDERATION OF NATIVES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*   Page 5 of 8

Case 1:22-cv-00054-SLG   Document 97   Filed 10/13/23   Page 5 of 8

## COUNT I

### (Declaratory Relief)

13. In addition to incorporating by reference all allegations and arguments made by the United States, AFN is entitled to a declaration stating that passage of Title VIII of ANILCA was a constitutional exercise of Congress' authority, whether under the Reserved Water Rights Doctrine, the Property Clause, the Commerce Clause, and/or any other applicable clause of the United States Constitution or power arising under the Constitution.

## COUNT II

### (Injunctive Relief)

14. In addition to incorporating by reference all allegations and arguments made by the United States, AFN is entitled to injunctive relief barring Defendants from taking any actions contrary to the United States' exercise of its authority through Title VIII of ANILCA to regulate subsistence activities and priority.

## PRAYER FOR RELIEF

WHEREFORE, AFN prays for relief against Defendants as follows:

A. A declaratory judgment stating that Defendants' emergency orders purporting to open harvest on the public waters of the Kuskokwim River during the federal closure in 2021 and 2022, and any similar actions interfering with or in contravention of federal orders addressing ANILCA Title VIII and applicable regulations, are invalid, null, and void;

COMPLAINT IN INTERVENTION OF ALASKA FEDERATION OF NATIVES
*USA et al. v. State of Alaska et al.*, Case No. 1:22-CV-00054-SLG                                Page 6 of 8

Case 1:22-cv-00054-SLG   Document 97   Filed 10/13/23   Page 6 of 8

B.  A declaratory judgment stating that that passage of Title VIII of ANILCA was a constitutional exercise of Congress' authority, whether under the Reserved Water Rights Doctrine, the Property Clause, the Commerce Clause, and/or any other applicable clause of the United States Constitution or power arising under the Constitution.

C.  A preliminary and permanent injunction against the State of Alaska, including all of its officers, employees, and agents, from reinstating Defendants' 2021 orders, from proceeding under Defendants' 2022 orders, or from taking similar actions interfering with, or in contravention of, the United States' exercise of its authority through Title VIII of ANILCA;

D.  Any and all other relief necessary to fully effectuate any injunction;

E.  An award to AFN of its fees and costs in this action; and

F.  Any other relief that the Court deems just and proper.

 

CASHION GILMORE & LINDEMUTH
Attorneys for Intervenor-Plaintiff Alaska Federation of Natives

DATE: October 13, 2023

*/s/ Jahna M. Lindemuth*
Jahna M. Lindemuth
Alaska Bar No. 9711068
Scott M. Kendall
Alaska Bar No. 0405019

COMPLAINT IN INTERVENTION OF ALASKA FEDERATION OF NATIVES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*   Page 7 of 8

Case 1:22-cv-00054-SLG   Document 97   Filed 10/13/23   Page 7 of 8

CERTIFICATE OF SERVICE

I certify that on October 13, 2023, a copy of the foregoing document was served via ECF on all counsel of record.

*/s/ Jahna M. Lindemuth*

COMPLAINT IN INTERVENTION OF ALASKA FEDERATION OF NATIVES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*  Page 8 of 8

Case 1:22-cv-00054-SLG   Document 97   Filed 10/13/23   Page 8 of 8