# ATTACHMENT C

# Department of the Interior and Related Agencies Appropriations Act, 1998
# Pub. L. No. 105-83 (1997) (Excerpt)

\*Public Law 105–83
105th Congress

## An Act

Making appropriations for the Department of the Interior and related agencies
for the fiscal year ending September 30, 1998, and for other purposes.

Nov. 14, 1997
[H.R. 2107]

*Be it enacted by the Senate and House of Representatives of
the United States of America in Congress assembled,* That the
following sums are appropriated, out of any money in the Treasury
not otherwise appropriated, for the fiscal year ending September
30, 1998, and for other purposes, namely:

Department of
the Interior and
Related Agencies
Appropriations
Act, 1998.

### TITLE I—DEPARTMENT OF THE INTERIOR

#### BUREAU OF LAND MANAGEMENT

##### MANAGEMENT OF LANDS AND RESOURCES

For expenses necessary for protection, use, improvement,
development, disposal, cadastral surveying, classification, acquisi-
tion of easements and other interests in lands, and performance
of other functions, including maintenance of facilities, as authorized
by law, in the management of lands and their resources under
the jurisdiction of the Bureau of Land Management, including the
general administration of the Bureau, and assessment of mineral
potential of public lands pursuant to Public Law 96–487 (16 U.S.C.
3150(a)), $583,270,000, to remain available until expended, of which
$2,043,000 shall be available for assessment of the mineral potential
of public lands in Alaska pursuant to section 1010 of Public Law
96–487 (16 U.S.C. 3150); and of which $3,000,000 shall be derived
from the special receipt account established by the Land and Water
Conservation Act of 1965, as amended (16 U.S.C. 460l–6a(i)); and
of which $1,500,000 shall be available in fiscal year 1998 subject
to a match by at least an equal amount by the National Fish
and Wildlife Foundation, to such Foundation for challenge cost
share projects supporting fish and wildlife conservation affecting
Bureau lands; in addition, $27,650,000 for Mining Law Administra-
tion program operations, to remain available until expended, to
be reduced by amounts collected by the Bureau and credited to
this appropriation from annual mining claim fees so as to result
in a final appropriation estimated at not more than $583,270,000;
and in addition, not to exceed $5,000,000, to remain available
until expended, from annual mining claim fees; which shall be
credited to this account for the costs of administering the mining
claim fee program, and $2,000,000 from communication site rental
fees established by the Bureau for the cost of administering commu-
nication site activities: *Provided,* That appropriations herein made

---

\*Note: This law contains items that were cancelled by the President pursuant to the Line
Item Veto Act. For more information, see the **Federal Register** entry under "LEGISLATIVE
HISTORY" at the end of this law.

AUTHENTICATED
U.S. GOVERNMENT
INFORMATION
GPO

Case 1:22-cv-00054-SLG   Document 109-3   Filed 11/03/23   Page 2 of 6

**Attachment C - Page 2 of 6**

16 USC 3102
note.

SEC. 316. SUBSISTENCE HUNTING AND FISHING IN ALASKA. (a) MORATORIUM ON FEDERAL MANAGEMENT.—None of the funds made available to the Department of the Interior or the Department of Agriculture by this or any other Act hereafter enacted may be used prior to December 1, 1998 to issue or implement final regulations, rules, or policies pursuant to title VIII of the Alaska National Interest Lands Conservation Act to assert jurisdiction, management, or control over the navigable waters transferred to the State of Alaska pursuant to the Submerged Lands Act of 1953 or the Alaska Statehood Act of 1959.

(b) AMENDMENTS TO ALASKA NATIONAL INTEREST LANDS CONSERVATION ACT.—

(1) AMENDMENT OF ANILCA.—Except as otherwise expressly provided, whenever in this subsection an amendment or repeal is expressed in terms of an amendment to, or repeal of, a section or other provision, the reference shall be considered to be made to a section or other provision of the Alaska National Interest Lands Conservation Act (16 U.S.C. 3101 et seq.).

(2) DEFINITIONS.—Section 102(2) (16 U.S.C. 3102(2)) is amended to read as follows:

"(2) The term 'Federal land' means lands the title to which is in the United States after December 2, 1980. 'Federal land' does not include lands the title to which is in the State, an Alaska Native corporation, or other private ownership.".

(3) FINDINGS.—Section 801 (16 U.S.C. 3111) is amended—
(A) by inserting "(a)" immediately before "The Congress finds and declares"; and
(B) by inserting at the end the following new subsection:

"(b) The Congress finds and declares further that—

"(1) subsequent to the enactment of this Act in 1980, the subsistence law of the State of Alaska (AS 16.05) accomplished the goals of Congress and requirements of this Act in providing subsistence use opportunities for rural residents of Alaska, both Alaska Native and non-Alaska Native;

"(2) the Alaska subsistence law was challenged in Alaska courts, and the rural preference requirement in the law was found in 1989 by the Alaska Supreme Court in McDowell v. State of Alaska (785 P.2d 1, 1989) to violate the Alaska Constitution;

"(3) since that time, repeated attempts to restore the validity of the State law through an amendment to the Alaska Constitution have failed, and the people of Alaska have not been given the opportunity to vote on such an amendment;

"(4) in accordance with title VIII of this Act, the Secretary of the Interior is required to manage fish and wildlife for subsistence uses on all public lands in Alaska because of the failure of State law to provide a rural preference;

"(5) the Ninth Circuit Court of Appeals determined in 1995 in State of Alaska v. Babbitt (73 F.3d 698) that the subsistence priority required on public lands under section 804 of this Act applies to navigable waters in which the United States has reserved water rights as identified by the Secretary of the Interior;

"(6) management of fish and wildlife resources by State governments has proven successful in all 50 States, including Alaska, and the State of Alaska should have the opportunity

to continue to manage such resources on all lands, including public lands, in Alaska in accordance with this Act, as amended; and

"(7) it is necessary to amend portions of this Act to restore the original intent of Congress to protect and provide for the continued opportunity for subsistence uses on public lands for Alaska Native and non-Alaska Native rural residents through the management of the State of Alaska.".

(4) TITLE VIII DEFINITIONS.—Section 803 (16 U.S.C. 3113) is amended—

(A) by striking "and" at the end of paragraph (1);

(B) by striking the period and inserting a semicolon at the end of paragraph (2); and

(C) by inserting at the end the following new paragraphs:

"(3) 'customary and traditional uses' means the noncommercial, long-term, and consistent taking of, use of, or reliance upon fish and wildlife in a specific area and the patterns and practices of taking or use of that fish and wildlife that have been established over a reasonable period of time, taking into consideration the availability of the fish and wildlife;

"(4) 'customary trade' means, except for money sales of furs and furbearers, the limited noncommercial exchange for money of fish and wildlife or their parts in minimal quantities; and

"(5) 'rural Alaska resident' means a resident of a rural community or area. A 'rural community or area' means a community or area substantially dependent on fish and wildlife for nutritional and other subsistence uses.".

(5) PREFERENCE FOR SUBSISTENCE USES.—Section 804 (16 U.S.C. 3114) is amended—

(A) by inserting "(a)" immediately before the first sentence; and

(B) by inserting at the end the following new subsection:

"(b) The priority granted by this section is for a reasonable opportunity to take fish and wildlife. For the purposes of this subsection, the term 'reasonable opportunity' means an opportunity, consistent with customary and traditional uses (as defined in section 803(3)), to participate in a subsistence hunt or fishery with a reasonable expectation of success, and does not mean a guarantee that fish and wildlife will be taken.".

(6) LOCAL AND REGIONAL PARTICIPATION.—Section 805 (16 U.S.C. 3115) is amended—

(A) in subsection (a) by striking "one year after the date of enactment of this Act,"; and

(B) by amending subsection (d) to read as follows:

"(d)(1) Upon certification by the Secretary that the State has enacted and implemented laws of general applicability which are consistent with, and which provide for the definition, preference, and participation specified in sections 803, 804, and 805, the Secretary shall not implement subsections (a), (b), and (c) of this section, and the State may immediately assume management for the taking of fish and wildlife on the public lands for subsistence uses pursuant to this title. Upon assumption of such management by the State, the Secretary shall not implement subsections (a), (b), and (c) of this section unless a court of competent jurisdiction

39-194 O - 97 - 17 : QL 3 Part 2

determines that such laws have been repealed, modified, or implemented in a way that is inconsistent with, or does not provide for, the definition, preference, and participation specified in sections 803, 804, and 805, or that the State has failed to cure any such inconsistency after such determination. The State laws shall otherwise supercede such sections insofar as such sections govern State responsibility pursuant to this title for the taking of fish and wildlife on the public lands for subsistence uses. The Secretary may bring a judicial action to enforce this subsection.

"(2)(A) Laws establishing a system of local advisory committees and regional advisory councils consistent with section 805 shall provide that the State rulemaking authority shall consider the advice and recommendations of the regional councils concerning the taking of fish and wildlife populations on public lands within their respective regions for subsistence uses. The regional councils may present recommendations, and the evidence upon which such recommendations are based, to the State rulemaking authority during the course of the administrative proceedings of such authority. The State rulemaking authority may choose not to follow any recommendation which it determines is not supported by substantial evidence presented during the course of its administrative proceedings, violates recognized principles of fish and wildlife conservation or would be detrimental to the satisfaction of rural subsistence needs. If a recommendation is not adopted by the State rulemaking authority, such authority shall set forth the factual basis and the reasons for its decision.

"(B) The members of each regional advisory council established under this subsection shall be appointed by the Governor of Alaska. Each council shall have ten members, four of whom shall be selected from nominees who reside in the region submitted by tribal councils in the region, and six of whom shall be selected from nominees submitted by local governments and local advisory committees. Three of these six shall be subsistence users who reside in the subsistence resource region and three shall be sport or commercial users who may be residents of any subsistence resource region. Regional council members shall have staggered terms of three years in length, with no limit on the number of terms a member may serve. A quorum shall be a majority of the members of the council.".

(7) JUDICIAL ENFORCEMENT.—Section 807 (16 U.S.C. 3117) is amended by inserting the following as subsection (b):

"(b) State agency actions may be declared invalid by the court only if they are arbitrary, capricious, or an abuse of discretion, or otherwise not in accordance with law. When reviewing any action within the specialized knowledge of a State agency, the court shall give the decision of the State agency the same deference it would give the same decision of a comparable Federal agency.".

(8) REGULATIONS.—Section 814 (16 U.S.C. 3124) is amended—

   (A) by inserting ", and the State at any time the State has complied with section 805(d)" after "Secretary"; and

   (B) by adding at the end the following new sentence: "During any time that the State has complied with section 805(d), the Secretary shall not make or enforce regulations implementing section 805(a), (b), or (c).".

(9) LIMITATIONS, SAVINGS CLAUSES.—Section 815 (16 U.S.C. 3125) is amended—

(A) by striking "or" at the end of paragraph (3);
(B) by striking the period at the end of paragraph (4) and inserting in lieu thereof a semicolon and "or"; and
(C) by inserting at the end the following new paragraph:
"(5) prohibiting the Secretary or the State from entering into co-management agreements with Alaska Native organizations or other local or regional entities when such organization or entity is managing fish and wildlife on public lands in Alaska for subsistence uses.".

(c) SAVINGS CLAUSE.—No provision of this section, amendment made by this section, or exercise of authority pursuant to this section may be construed to validate, invalidate, or in any way affect—

16 USC 3102 note.

(1) any assertion that an Alaska Native organization (including a federally recognized tribe, traditional Alaska Native council, or Alaska Native council organized pursuant to the Act of June 18, 1934 (25 U.S.C. 461 et seq.), as amended) has or does not have governmental authority over lands (including management of, or regulation of the taking of, fish and wildlife) or persons within the boundaries of the State of Alaska;

(2) any assertion that Indian country, as defined in section 1151 of title 18, United States Code, exists or does not exist within the boundaries of the State of Alaska;

(3) any assertion that the Alaska National Interest Lands Conservation Act, as amended (16 U.S.C. 3101 et seq.) is or is not Indian law; or

(4) the authority of the Secretary of the Interior under section 1314(c) of the Alaska National Interest Lands Conservation Act (16 U.S.C. 3202(c)).

(d) EFFECTIVE DATE.—Unless and until laws are adopted in the State of Alaska which provide for the definition, preference, and participation specified in sections 803, 804, and 805 of the Alaska National Interest Lands Conservation Act (16 U.S.C. 3111 et seq.), the amendments made by subsection (b) of this section shall be effective only for the purposes of determining whether the State's laws provide for such definition, preference, and participation. The Secretary shall certify before December 1, 1998 if such laws have been adopted in the State of Alaska. Subsection (b) shall be repealed on such date if such laws have not been adopted.

16 USC 3102 note.

Certification.
Alaska.

SEC. 317. Section 909(b)(2) of division II, title IX of Public Law 104–333 is amended by striking the following: "For technical assistance pursuant to section 908, not more than $50,000 annually.".

16 USC 461 note.

SEC. 318. No part of any appropriation contained in this Act shall be expended or obligated to fund the activities of the western director and special assistant to the Secretary within the Office of the Secretary of Agriculture that exceeds the funding provided for these activities from this Act during fiscal year 1997.

SEC. 319. Notwithstanding any other provision of law, for fiscal year 1998 the Secretaries of Agriculture and the Interior are authorized to limit competition for watershed restoration project contracts as part of the "Jobs in the Woods" component of the President's Forest Plan for the Pacific Northwest to individuals and entities in historically timber-dependent areas in the States of Washington,