Jahna M. Lindemuth (AK No. 9711068)
Scott M. Kendall (AK No. 0405019)
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, Alaska 99501
Phone: (907) 222-7932
Fax: (907) 222-7938
jahna@cashiongilmore.com
scott@cashiongilmore.com

Nicole Borromeo (AK No. 1205031)
Alaska Federation of Natives
3000 A Street, Suite 210
Anchorage, Alaska 99503
Phone: (907) 274-3611
Fax: (907) 276-7989
nborromeo@nativefederation.org

*Attorneys for Intervenor-Plaintiff Alaska Federation of Natives*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.*,<br><br>Intervenor Plaintiffs,<br><br>v.<br><br>STATE OF ALASKA, *et al.*,<br><br>Defendants. | Case No. 1:22-CV-00054-SLG |

## INTERVENOR-PLAINTIFF ALASKA FEDERATION OF NATIVES' MOTION FOR ATTORNEYS' FEES

Intervenor-Plaintiff Alaska Federation of Natives ("AFN"), by and through counsel, hereby moves for attorneys' fees under Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54.2. AFN was a prevailing party in the Judgment entered by this Court on

INTERVENOR-PLAINTIFF AFN'S MOTION FOR ATTORNEYS' FEES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG* Page 1 of 8

Case 1:22-cv-00054-SLG   Document 133   Filed 04/15/24   Page 1 of 8

April 1, 2024,[1] and is entitled to reasonable attorneys' fees in the amount of $114,653.00 pursuant to 16 U.S.C. § 3117(a), Section 807 of the Alaska National Interest Lands Conservation Act ("ANILCA"). This Motion is supported by the accompanying Declaration of Jahna M. Lindemuth ("Lindemuth Decl.").

## I. AFN Is Entitled to Full Reasonable Attorneys' Fees Pursuant to Section 807 of ANILCA.

ANILCA Section 807 provides the "sole Federal judicial remedy" to enforce the subsistence priority in Title VIII of ANILCA.[2] Pursuant to Section 807(a), "[l]ocal residents and other persons and organizations aggrieved by a failure of the State or the Federal Government to provide for the priority of subsistence uses set forth in section 804 [16 USCS § 3114]" may seek judicial enforcement of the priority and "file a civil action in the United States District Court for the District of Alaska to require such actions to be taken as are necessary to provide for the priority."[3]

By statute, prevailing parties successfully enforcing the Title VIII subsistence priority are entitled to a full award of reasonable fees: "Local residents and other persons and organizations who are prevailing parties in an action filed pursuant to this section *shall be* awarded their costs and attorney's fees."[4]

---

[1] Docket 130.
[2] 16 U.S.C. § 3117(c).
[3] 16 U.S.C. § 3117(a).
[4] *Id.* (emphasis added).

INTERVENOR-PLAINTIFF AFN'S MOTION FOR ATTORNEYS' FEES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*          Page 2 of 8

Case 1:22-cv-00054-SLG   Document 133   Filed 04/15/24   Page 2 of 8

The Ninth Circuit Court of Appeals affirmed the right to full reasonable fees in *Native Village of Quinhagak v. United States*, recognizing that it is based on "the strong public interest in the effective implementation of the subsistence priority . . . ."[5] In addition to the *Native Village of Quinhagak* case,[6] this Court has previously awarded full costs and attorneys' fees to the prevailing organizations and individual parties in prior litigation enforcing the subsistence priority in Title VIII of ANILCA pursuant to 16 U.S.C. § 3117(a), including in *Katie John v. Alaska*,[7] and *Katie John v. United States*.[8]

AFN began preparing to intervene in this case on September 11, 2023,[9] and filed its Motion to Intervene in this case on September 26, 2023.[10] In the Order granting AFN's Motion to Intervene, this Court concluded that "AFN has demonstrated, and the State does not dispute, that AFN has a significantly protectable interest in the rural subsistence priority

---

[5] 35 F.3d 388, 395 (9th Cir. 1994) (citing 126 Cong. Rec. S31109 (daily ed. Dec. 1, 1980)).
[6] *See* Order on Motion for Award of Attorney's Fees, No. A93-0023-CV (HRH) (D. Alaska Oct. 21, 2000) (Dkt. No. 135).
[7] Order (Attorney's Fees), No. A85-698 Civil (filed Jan. 15, 1992).
[8] Order on Renewed and Supplemental Application of Plaintiffs and Intervenor for Award of Costs and Attorney's Fees, No. A90-0484-CV (HRH), *consolidated with* No. A92-0264-CV (HRH) (D. Alaska March 28, 2003).
[9] Lindemuth Decl. at ¶ 3.
[10] Docket 89; *see also id.* at 15 (arguing "AFN's significant and legally protected interests in ensuring Alaska Native subsistence uses statewide are protected by Title VIII's rural subsistence priority are threatened by the State Defendants' proposed evisceration of Title VIII of ANILCA, which, if adopted, would mean that the United States can no longer issue orders imposing the federal subsistence priority on navigable waters under ANILCA.").

INTERVENOR-PLAINTIFF AFN'S MOTION FOR ATTORNEYS' FEES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*   Page 3 of 8

Case 1:22-cv-00054-SLG   Document 133   Filed 04/15/24   Page 3 of 8

set forth in ANILCA and that it is so situated that the disposition of this action as proposed by the State would impair its ability to protect that interest."[11]

This Court entered judgment in favor of the United States and the Intervenor-Plaintiffs, including AFN, enforcing the VIII subsistence priority and enjoining the State of Alaska from interfering with that priority.[12] AFN is therefore entitled to attorneys' fees under 16 U.S.C. § 3117(a)—Section 807 of ANILCA—because AFN is a 501(c)(4) nonprofit organization that intervened in this action to provide for the priority of subsistence uses as set forth in Title VIII of ANILCA.[13]

## II. AFN Significantly Contributed to Summary Judgment Briefing and its Briefing Was Not Duplicative of that of Other Parties.

AFN's summary judgment briefing in this matter provided relevant historical context surrounding the passage of the Alaska Native Claims Settlement Act ("ANCSA"), and then Title VIII of ANILCA, and addressed legal arguments raised by the State Defendants that were not addressed in the United States' briefing.[14] The United States' Motion for Summary Judgment and Combined Memorandum in Support argued that (1) "State Orders Interfering with FSB Management Are Unlawful," and (2) "The Court Should Enter a Permanent Injunction."[15] AFN devoted less than one page of its summary

---

[11] Order re Alaska Federation of Natives' Motion to Intervene, Docket 96 at 9 (entered Oct. 12, 2023).
[12] Docket 130.
[13] Docket 89 at 2-3.
[14] *See* Docket 110.
[15] Docket 70 at 8-14 & 14-16.

INTERVENOR-PLAINTIFF AFN'S MOTION FOR ATTORNEYS' FEES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*   Page 4 of 8

Case 1:22-cv-00054-SLG   Document 133   Filed 04/15/24   Page 4 of 8

judgment briefing to incorporating Plaintiff's arguments on federal preemption, the Appointments Clause, and the Supremacy Clause.[16]

Instead, AFN focused its briefing on responding to the arguments raised by the State Defendants in their Cross-Motion for Summary Judgment—specifically the State's arguments that "the United States cannot issue orders imposing a subsistence priority" under Title VIII of ANILCA.[17] AFN prepared comprehensive briefing addressing both (1) why *Sturgeon v. Frost* did not overrule or otherwise undermine *Katie John*;[18] and (2) that, regardless, in Title VIII of ANILCA Congress invoked its powers under the Commerce Clause, Property Clause, and over Native affairs, providing other sources of federal constitutional authority to federally regulate ANILCA's subsistence fishing priority on navigable waters in Alaska.[19]

AFN's summary judgment briefing defended Title VIII in response to the State's argument that *Sturgeon v. Frost* overruled *Katie John* because "[t]he legal arguments raised in the State's summary judgment briefing risk[ed] obliterating the entire federal rural

---

[16] Intervenor-Plaintiff Alaska Federation of Natives' Opposition to Defendants' Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment (filed Nov. 3, 2023), Docket 110 at 58. AFN further complied with the provisions of this Court's Order at Docket 47, and incorporated and adopted the briefing of the fellow Intervenor-Plaintiffs to avoid duplicative briefing before this Court.

[17] ECF No. 73 at 34-39 (State arguing "the United States cannot issue orders imposing a subsistence priority" under Title VIII and the *Katie John* "reserved water rights doctrine . . . . fails under *Sturgeon*.").

[18] Docket 110 at 22-26 (describing the history of the *Katie John* trilogy), 27-30 (explaining that the *Sturgeon v. Frost* litigation addressed the meaning of ANILCA Section 103(c)), 32-43 (detailing why *Sturgeon* did not overrule *Katie John*).

[19] Docket 110 at 44-58.

INTERVENOR-PLAINTIFF AFN'S MOTION FOR ATTORNEYS' FEES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*  Page 5 of 8

Case 1:22-cv-00054-SLG   Document 133   Filed 04/15/24   Page 5 of 8

subsistence priority throughout Alaska, which would plainly harm AFN's protectable interests in the continuation of traditional subsistence practices under ANILCA."[20] This Court denied the State's Cross-Motion for Summary Judgment and granted the United States' Motion for Summary Judgment.[21]

AFN requested that this Court "hold that *Katie John* remains good law post-*Sturgeon*" and sought to "keep intact the protection of Alaska Native subsistence that Congress intended when it enacted Title VIII of ANILCA."[22] AFN received the relief it sought.[23] AFN further preserved its arguments for the State Defendant's appeal to the Ninth Circuit Court of Appeals "that, irrespective of *Katie John*, pursuant to the Commerce and Property Clauses of the Constitution 'the federal government's authority to regulate pursuant to ANILCA's subsistence priority extends to fish in navigable waters in Alaska.'"[24]

### III. AFN's Fees Are Reasonable.

Local Civil Rule 54.2 requires that any fee application be supported by a declaration or affidavit establishing the reasonableness of fees, stating (1) "the total number of hours worked and billing rate for each lawyer and paraprofessional," (2) "the customary fee

---

[20] Docket 89 at 15.
[21] Docket 129 at 29.
[22] Docket 110 at 59.
[23] Order re Motion and Cross-Motion for Summary Judgment, Docket 129 at 16-18 (concluding "[t]he Court therefore is bound by the Katie John trilogy of cases to find that Title VIII's rural subsistence priority applies to 'navigable waters in which the United States has reserved water rights'" (quoting *Katie John III*, 720 F.3d at 1239)).
[24] Docket 129 at 18 n.78 (quoting Docket 110 at 44).

INTERVENOR-PLAINTIFF AFN'S MOTION FOR ATTORNEYS' FEES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*    Page 6 of 8

Case 1:22-cv-00054-SLG   Document 133   Filed 04/15/24   Page 6 of 8

charged in similar matters in the District of Alaska," (3) "the amount charged to the client, if any; and" (4) "itemized billing records." As stated in the Lindemuth Declaration, the outside counsel fees AFN incurred are reasonable, both in the number of hours expended and the rates charged for the legal work. AFN also performed legal work in house that it is not seeking fees for in this Motion, reinforcing the reasonableness of its request for fees.

## CONCLUSION

For the reasons stated above, AFN requests an award of $114,653.00 for its attorneys' fees under ANILCA Section 807.

CASHION GILMORE & LINDEMUTH
Attorneys for Intervenor-Plaintiff
Alaska Federation of Natives

DATE: April 15, 2024　　　　　　　/s/ Jahna M. Lindemuth
　　　　　　　　　　　　　　　　　　Jahna M. Lindemuth
　　　　　　　　　　　　　　　　　　Alaska Bar No. 9711068
　　　　　　　　　　　　　　　　　　Scott M. Kendall
　　　　　　　　　　　　　　　　　　Alaska Bar No. 0405019

ALASKA FEDERATION OF NATIVES
Attorneys for Intervenor-Plaintiff
Alaska Federation of Natives

DATE: April 15, 2024　　　　　　　/s/ Nicole Borromeo
　　　　　　　　　　　　　　　　　　Nicole Borromeo
　　　　　　　　　　　　　　　　　　Alaska Bar No. 1205031

INTERVENOR-PLAINTIFF AFN'S MOTION FOR ATTORNEYS' FEES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*　　　　Page 7 of 8

Case 1:22-cv-00054-SLG   Document 133   Filed 04/15/24   Page 7 of 8

**CERTIFICATE OF SERVICE**

I certify that on April 15, 2024, a copy of the foregoing document was served via ECF on all counsel of record.

*/s/Jahna M. Lindemuth*

INTERVENOR-PLAINTIFF AFN'S MOTION FOR ATTORNEYS' FEES
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG* Page 8 of 8

Case 1:22-cv-00054-SLG   Document 133   Filed 04/15/24   Page 8 of 8