John M. Sky Starkey, Alaska Bar No. 8611141
Andrew Erickson, Alaska Bar No. 1605049
Anna Crary, Alaska Bar No. 1405020
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Ave., Suite 1100
Anchorage, AK 99501
Telephone: (907) 276-5152
jskys@lbblawyers.com
andye@lbblawyers.com
annac@lbblawyers.com

Nicholas Ostrovsky, Alaska Bar No. 1401004
Ambriel Sandone, Alaska Bar No. 2011124
AHTNA, INCORPORATED
110 W. Thirty-Eighth Ave., Suite 100
Anchorage, AK 99501
Telephone: (907) 868-8265
nostrovsky@ahtna.net
asandone@ahtna.net

*Attorneys for Intervenor-Plaintiffs Ahtna Tene Nené and Ahtna, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>KUSKOKWIM RIVER INTER-TRIBAL<br>FISH COMMISSION, et al.,<br>        Intervenor-Plaintiffs,<br><br>    v.<br><br>THE STATE OF ALASKA, et al.,<br>        Defendants. | Case No. 1:22-cv-00054-SLG |

**INTERVENOR-PLAINTIFFS AHTNA TENE NENÉ & AHTNA, INC.'S
MOTION FOR ATTORNEY'S FEES PUSRUANT TO 16 U.S.C. § 3117.**

The United States brought this action to enjoin the State of Alaska from interfering with or acting in contravention of federal orders enforcing the rural subsistence priority set forth in ANILCA Section 804[1] after the State issued emergency orders on the Kuskokwim River that interfered with that priority. Ahtna Tene Nené and Ahtna, Inc. (collectively "Ahtna") moved to intervene to prevent "immeasurable harm" to Ahtna's "economic, traditional, and cultural existence"[2] that would follow if the Federal Subsistence Board were prevented from enforcing Section 804's subsistence preference on navigable waters throughout Alaska. Ahtna's Complaint in Intervention incorporated the United States' Complaint for Declaratory and Injunctive Relief in its entirety.[3]

As Ahtna predicted in its intervention pleadings, the State's actions now confirm that its target was not limited to denying the federal subsistence priority on the Kuskokwim River alone. Instead, the State's litigation is directed at completely undermining both where the federal priority applies, and consequently who manages subsistence fishing on nearly all navigable waters in Alaska—including the Copper River where Katie John, her children, grandchildren, and the rest of the Ahtna have fished, hunted, and gathered for

---

[1] *See* Docket 1 at 2-3, 24-25.

[2] *See* Docket 38-1 at 6.

[3] Docket 38-1 at 2.

generations.[4] The Court permitted Ahtna to intervene,[5] and Ahtna joined the United States's Motion for Summary Judgment,[6] and filed its own reply in support of the United States's motion and in opposition to the State's cross Motion for Summary Judgment.[7]

On March 29, 2024, the Court granted the United States's Motion for Summary Judgment, denied the State of Alaska's Motion for Summary Judgment, and enjoined the State from taking further actions in contravention of ANILCA's subsistence priority.[8] On April 1, 2024, the Court entered judgment in favor of the United States and the intervenor-plaintiffs, including Ahtna.[9]

The Court's entry of judgment in favor of the United States and all intervenor-plaintiffs, including Ahtna, renders Ahtna a prevailing party in this action.[10] Thus, Ahtna

---

[4] The gravamen of this litigation is, therefore, nearly identical to the issue at the heart of *Native Vill. of Quinhagak v. United States*, 35 F.3d 388 (9th Cir. 1994), in which the Ninth Circuit ruled that the Native Village plaintiffs were entitled to full attorney fees under ANILCA section 807.

[5] Docket 47 at 7-8.

[6] *See* Docket 71.

[7] *See* Docket 113.

[8] Docket 129 at 29.

[9] Docket 130 at 1.

[10] *See San Diego Police Officers' Ass'n v. San Diego City Emples. Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009).

is entitled to an award of its attorney's fees under 16 U.S.C. § 3117, Federal Rule of Civil Procedure 54(d)(2), and Local Civil Rule 54.2.

Ahtna respectfully requests an award of its full reasonable attorney's fees incurred in this matter in the amount of $147,050.00.[11]

Respectfully submitted.

DATED: April 15, 2024  LANDYE BENNETT BLUMSTEIN LLP

s/ Andrew Erickson
_____
John M. Sky Starkey, Alaska Bar No. 8611141
Andrew Erickson, Alaska Bar No. 1605049
Anna C. Crary, Alaska Bar No. 1405020


AHTNA, INCORPORATED

s/ Nicholas Ostrovsky
_____
Nicholas Ostrovsky, Alaska Bar No. 1401004
Ambriel Sandone, Alaska Bar No. 2011124

*Attorneys for Intervenor-Plaintiffs Ahtna Tene Nené and Ahtna, Inc.*

---

[11] *See* Declaration of Anna C. Crary, Ex. A.

## CERTIFICATE OF COMPLIANCE WITH DOCKET 47

I certify that pursuant to this Court's Order Regarding Ahtna's Motion to Intervene (Docket 47 at 7) my co-counsel and I met and conferred with counsel for the other Intervenor-Plaintiffs before filing this motion for attorney's fees. It was deemed appropriate to file separate motions based on the fact-specific nature of each party's request for attorney's fees.

*s/ Andrew Erickson*
_____
Andrew Erickson

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*s/ Andrew Erickson*
_____
Andrew Erickson