| | |
|---|---|
| Jahna M. Lindemuth (AK No. 9711068) | Nicole Borromeo (AK No. 1205031) |
| Scott M. Kendall (AK No. 0405019) | Alaska Federation of Natives |
| Cashion Gilmore & Lindemuth | 3000 A Street, Suite 210 |
| 510 L Street, Suite 601 | Anchorage, Alaska 99503 |
| Anchorage, Alaska 99501 | Phone: (907) 274-3611 |
| Phone: (907) 222-7932 | Fax: (907) 276-7989 |
| Fax: (907) 222-7938 | nborromeo@nativefederation.org |
| jahna@cashiongilmore.com | |
| scott@cashiongilmore.com | |

*Attorneys for Intervenor-Plaintiff Alaska Federation of Natives*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.*,<br><br>Intervenor Plaintiffs,<br><br>v.<br><br>STATE OF ALASKA, *et al.*,<br><br>Defendants. | Case No. 1:22-CV-00054-SLG |

**INTERVENOR-PLAINTIFF ALASKA FEDERATION OF NATIVES' OPPOSITION TO DEFENDANTS' MOTION TO STAY CONSIDERATION OF FEE MOTIONS**

Intervenor-Plaintiff Alaska Federation of Natives ("AFN"), by and through counsel, hereby opposes Defendants' Motion to Stay Consideration of Fee Motions Pending the

AFN'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CONSIDERATION OF FEE MOTIONS
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*     Page 1 of 6

Case 1:22-cv-00054-SLG   Document 145   Filed 05/01/24   Page 1 of 6

Resolution of Appeal. AFN timely filed a motion for attorneys' fees as expressly allowed by the Federal Civil Rules. Although the commentary to Rule 54 confirms a court's discretion to delay the award of fees to a prevailing party, this is not the type of case where that discretion should be exercised. A prompt decision on the fee motions in this case will promote judicial efficiency and provide certainty to the parties.

Federal Civil Rule 54 provides that claims for attorneys' fees should be made by motion filed no later than 14 days after entry of final judgment.[1] The advisory committee's note to the 1993 amendment that added this deadline explains:

> Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court in appropriate circumstances to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.[2]

Although the State of Alaska ("State") has already filed its notice of appeal, because the fee motions were timely filed, the Federal Appellate Rules confirm that the State's notice of appeal will become effective only after disposition of the fee motions.[3] If either side wishes to appeal this Court's order on the Intervenors' fee motions, it may do so by filing a notice of appeal or amended notice of appeal "within the time prescribed by this

---

[1] Fed. R. Civ. P. 54(d)(2).
[2] Fed. R. Civ. P. 54(d), advisory committee's note (1993 amendments).
[3] Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.").

AFN'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CONSIDERATION OF FEE MOTIONS
*USA et al. v. State of Alaska et al.*, Case No. 1:22-CV-00054-SLG        Page 2 of 6

Case 1:22-cv-00054-SLG   Document 145   Filed 05/01/24   Page 2 of 6

Rule measured from the entry of the order disposing of the [fee] motion."[4] In other words, the rules are designed to allow an appeal of a fee award to proceed in tandem with the merits appeal.

Here, the State's Motion for Stay itself confirms that "the State will dispute Intervenors' entitlement to fees under 16 U.S.C. § 3117," Section 807 of the Alaska National Interest Lands Conservation Act ("ANILCA").[5] This statute provides the "sole Federal judicial remedy" to enforce the subsistence priority in Title VIII of ANILCA,[6] and provides that "organizations who are prevailing parties in an action filed pursuant to this section *shall be* awarded their costs and attorney's fees."[7]

Intervenors collectively ask for fee awards totaling more than $668,000 for the legal work related to the District Court case,[8] and the State's liability will only grow as this case proceeds on appeal. It is inevitable that this Court's decision on the application of ANILCA's Section 807 full attorney's fees and cost provision will be appealed, even if the determination on the reasonableness of fees is not appealed. As noted by the Rule 58 commentary, judicial efficiency is promoted by allowing an appeal of the fee award to proceed at the same time as the merits appeal:

---

[4] Fed. R. App. P. 4(a)(4)(B)(ii).
[5] Docket 142 at 4.
[6] 16 U.S.C. § 3117(c); *see also Kenaitze Indian Tribe v. Alaska*, 860 F.2d 312, 315 (9th Cir. 1988) ("ANILCA thereafter vests the power to approve or disapprove the state's performance in the courts alone.") (citing 16 U.S.C. § 3117(a)).
[7] 16 U.S.C. § 3117(a) (emphasis added).
[8] *See* Dockets 133, 135, 137 & 138.

AFN'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CONSIDERATION OF FEE MOTIONS
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*     Page 3 of 6

Case 1:22-cv-00054-SLG   Document 145   Filed 05/01/24   Page 3 of 6

> However, in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case.[9]

Here, judicial efficiency and economy is maximized by deciding the Intervenors' fee motions now.[10] If the State's motion for stay is granted, the merits appeal would proceed to final resolution, by either the Ninth Circuit or the United States Supreme Court, before the case returns to this Court for determination of the fee motions. And given that the State fundamentally disputes Intervenors' entitlement to attorneys' fees, the parties would be facing a second appeal to the Ninth Circuit and/or United States Supreme Court after a fee decision by this Court years from now.[11]

A decision now also provides certainty over the application of ANILCA Section 807. The State may make different litigation choices if it knows the potential liability it

---

[9] Fed. R. Civ. P. 58, advisory committee's note (1993 amendments); *see also Becker v. Wells Fargo Bank*, 2014 U.S. Dist. LEXIS 178462, *34 (E.D. Cal. Dec. 29, 2014) ("While it is true that the Federal Rules of Civil Procedure permit a district court to delay ruling on a motion for attorneys' fees during the pendency of an appeal on the merits, nothing requires the court to do so. In this case, the more prudent course of action would be to address defendant's motion at this juncture rather than at some later time.") (citing Fed. R. Civ. P. 58, advisory committee's note).

[10] *E.g.*, *Stross v. Zillow Inc.*, 2023 U.S. Dist. LEXIS 162600, *2-3 (W.D. Wash. Sept. 13, 2023) (rejecting request to "defer determination of the amount of fees and costs . . . until after the Ninth Circuit renders its decision on their appeal" in a case addressing the Copyright Act, which authorizes awarding "a reasonable attorney's fee to the prevailing party" reasoning that "given the controlling case law that applies to this case, the Court will proceed with ruling on the motion for fees."); *see also Kenaitze Indian Tribe*, 860 F.2d at 318 n.9 ("In the interest of convenience and economy, we instruct the district court on remand to award the Kenaitze an amount equal to their attorneys' fees for bringing this action, including this appeal" under 16 U.S.C. § 3117(a)).

[11] Because the money judgment would be against the State of Alaska, appropriation by the legislature would be needed before the State could pay the judgment, adding further delay of up to a year after any money judgment is entered.

AFN'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CONSIDERATION OF FEE MOTIONS
*USA et al. v. State of Alaska et al.*, Case No. 1:22-CV-00054-SLG                                                                                    Page 4 of 6

Case 1:22-cv-00054-SLG   Document 145   Filed 05/01/24   Page 4 of 6

faces for pursuing what the Intervenors believe is a frivolous and vexatious appeal. Because public monies are at stake, the legislature and public also should be fully aware of the cost of this case.

The State is further incorrect that Intervenors are not prejudiced by staying resolution of their fee motions. In addition to adding years and additional cost to the final resolution of this case, delay in entry of a money judgment also may mean that Intervenors do not receive interest on the amounts owed to them, due to the State's delayed payment. If a money judgment is entered in the next month or two, interest will accrue at the statutory rate, even if payment does not happen until after resolution of the appeal.

In any event, at a minimum, this Court should decide the application of ANILCA Section 807 now, a legal issue, even if the exact amount of fees to awarded is decided later. The rules expressly provide that "[t]he court may decide issues of liability for fees before receiving submissions on the value of services."[12] It is AFN's strong preference that the entire motion for fees be addressed now, but at the very minimum the legal issue that would be appealed needs prompt resolution to allow that appeal to proceed now.

If the State had simply timely opposed the Intervenors' fee motions, they would be fully briefed for decision within the next month. Ironically, by moving for an extension to oppose the fee motions to allow consideration of its motion to stay in the name of "preserv[ing] party and judicial resources,"[13] the State has simply added to the financial

---

[12] Fed. R. Civ. P. 54(d)(2)(C).
[13] Docket 142 at 2.

AFN'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CONSIDERATION OF FEE MOTIONS
*USA et al. v. State of Alaska et al.*, Case No. 1:22-CV-00054-SLG  Page 5 of 6

burden of the parties and delayed this case on the merits.[14] AFN asks that the Court deny the State's motion to stay and promptly decide the timely filed fee motions.

|  | CASHION GILMORE & LINDEMUTH<br>Attorneys for Intervenor-Plaintiff<br>Alaska Federation of Natives |
|---|---|
| DATE: May 1, 2024 | /s/ Jahna M. Lindemuth<br>Jahna M. Lindemuth<br>Alaska Bar No. 9711068<br>Scott M. Kendall<br>Alaska Bar No. 0405019 |
|  | ALASKA FEDERATION OF NATIVES<br>Attorneys for Intervenor-Plaintiff<br>Alaska Federation of Natives |
| DATE: May 1, 2024 | /s/ Nicole Borromeo<br>Nicole Borromeo<br>Alaska Bar No. 1205031 |

**CERTIFICATE OF SERVICE**

I certify that on May 1, 2024, a copy
of the foregoing document was served via ECF
on all counsel of record.

/s/ Jahna M. Lindemuth

---

[14] *See* Dockets 142 & 143.

AFN'S OPPOSITION TO DEFENDANTS' MOTION TO STAY CONSIDERATION OF FEE MOTIONS
*USA et al. v. State of Alaska et al.*, Case No. 1:22-CV-00054-SLG  Page 6 of 6

Case 1:22-cv-00054-SLG   Document 145   Filed 05/01/24   Page 6 of 6