TREG TAYLOR
ATTORNEY GENERAL

Margaret Paton-Walsh (Alaska Bar No. 0411074)
Aaron C. Peterson (Alaska Bar No. 1011087)
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
margaret.paton-walsh@alaska.gov
aaron.peterson@alaska.gov

J. Michael Connolly (*pro hac vice*)
Steven C. Begakis (*pro hac vice*)
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
mike@consovoymccarthy.com
steven@consovoymccarthy.com

*Attorneys for the State of Alaska*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff*, <br> <br> KUSKOKWIM RIVER INTER-TRIBAL <br> FISH COMMISSION, *et al.*, <br>     *Intervenor Plaintiffs*, <br> <br> v. <br> <br> STATE OF ALASKA, *et al.*, <br>     *Defendants*. | Case No. 1:22-cv-54 (SLG) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY CONSIDERATION OF FEE MOTIONS PENDING THE RESOLUTION OF APPELLATE PROCEEDING**

This case is currently on appeal to the Ninth Circuit, with the State's opening brief due on June 26. The Ninth Circuit—and potentially the Supreme Court of the United States—will ultimately decide, among other things, whether *Katie John* remains good law in light of *Sturgeon*. AFN provides no compelling reason for why this Court and the parties should expend significant resources resolving four motions for attorneys' fees before the Ninth Circuit and Supreme Court have weighed in on the underlying merits. The Court should grant the State's motion and stay consideration of the fee motions pending the resolution of appellate proceedings.

In its motion, the State provided numerous cases in which district courts have stayed resolution of fee motions under precisely these circumstances.[1] When the fee motions are "predicated on [a] [judgment] that is currently on appeal," district courts regularly conclude that "the Court and the parties' interests would best be served by awaiting the Ninth Circuit's [and Supreme Court's] decision[s] before determining if and/or what amount of attorneys' fees and costs should be awarded."[2] AFN identifies only two cases in which a district court addressed fee motions while the appeals were pending,[3] but both are easily distinguishable.

In *Becker v. Wells Fargo Bank*, the district court resolved the fee motions because the appellant "in no way demonstrat[ed] how the court's decision on this motion will

---

[1] *See* State Mot. 2-5, nn.4-6, 8-10, 13-15.

[2] *Sunday's Child, LLC v. Irongate Azrep BW LLC*, 2018 WL 6628938, at *1-2 (D. Haw. Oct. 4, 2018).

[3] AFN Opp. 4 nn. 9-10.

likely be affected by the Court of Appeals' decision … or even why there is a plausible uncertainty as to which party will prevail on that appeal."[4] Neither rationale applies here. If the State prevails on appeal, the Intervenors will not be "prevailing parties," and they never claim otherwise. And there is obviously, at a minimum, "plausible uncertainty" as to which parties will prevail on appeal.[5] Waiting for the Ninth Circuit and the Supreme Court to issue their decisions before wading into multiple fee motions is entirely reasonable.

*Stross v. Zillow Inc.* is similarly distinguishable.[6] The district court there resolved the fee motions "given the controlling case law that applies to this case."[7] But it is the exact opposite here. Whether the Intervenors can obtain fees under 16 U.S.C. § 3117 is

---

[4] 2014 WL 7409447, at *11 (E.D. Cal. Dec. 30, 2014).

[5] AFN's accusation that the State's appeal is "frivolous and vexatious" is in astonishingly poor form. The reasoning of *Katie John* has been roundly criticized by numerous Ninth Circuit and state court judges. *See* Dkt. 122 at 1-2. And this Court itself recognized that *Sturgeon* "constitutes a 'change in the legal context.'" Dkt. 129 at 15. Indeed, the *entire reason* that AFN sought intervention was to defend the interests of its constituents given the potentially landmark decisions that may be issued by the Ninth Circuit and, possibly, the Supreme Court. *See* Dkt. 89.

[6] 2023 WL 5952060 (W.D. Wash. Sept. 13, 2023).

[7] *Id.* at *1.

hotly disputed by the parties, and there is no controlling case law on the subject.[8] That these fee motions raise this "substantial issue[]" is a reason to *avoid* resolving the motions, not to rush ahead.[9] AFN identifies no case in which a district court immediately resolved fee motions *because* the motion raised disputed issues of first impression.

AFN repeatedly asserts that ruling on the fee motions now will lead to "judicial efficiency and economy."[10] Again, that isn't true if the State prevails on appeal. All of the Court's and parties' work will have been "wasted" if that occurs.[11] But there will be no efficiency gains even if the Intervenors ultimately prevail. AFN stresses that "[i]t is inevitable that this Court's decision on the application of ANILCA's Section 807 full attorney's fees and cost provision will be appealed."[12] But if that is correct, there are no efficiency gains to ruling immediately—now or later, the same legal arguments will have to be made. Indeed, the advisory committee's notes that AFN relies upon don't even

---

[8] The State won't litigate the merits of Section 3117 here. Yet it bears emphasizing that not a single Intervenor ever claimed that it was bringing its action "pursuant to" Section 3117. 16 U.S.C. § 3117; *see* State Mot. 4 n.12. Instead, the Intervenors simply "incorporate[d] the United States of America's Complaint for Declaratory and Injunctive Relief, ECF No. 1, in its entirety and adopt[ed] the allegations and claims for relief as [their] own." Dkt. 12-1 at 2; *see* Dkt. 19-2 at 2 (same), Dkt. 38-1 at 2 (same); Dkt. 97 at 2 (same); *see also United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1145 (D.C. Cir. 2009) ("[I]ntervention of right only requires an 'interest' in the litigation—not a 'cause of action' or 'permission to sue.'").

[9] Fed. R. Civ. P. 58, advisory committee's note; *see* State Mot. 4.

[10] AFN Opp. 4.

[11] *Freeman Invest. Mgmt. Co. v. Frank Russell Co.*, 2017 WL 11420268, at *1 (S.D. Cal. Feb. 9, 2017); State Mot. 3 n.9.

[12] AFN Opp. 3.

apply here. They state that "it may be more efficient to decide fee questions *before an appeal is taken* so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case."[13] But the State appealed to the Ninth Circuit more than a month ago.[14]

Nor could the Court's rulings on the fee motions be "efficien[tly]" added to the State's current appeal.[15] The State's opening brief is due on June 26.[16] But district-court briefing on the Intervenors' fee motions won't even be finished until June 10 at the earliest. Even if the Court were to rule expeditiously, its ruling could not be addressed by the State (if necessary) by the June 26 deadline. And if the Intervenors were to appeal and its appeal were consolidated with the State's appeal, that likely would only delay a ruling on the merits of the State's appeal. The State has repeatedly stressed—and the Court has recognized—the importance of a fast resolution to the parties' dispute.[17]

AFN appears to recognize that it would make little sense to resolve the *amount* of fees now. That is because the Intervenors would inevitably "file a second motion for

---

[13] Fed. R. Civ. P. 58, advisory committee's note (emphasis added).

[14] AFN incorrectly asserts that the State's notice of appeal will be "effective" only "after disposition of the fee motions." AFN Opp. 2 (citing Fed. R. App. P. 4). The rule provision AFN cites applies only when "the district court extends the time to appeal under Rule 58," which did not happen here. Fed. R. App. P. 4(a)(4)(A)-(B); *see Stephanie-Cardona LLC v. Smith's Food & Drug Ctrs., Inc.*, 476 F.3d 701, 705 (9th Cir. 2007).

[15] AFN Opp. 4.

[16] *United States v. Alaska,* No. 22-2251, Dkt. 2.1 (9th Cir. Apr. 10, 2024).

[17] Dkt. 88 at 2 ("The Court acknowledges the parties' interest, and particularly the State's interest, in the prompt resolution of this matter.").

*United States v. Alaska*     Case No. 1:22-cv-54-SLG
Defs' Mot. to Stay Resolution of Fee Motions     Page 5 of 9

Case 1:22-cv-00054-SLG    Document 149    Filed 05/06/24    Page 5 of 9

attorneys' fees if [they are] successful on appeal," and so "the Court's efforts would either be moot or insufficient."[18] Resolving the numerous issues over fee amounts now also would be labor intensive and time consuming. All the typical disputes over fee motions will need to be resolved. For example, the Intervenors have engaged in block billing.[19] They have redacted numerous time descriptions, preventing the State from assessing whether the fees they are requesting are reasonable.[20] And the State would seek a large or complete reduction in fees given that the Intervenors' briefing was either entirely duplicative of the United States' briefing or raised arguments that were rejected by this Court.[21] All of these issues (and more) would need to be briefed by the parties and

---

[18] *Freeman Investigative Mgmt. Co.*, 2017 WL 11420268, at *1.

[19] *See, e.g.,* Dkt. 134-1 at 7 (block billing 8.9 hours for four different tasks); *Nolan v. City of Los Angeles*, 2014 WL 12564127, at *7 (C.D. Cal 2014) ("impos[ing] a 30% reduction for those entries that were block billed").

[20] *See, e.g.,* Dkt. 136-1 at 2-5, 7-10, 12- 24; *TemPay Inc. v. Biltres Staffing of Tampa Bay, LLC*, 2013 WL 5874772, at *2 (M.D. Fla. Oct. 30, 2013) ("Because many of the redacted entries make it difficult, if not impossible, to determine whether the time associated with those entries is objectionable … TemPay has not met its burden, and Defendants consequently are unable to challenge with precision those entries. Thus, the redacted time entries … are not included in the fee award.").

[21] *See Donnell v. United States*, 682 F.2d 240, 248 (D.C. Cir. 1982) ("If a lawsuit is successful, but the intervenor contributed little or nothing of substance in producing that outcome, then fees should not be awarded."); *King v. Ill. State Bd. of Elections*, 410 F.3d 404, 416-17 (7th Cir. 2005) ("[A]n award of attorneys' fees would be inappropriate … if the intervenor's submissions and arguments were mostly redundant … or were otherwise unhelpful…. '[T]he critical goal of enabling private citizens to serve as "private attorneys general" … is far less compelling when' an intervenor participates on the side of the United States." (citations omitted)).

resolved by the Court—and all of these efforts would be wasted if the State ultimately prevails on appeal.[22]

AFN pivots and urges the Court to at least "decide the application of ANILCA Section 807 [16 U.S.C. § 3117] now."[23] To be sure, that path would be preferable than requiring the parties to fully brief both the eligibility and the amount issues simultaneously. Yet this bifurcated approach still makes little sense. That this issue is hotly disputed by the parties is a reason to *defer* resolution of the fee motions, not to resolve it now. And AFN's reasons for bifurcating their motions are puzzling, to say the least. AFN argues that a decision on fee eligibility may cause "[t]he State [to] make different litigation choices if it knows the potential liability it faces" and receives "legislat[ive] and public" pressure over the costs.[24] But the State is aware of no decision—and AFN cites none—where a district court issued an immediate ruling on attorney's fees with the goal of forcing a defendant not to fully pursue its appellate rights. The point of attorney's fees provisions is to compensate counsel who represent prevailing parties—not to punish defendants who appeal adverse decisions against them.

---

[22] Parties also regularly settle fee disputes at the conclusion of litigation, rather than litigate all the factual and legal issues. But no such settlement could even be considered now while the State's appeal is pending.

[23] AFN Opp. 5.

[24] AFN Opp. 4-5.
*United States v. Alaska*  
Defs' Mot. to Stay Resolution of Fee Motions

Case No. 1:22-cv-54-SLG  
Page 7 of 9

Finally, AFN suggests that it will suffer prejudice because it will not "receive interest on the amounts owed to them, due to the State's delayed payment.[25] But AFN's own cases explain that "[n]othing in the statutory language [of Section 3117] states or implies that prevailing parties are entitled to interest payments or their functional equivalent."[26] AFN identifies no case where any party was awarded interest payments under Section 3117. Nor does it identify any district court who addressed fee motions (under any fee provision statute) immediately in order to ensure that a party could receive interest payments. The Intervenors thus will suffer no prejudice whatsoever if the Court decides the fee motions after the underlying merits of this case are resolved.

For the foregoing reasons, the Court should grant the State's motion.

DATED: May 6, 2024

Respectfully Submitted,

TREG TAYLOR
ATTORNEY GENERAL

By: */s/ Margaret Paton-Walsh*

J. Michael Connolly (*pro hac vice*)
Steven C. Begakis (*pro hac vice*)
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Telephone: (703) 243-9423
mike@consovoymccarthy.com
steven@consovoymccarthy.com

Margaret Paton-Walsh
(Alaska Bar No. 0411074)
Chief Assistant Attorney General
*/s/ Aaron C. Peterson*
Aaron C. Peterson
(Alaska Bar No. 1011087)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200

---

[25] AFN Opp. 5.

[26] *Katie John v. United States*, No. A90-0484-CV, at *69 (D. Alaska Mar. 28, 2003) (provided to this Court at Dkt. 147-3); *see also id.* at *67 (rejecting the attempt to obtain "an impermissible award of interest against the United States").

Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
margaret.paton-walsh@alaska.gov
aaron.peterson@alaska.gov

*Attorneys for the State of Alaska*

# CERTIFICATE OF SERVICE

I certify that on May 6, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, serving all counsel of record.

                                              */s/ Margaret Paton-Walsh*
                                              Margaret Paton-Walsh