IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>and<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.*,<br><br>    Intervenor-Plaintiffs<br><br>v.<br><br>THE STATE OF ALASKA, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-00054-SLG |

**ORDER RE DEFENDANTS' MOTION TO STAY CONSIDERATION OF FEE MOTIONS PENDING THE RESOLUTION OF APPELLATE PROCEEDINGS**

    Before the Court at Docket 142 is Defendants' Motion to Stay Consideration of Fee Motions Pending the Resolution of Appellate Proceedings.[1] Certain Intervenor-Plaintiffs responded in opposition at Dockets 145 and 146, to which Defendants replied at Docket 149.[2]

---

[1] Defendants are the State of Alaska, the Alaska Department of Fish and Game ("ADF&G"), and Doug Vincent-Lang, Commissioner of ADF&G (collectively, "the State" or "Defendants"). Docket 1 at ¶¶ 9-11.

[2] The Intervenor-Plaintiffs who filed responses to Defendants' motion are Kuskokwim River Inter-Tribal Fish Commission ("the Commission") and Alaska Federation of Natives ("AFN").

## BACKGROUND

The facts of this case are more fully set out in the Court's prior order at Docket 129. As relevant, the United States sued Defendants after Defendants opened fishing on the Kuskokwim River in conflict with federal orders prohibiting such fishing.[3] The United States maintained that the State's actions were preempted by federal law, specifically Title VIII of the Alaska National Interest Lands Conservation Act ("ANILCA").[4] In response, the State asserted that the Federal Subsistence Board, the entity that issued the federal orders, did not have authority to regulate fishing on the Kuskokwim River and was unconstitutional pursuant to the Appointments Clause.[5]

This Court rejected Defendants' arguments and granted summary judgment to the United States and Intervenor-Plaintiffs.[6] The Court entered a permanent injunction prohibiting the State from reinstating the orders that conflicted with the federal orders and from taking similar actions interfering with federal orders issued pursuant to Title VIII of ANILCA on the Kuskokwim River within the Yukon Delta National Wildlife Refuge.[7]

---

[3] Docket 1 at ¶¶ 4-6.

[4] Docket 1 at ¶¶ 1-2 (citing Pub. L. No. 96-487, 94 Stat. 2371, 2371-2551 (1980) (codified at 16 U.S.C. §§ 3111-3126)).

[5] Docket 73 at 8-9.

[6] Docket 129 at 27.

[7] Docket 129 at 29.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Defendants' Motion to Stay Consideration of Fee Motions Pending the Resolution of Appellate Proceedings
Page 2 of 7

Case 1:22-cv-00054-SLG   Document 150   Filed 05/09/24   Page 2 of 7

The State timely appealed from the Court's order.[8] Shortly thereafter, Intervenor-Plaintiffs AFN, the Commission, Ahtna Tene Nené and Ahtna, Inc. (collectively, "Ahtna"), and the Association of Village Council Presidents, Betty Magnuson, and Ivan Ivan (collectively, "AVCP") each filed motions for attorney's fees pursuant to 16 U.S.C. § 3117, Federal Rule of Civil Procedure 54(d)(2), and Local Civil Rule 54.2.[9] The State obtained an extension of time to respond to the fee motions and filed the instant Motion to Stay Consideration of Fee Motions Pending the Resolution of Appellate Proceedings.[10]

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) allows a party to seek attorney's fees by filing a motion within fourteen days of the entry of judgment. The motion must specify the grounds entitling the movant to the award and the amount sought or a fair estimate.[11] "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the

---

[8] Docket 131.

[9] Docket 133 (AFN); Docket 135 (Commission); Docket 137 (Ahtna); Docket 138 (AVCP). 16 U.S.C. § 3117 is the part of ANILCA that governs costs and attorney's fees recoverable pursuant to that section.

[10] Docket 142; Docket 144 (text order establishing May 20, 2024, deadline for Defendants to respond to Intervenor-Plaintiffs' motions for fees).

[11] Fed. R. Civ. P. 54(d). *See also* Alaska L. Civ. R. 54.2, which provides that the fee motion must be accompanied by a declaration or affidavit setting forth the total number of hours billed, the rate for each lawyer or professional, the customary fee charged in similar matters in the District of Alaska, the amount charged to the client, and itemized billing records.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Defendants' Motion to Stay Consideration of Fee Motions Pending the Resolution of Appellate Proceedings
Page 3 of 7
Case 1:22-cv-00054-SLG   Document 150   Filed 05/09/24   Page 3 of 7

motion without prejudice . . . ."[12] "[A] district court may prefer to defer consideration of the claim for fees until after the appeal is resolved" "[p]articularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision."[13] "However, in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case."[14]

## DISCUSSION

In their motion, Defendants ask the Court to "defer ruling on the Intervenors' motions until the resolution of appellate proceedings."[15] Defendants assert that the pending fee motions will be affected by the appellate proceedings, the final appellate decision could dispense with the Court's need to consider whether Intervenor-Plaintiffs are entitled to fees pursuant to 16 U.S.C. § 3117, and Intervenor-Plaintiffs will not be prejudiced by a delay in any fee award.[16] Alternatively, the State suggests that the Court "should deny the motions for

---

[12] Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment.

[13] Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment; *see also* Fed. R. App. P. 4(a)(4)(B)(i).

[14] Fed. R. App. P. 4(a)(4)(B)(i).

[15] Docket 142 at 3.

[16] Docket 142 at 3-4.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Defendants' Motion to Stay Consideration of Fee Motions Pending the Resolution of Appellate Proceedings
Page 4 of 7
Case 1:22-cv-00054-SLG   Document 150   Filed 05/09/24   Page 4 of 7

attorneys' fees without prejudice with leave to renew the motion[s] following disposition of appellate proceedings."[17]

In its response, AFN maintains that, while "the commentary to Rule 54 confirms a court's discretion to delay the award of fees to a prevailing party, this is not the type of case where that discretion should be exercised."[18] That is so, AFN contends, because deciding Intervenor-Plaintiffs' motions for attorney's fees now would maximize "judicial efficiency and economy" and would "provide[] certainty over the application of ANILCA Section 807[, 16 U.S.C. § 3117]."[19] AFN also asserts that it would be prejudiced by a stay of its fee motion because it would not receive interest on any amount owed to AFN while the case is on appeal. Finally, AFN contends that, "at a minimum, this Court should decide the application of ANILCA Section 807 now, a legal issue, even if the exact amount of fees to [be] awarded is decided later."[20] The Commission also opposes Defendants' motion to stay "[f]or the general reasons set forth in" AFN's brief.[21]

The Court finds that Intervenor-Plaintiffs' claims for attorney's fees may be affected by the appellate proceedings and the amounts sought will be vigorously

---

[17] Docket 142 at 5.

[18] Docket 145 at 2.

[19] Docket 145 at 4.

[20] Docket 145 at 5.

[21] Docket 146 at 2.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Defendants' Motion to Stay Consideration of Fee Motions Pending the Resolution of Appellate Proceedings
Page 5 of 7
Case 1:22-cv-00054-SLG   Document 150   Filed 05/09/24   Page 5 of 7

contested by the State, such that it is appropriate to defer ruling on the amount of any fee award until after this case has been resolved on appeal.[22]  However, the Court also agrees with Intervenor-Plaintiffs that whether Intervenor-Plaintiffs can avail themselves of 16 U.S.C. § 3117 is a discrete legal issue appropriate for resolution at this stage of the litigation, as the Court's ruling on that issue can be expeditiously made and appealed now.

Therefore, IT IS ORDERED as follows:

1. Defendants' motion for a stay regarding the applicability of 16 U.S.C. § 3117 is DENIED.  The Court will consider Intervenor-Plaintiffs' substantive arguments on that issue as included in their motions for attorney's fees and in their optional replies to Defendants' response. Defendants' response to Intervenor-Plaintiffs' fee motions, due May 20, 2024, in accordance with the Court's order at Docket 144, shall address only the applicability of 16 U.S.C. § 3117.  Likewise, Intervenor-Plaintiffs' optional replies shall be limited to that one topic. The Court will then rule on that one issue of the fee motions only.

---

[22] *See Sundby v. Marquee Funding Grp.*, Case No. 19-cv-390-GPC-AHG, 2023 WL 6452372, at *2 (S.D. Cal. Oct. 3, 2023) (deferring ruling on fee motion "for purposes of judicial economy" because "a ruling by the Ninth Circuit may affect the attorneys' fees and costs"); *Social Life Network, Inc. v. LGH Invs., LLC*, Case No. 21-cv-0767-L-MDD, 2022 WL 10449463, at *1 (S.D. Cal. Oct. 18, 2022) (deferring ruling on fee motion because "[i]f Plaintiff's appeal is successful the present motion would be moot, and the Court's expended resources would be wasted").

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Defendants' Motion to Stay Consideration of Fee Motions Pending the Resolution of Appellate Proceedings
Page 6 of 7
Case 1:22-cv-00054-SLG   Document 150   Filed 05/09/24   Page 6 of 7

2. Intervenor-Plaintiffs' motions for attorney's fees at Dockets 133, 135, 137, and 138 are each DENIED in part as to the amount of fees to be awarded, if any, and without prejudice to Intervenor-Plaintiffs renewing the motions at the conclusion of the appellate proceedings. Accordingly, Defendants' motion for a stay as to the amount of any fee award is DENIED as moot.

DATED this 9th day of May 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Defendants' Motion to Stay Consideration of Fee Motions Pending the Resolution of Appellate Proceedings
Page 7 of 7
Case 1:22-cv-00054-SLG   Document 150   Filed 05/09/24   Page 7 of 7