Jahna M. Lindemuth (AK No. 9711068)
Scott M. Kendall (AK No. 0405019)
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, Alaska 99501
Phone: (907) 222-7932
Fax: (907) 222-7938
jahna@cashiongilmore.com
scott@cashiongilmore.com

Nicole Borromeo (AK No. 1205031)
Alaska Federation of Natives
3000 A Street, Suite 210
Anchorage, Alaska 99503
Phone: (907) 274-3611
Fax: (907) 276-7989
nborromeo@nativefederation.org

*Attorneys for Intervenor-Plaintiff Alaska Federation of Natives*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.*,<br><br>    Intervenor Plaintiffs,<br><br>v.<br><br>STATE OF ALASKA, *et al.*,<br><br>    Defendants. | Case No. 1:22-CV-00054-SLG |

**INTERVENOR-PLAINTIFFS' JOINT
REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS**

Intervenor-Plaintiffs the Alaska Federation of Natives ("AFN"), the Kuskokwim River Inter-Tribal Fish Commission ("Fish Commission"), and the Association of Village Council Presidents ("AVCP"), Ivan Ivan, and Betty Magnuson, by and through counsel,

INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*   Page 1 of 10

Case 1:22-cv-00054-SLG   Document 152   Filed 05/28/24   Page 1 of 10

hereby jointly reply to Defendants' Opposition to Intervenor-Plaintiffs' Fee Motions at Docket 151.[1]

## I. INTRODUCTION

State Defendants insist that Intervenor-Plaintiffs are not entitled to costs and attorneys' fees under 16 U.S.C. § 3117, the Alaska National Interest Lands Conservation Act ("ANILCA") Section 807, for two reasons: (1) this is not an action brought under Section 807, and (2) Intervenors failed to say magic words in their complaints to invoke Section 807.[2] Neither of these assertions withstand scrutiny. Section 807 applies to *all* actions against the State for the enforcement of ANILCA's Title VIII subsistence priority.

## II. ARGUMENT

### A. ANILCA Section 807 Provides the Sole Federal Judicial Remedy for a Failure of the State to Provide for the Subsistence Priority in Title VIII.

State Defendants insist that Intervenor-Plaintiffs are not prevailing parties entitled to costs and attorneys' fees based on an artificially constrained reading of Section 807(a), ignoring the plain language in Section 807(c), as well as the Congressional Record.

ANILCA Section 807(a) broadly provides that "persons and organizations aggrieved by a failure of the State or the Federal Government to provide for the priority for subsistence uses set forth in section 804 . . . [may] file a civil action in the United States

---

[1] Consistent with this Court's Order at Docket 150, this reply brief addresses only "the applicability of 16 U.S.C. § 3117." Intervenor-Plaintiffs Ahtna Tene Nené and Ahtna, Inc. will be filing a separate reply brief.

[2] Docket 151 at 2-4.

INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al.,* Case No. 1:22-CV-00054-SLG                              Page 2 of 10

Case 1:22-cv-00054-SLG   Document 152   Filed 05/28/24   Page 2 of 10

District Court for the District of Alaska to require such actions to be taken as are necessary to provide for the priority."³ The plain text of Section 807(c) emphasizes that the "section is the sole Federal judicial remedy created by this title [16 U.S.C. §§ 3111 et seq.] for local residents and other residents who, and organizations which, are aggrieved by a failure of the State to provide for the priority of subsistence uses set forth in section 804 [16 U.S.C. § 3114]."⁴ The State Defendants entirely ignore this plain language.⁵

The legislative history of Section 807, also not cited by the State Defendants, confirms that Section 807 was redrafted to "provide a comprehensive mechanism for resolution of subsistence-related disputes."⁶ The Congressional Record further supports that Section 807 "is the sole Federal judicial remedy for any aggrieved local resident, person, or organization which believes that the State of Alaska has failed, in a particular instance, to timely and adequately provide for the priority for subsistence uses established by section 804."⁷ Contrary to the State Defendants' assertion that the only relief against the State that may be sought under Section 807 is "directing the State to submit regulations,"⁸ the legislative history instead indicates that Congress contemplated that *all* actions by the

---

³ 16 U.S.C. § 3117(a).
⁴ *Id*. § 3117(c).
⁵ *See* Docket 151. There is no merit to the State Defendants' suggestion that the Intervenors' claims somehow do not rise to the level of being an "action." *See* Docket 151 at 1-2. Each Intervenor filed its own complaint bringing an action against the State Defendants. Docket 12-1; Docket 38-1; Docket 41; Docket 97.
⁶ 126 Cong. Rec. S31110 (daily ed. Dec. 1, 1980). The relevant excerpt of the Congressional Record is included in the accompanying Appendix.
⁷ *Id.*
⁸ Docket 151 at 4-5.
INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al.*, Case No. 1:22-CV-00054-SLG                    Page 3 of 10

Case 1:22-cv-00054-SLG   Document 152   Filed 05/28/24   Page 3 of 10

State that interfered with the ANILCA Title VIII subsistence priority in Section 804 could be challenged under Section 807:

> As a practical matter, the State's responsibilities under section 804 will be focused primarily on ensuring that hunting and fishing regulations adopted by the Alaska Board of Game and the Alaska Board of Fisheries are in compliance with the requirements of this section. . . . <u>However, it also should be noted that the actions of the Alaska Department of Fish and Game and other State agencies and officials may also give rise to a cause of action under section 804 which may be brought in the Federal court pursuant to the provisions of section 807</u>.[9]

Both the plain statutory text itself, and the Congressional Record, confirm that Section 807 was intended to be the sole federal remedy available to address all subsistence-related disputes pertaining to Title VIII of ANILCA. "Because of the strong public interest in the effective implementation of the subsistence priority," Congress provided for an award of full fees and costs for persons and organizations that were prevailing parties against the State.[10]

The State Defendants are simply wrong that this Court may award fees under Section 807 only in cases where the final judgment requires the State to submit

---

[9] 126 Cong. Rec. S31109 (emphasis added).
[10] *Id.*

INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*     Page 4 of 10

Case 1:22-cv-00054-SLG   Document 152   Filed 05/28/24   Page 4 of 10

regulations.[11] None of the cases cited by the State Defendants reach such a holding.[12] Moreover, adopting the State's proposed interpretation of Section 807 would require this Court to reach the absurd conclusion that aggrieved persons and organizations effectively have no recourse against the State when it interferes with the implementation of ANILCA's subsistence priority because the State has no ability to promulgate regulations that comply with Title VIII under current Alaska law.

B.  **Intervenors Did Not Have to Invoke Magic Words.**

Intervenor-Plaintiffs' Complaints in Intervention sought to enforce the subsistence priority established in Title VIII of ANILCA. In AFN's Complaint, for instance, in addition

---

[11] *Compare* Docket 151 at 4-5, *with Kenaitze Indian Tribe v. Alaska*, 860 F.2d 312, 316 (9th Cir. 1988) ("Most fundamentally, unlike a federal agency, the state is delegated no authority under ANILCA. The statute only provides that if the state wishes to regulate in a manner consistent with federal law, federal regulation will be withheld. ANILCA does not assign any particular functions to the state as, indeed, it could not. As a separate sovereign, the state is at all times free to refuse to regulate; Congress could not compel it to do so. If the state refuses, the Department of the Interior will step in and do the job.").

[12] The cases cited by the State Defendants apply Section 807, but do not hold that fees are available only in certain limited actions. *Native Vill. of Quinhagak v. United States*, 35 F.3d 388, 395 (9th Cir. 1994) ("The Villages are entitled to recover all of their attorney's fees (including fees related to their request for a preliminary injunction) based on 16 U.S.C. § 3117(a)"); *Kenaitze Indian Tribe*, 860 F.2d at 315 & n.5 ("Although section 3117(a) requires the 'exhaustion of any State or Federal (as appropriate) administrative remedies which may be available,' it is clear in context that 'Federal (as appropriate) administrative remedies' refers to remedies that would exist if the state had not supplanted ANILCA's regulatory scheme with its own. Because the state has accepted section 3115(d)'s invitation to supersede federal regulation, there is no federal administrative remedy for a plaintiff to exhaust. The state, moreover, makes no claim that the Kenaitze have failed to exhaust any available state administrative remedies."); *John v. United States*, 1994 U.S. Dist. LEXIS 12785, *9-10 (D. Alaska Mar. 30, 1994) ("In this regard, Congress expressly provided for district court jurisdiction over the State as regards its implementation of ANILCA.") (citing ANILCA Section 807(a)).

INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al.*, Case No. 1:22-CV-00054-SLG                                              Page 5 of 10

Case 1:22-cv-00054-SLG   Document 152   Filed 05/28/24   Page 5 of 10

to incorporating the United States' Complaint requesting declaratory and injunctive relief, AFN supplemented with allegations that as the "largest statewide Native organization in Alaska" it sought relief because the "State's actions have already directly harmed Alaska Native communities who rely on the Kuskokwim River for subsistence. The State's further attempts to . . . invalidate Title VIII of ANILCA threaten the entire statewide population of Alaska Natives and their ways of life."[13] The other Intervenors' Complaints included similar allegations.[14] All Intervenors further requested the relief of costs and attorneys' fees.[15] Defendants were on notice both that Intervenors sought relief due to their statuses as organizations and residents aggrieved by the State Defendants' actions in contravention of the subsistence priority established in Title VIII of ANILCA, and further that Intervenors were seeking attorneys' fees.

Confusingly, although Intervenor-Plaintiffs were identified as prevailing parties in the Judgment entered by this Court based on their claims under Title VIII of ANILCA,[16] Defendants insist that Intervenor-Plaintiffs were required to invoke the magic words that

---

[13] Complaint in Intervention by AFN (dated Oct. 13, 2023), Docket 97 at 2 ¶¶ 1-3, 11-12.
[14] *See, e.g.*, Docket 12-1 at 6 ("ADF&G's actions . . . undermine the federal subsistence priority, violate ANILCA, contravene the Commission's authority to co-manage the Kuskokwim River salmon fisheries with federal managers, and sow confusion among the subsistence fishers in the region."); *see also* Docket 41 at 5.
[15] Docket 12-1 at 7 (Fish Commission); Docket 38-1 at 7 (Ahtna); Docket 41 at 5 (AVCP); Docket 97 at 7 (AFN).
[16] Docket 130; *see also Native Vill. of Quinhagak*, 35 F.3d at 395 (emphasizing "the strong public interest in the effective implementation of the subsistence priority by both the State and the Federal government" and that Section 807 "*is important to ensure that the residents of Native villages*, many of which are among the poorest communities in the Nation, *will be able to secure adequate representation*." (quoting 126 Cong. Rec. S31109)).

INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al.*, Case No. 1:22-CV-00054-SLG  Page 6 of 10

Case 1:22-cv-00054-SLG   Document 152   Filed 05/28/24   Page 6 of 10

they were seeking costs and fees pursuant to Section 807 in their complaints, and further somehow represented that they would *not* be seeking fees by "incorporat[ing] the United States' complaint."[17] Defendants cite to *United States v. Sineneng-Smith* in support of this shaky assertion.[18] *Sineneng-Smith*, however, stands for no such proposition. Instead, in *Sineneng-Smith*, the Supreme Court concluded that the Ninth Circuit Court of Appeals had abused its discretion under the principle of party presentation by engaging in a "takeover of the appeal" and a "radical transformation of [the] case" by interjecting new issues on appeal that did not "bear[] a fair resemblance to the case shaped by the parties" before the District Court.[19] Simply put, *Sineneng-Smith* is irrelevant to whether Intervenor-Plaintiffs are entitled to costs and attorneys' fees under Section 807 for prevailing on their claims brought to uphold the subsistence priority in Title VIII of ANILCA. Intervenors could find no legal authority requiring them to specifically cite to Section 807 in their request for fees and costs in their complaint to be entitled to a fee award, especially where Section 807 is the sole remedy to enforce the subsistence priority.

Defendants' arguments do nothing to refute the core facts that after prevailing on their claims under Title VIII of ANILCA, and consistent with the requirements of Federal

---

[17] Docket 151 at 3-4.
[18] *Id.* at 4 n.10.
[19] 140 S. Ct. 1575, 1579-82 (2020) (noting further the decision to invite *amicus* organizations, and not the parties, to brief these new issues), *compare with Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").

INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al.*, Case No. 1:22-CV-00054-SLG                                                Page 7 of 10

Case 1:22-cv-00054-SLG   Document 152   Filed 05/28/24   Page 7 of 10

Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54.2, Intervenors timely briefed their entitlement to fees under Section 807.[20]

## III. CONCLUSION

Intervenor-Plaintiffs are local organizations and residents that intervened in this action to enforce the priority for subsistence uses set forth in Title VIII of ANILCA and are therefore entitled to full costs and attorneys' fees pursuant to 16 U.S.C. § 3117.

                                                CASHION GILMORE & LINDEMUTH
                                                Attorneys for Intervenor-Plaintiff
                                                Alaska Federation of Natives

DATE: May 28, 2024                       */s/ Jahna M. Lindemuth*
                                                Jahna M. Lindemuth
                                                Alaska Bar No. 9711068
                                                Scott M. Kendall
                                                Alaska Bar No. 0405019


                                                ALASKA FEDERATION OF NATIVES
                                                Attorneys for Intervenor-Plaintiff
                                                Alaska Federation of Natives

DATE: May 28, 2024                       */s/ Nicole Borromeo*
                                                Nicole Borromeo
                                                Alaska Bar No. 1205031

---

[20] *See* Docket 133 (AFN); Docket 135 (Fish Commission); Docket 137 (Ahtna); Docket 138 (AVCP).

INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*         Page 8 of 10

Case 1:22-cv-00054-SLG    Document 152    Filed 05/28/24    Page 8 of 10

|  |  |
|---|---|
|  | SONOSKY, CHAMBERS, SACHSE MILLER & MONKMAN, LLP<br>Attorneys for Intervenor-Plaintiff Kuskokwim River Inter-Tribal Fish Commission |
| DATE: May 28, 2024 | */s/ Nathaniel Amdur-Clark*<br>Nathaniel Amdur-Clark<br>Alaska Bar No. 1411111<br>Whitney A. Leonard<br>Alaska Bar No. 1711064<br>Lloyd B. Miller<br>Alaska Bar No. 7906040 |
|  | NATIVE AMERICAN RIGHTS FUND<br>Attorneys for Intervenor-Plaintiffs Association of Village Council Presidents, Ivan Ivan, and Betty Magnuson |
| DATE: May 28, 2024 | */s/ Erin C. Dougherty Lynch*<br>Erin C. Dougherty Lynch<br>Alaska Bar No. 0811067<br>Heather R. Kendall Miller<br>Alaska Bar No. 9211084<br>Matthew N. Newman<br>Alaska Bar No. 1305023<br>Wesley James Furlong<br>Alaska Bar No. 1611108<br>Megan R. Condon<br>Alaska Bar No. 1810096<br>Sydney Tarzwell<br>Alaska Bar No. 1801001 |

INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*                                                                     Page 9 of 10

Case 1:22-cv-00054-SLG   Document 152   Filed 05/28/24   Page 9 of 10

**CERTIFICATE OF SERVICE**

I certify that on May 28, 2024, a copy of the foregoing document was served via ECF on all counsel of record.

/s/ Jahna M. Lindemuth

INTERVENOR-PLAINTIFFS' JOINT REPLY TO DEFENDANTS' OPPOSITION TO FEE MOTIONS
*USA et al. v. State of Alaska et al., Case No. 1:22-CV-00054-SLG*  Page 10 of 10

Case 1:22-cv-00054-SLG   Document 152   Filed 05/28/24   Page 10 of 10