IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        and<br><br>KUSKOKWIM RIVER INTER-TRIBAL FISH COMMISSION, *et al.*,<br><br>        Intervenor-Plaintiffs<br><br>        v.<br><br>THE STATE OF ALASKA, *et al.*,<br><br>        Defendants. | Case No. 1:22-cv-00054-SLG |

## **ORDER RE INTERVENOR-PLAINTIFFS' MOTIONS FOR ATTORNEY'S FEES**

Before the Court are Intervenor-Plaintiffs' motions for attorney's fees at Dockets 133, 135, 137, and 138.[1] The Court previously denied the motions without prejudice in part as to the amount of any fee award, but directed Defendants[2] to respond to the motions on whether Intervenor-Plaintiffs can seek attorney's fees pursuant to 16 U.S.C. § 3117.[3] Defendants filed their response at Docket 151.

---

[1] Intervenor-Plaintiffs are Kuskokwim River Inter-Tribal Fish Commission ("the Commission"), *see* Docket 29; the Association of Village Council Presidents, Betty Magnuson, and Ivan Ivan (collectively, "AVCP"), *see* Docket 37; Ahtna Tene Nené and Ahtna, Inc. (collectively, "Ahtna"), *see* Docket 47; and Alaska Federation of Natives ("AFN"), *see* Docket 96.

[2] Defendants are the State of Alaska, the Alaska Department of Fish and Game ("ADF&G"), and Doug Vincent-Lang, Commissioner of ADF&G (collectively, "the State" or "Defendants"). Docket 1 at ¶¶ 9-11.

[3] Docket 150 at 6-7.

Intervenor-Plaintiffs AFN, the Commission, and AVCP replied at Docket 152, and Intervenor-Plaintiff Ahtna replied at Docket 153. Oral argument was not requested and is not necessary to the Court's determination.

## BACKGROUND

The facts of this case are more fully set out in the Court's prior order at Docket 129. As relevant, the United States sued Defendants after Defendants opened fishing on the Kuskokwim River in conflict with federal orders prohibiting such fishing.[4] The United States maintained that the State's actions were preempted by federal law, specifically Title VIII of the Alaska National Interest Lands Conservation Act ("ANILCA").[5] In response, the State asserted that the Federal Subsistence Board, the entity that issued the federal orders, did not have the authority to regulate fishing on the Kuskokwim River and was unconstitutional pursuant to the Appointments Clause.[6]

The Court rejected Defendants' arguments and granted summary judgment to the United States and Intervenor-Plaintiffs.[7] The Court entered a permanent injunction prohibiting the State from reinstating its orders that conflicted with the federal orders and from taking similar actions interfering with federal orders issued

---

[4] Docket 1 at ¶¶ 4-6.

[5] Docket 1 at ¶¶ 1-2 (citing Pub. L. No. 96-487, 94 Stat. 2371, 2371-2551 (1980) (codified at 16 U.S.C. §§ 3111-3126)).

[6] Docket 73 at 8-9.

[7] Docket 129 at 27.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 2 of 10
Case 1:22-cv-00054-SLG   Document 154   Filed 06/06/24   Page 2 of 10

pursuant to Title VIII of ANILCA on the Kuskokwim River within the Yukon Delta National Wildlife Refuge.[8]

The State has timely appealed from the Court's order.[9] Shortly thereafter, Intervenor-Plaintiffs filed motions for attorney's fees pursuant to 16 U.S.C. § 3117, Federal Rule of Civil Procedure 54(d)(2), and District of Alaska Local Civil Rule 54.2.[10]

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) allows a party to seek attorney's fees by filing a motion within fourteen days of the entry of judgment. The motion must specify the grounds entitling the movant to the award and the amount sought or a fair estimate.[11]

## DISCUSSION

In their motions, Intervenor-Plaintiffs maintain that they are entitled to attorney's fees as prevailing parties pursuant to 16 U.S.C. § 3117 because the Court rejected Defendants' challenges to the Federal Subsistence Board's authority and entered summary judgment in favor of the United States and Intervenor-Plaintiffs.[12]

---

[8] Docket 129 at 29.

[9] Docket 131.

[10] Docket 133 (AFN); Docket 135 (Commission); Docket 137 (Ahtna); Docket 138 (AVCP).

[11] Fed. R. Civ. P. 54(d). *See also* Alaska L. Civ. R. 54.2.

[12] Docker 133 at 2 (AFN); Docket 135 at 2 (Commission); Docket 137 at 4 (Ahtna); Docket 138

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 3 of 10
Case 1:22-cv-00054-SLG   Document 154   Filed 06/06/24   Page 3 of 10

Title VIII of ANILCA is codified at 16 U.S.C. §§ 3111-3126. Specifically, Section 807 of ANILCA is codified at § 3117, and Section 804 of ANILCA is codified at § 3114. Section 3117(c) provides "the sole Federal judicial remedy created by [Title VIII] for local residents and other residents who, and organizations which, are aggrieved by a failure of the State to provide for the priority of subsistence uses set forth in [16 U.S.C. § 3114]."[13] Section 3117(a) provides that "[i]n a civil action filed against the State, the court shall provide relief, other than preliminary relief, by directing the State to submit regulations which satisfy the requirements of . . . [16 U.S.C. § 3114]." In turn, § 3114 provides a priority for the subsistence taking of fish and wildlife by rural Alaskans. Section 3117(a) also provides that "[l]ocal residents and other persons and organizations who are prevailing parties in an action filed pursuant to this section shall be awarded their costs and attorney's fees."

Defendants disagree that Intervenor-Plaintiffs are entitled to attorney's fees pursuant to § 3117.[14] First, they maintain that Intervenor-Plaintiffs are not "prevailing parties in an action filed pursuant to" § 3117 because the "action" was

---

at 4-6 (AVCP).

[13] The legislative history explains that Section 807 of ANILCA was redrafted to "provide a comprehensive mechanism for resolution of subsistence-related disputes." 126 Cong. Rec. 31110 (1980). It was described broadly by its drafters as "the sole Federal judicial remedy for any aggrieved local resident, person, or organization which believes that the State of Alaska has failed, in a particular instance, to timely and adequately provide for the priority for subsistence uses established by section 804." *Id.*

[14] Docket 151 at 2.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 4 of 10
Case 1:22-cv-00054-SLG   Document 154   Filed 06/06/24   Page 4 of 10

filed by the United States, and Intervenor-Plaintiffs "*intervened* in the United States' action."[15] Second, Defendants contend that the action filed by the United States was not brought pursuant to § 3117 and "*[n]ot once* did any Intervenor ever claim that it was filing its action 'pursuant to' Section 3117."[16] Defendants also assert that "there is no basis for assuming that the Intervenors' claims were filed pursuant to Section 3117" because the Court did not cite § 3117 in its orders, nor did the Court direct the State to submit regulations to the Court that would satisfy Title VIII's rural subsistence priority.[17]

In their replies, Intervenor-Plaintiffs assert that § 3117 provides the sole federal remedy for local residents and other persons and organizations to resolve disputes pursuant to Title VIII of ANILCA and that the text of the statute and the congressional record demonstrate that the remedy applies to "all subsistence-related disputes," not just disputes implicating state regulations.[18] They also maintain that, in addition to incorporating the United States' complaint, Intervenor-Plaintiffs' complaints "sought relief because the . . . 'State's further attempts to . . . invalidate Title VIII of ANILCA threaten the entire statewide population of Alaska

---

[15] Docket 151 at 2-3 (emphasis in original) (internal quotation marks omitted).

[16] Docket 151 at 3 (emphasis in original).

[17] Docket 151 at 4.

[18] Docket 152 at 3-4 (citing 16 U.S.C. § 3117(c)). The reply at Docket 152 was filed by Intervenor-Plaintiffs AFN, the Commission, and AVCP. Ahtna filed a separate reply "agree[ing] with the other Intervenor-Plaintiffs' arguments," but Ahtna wrote "separately to emphasize that this case is, and has always been, about *Katie John*." Docket 153 at 2.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 5 of 10
Case 1:22-cv-00054-SLG   Document 154   Filed 06/06/24   Page 5 of 10

Natives and their ways of life.'"[19] Further, each complaint in intervention specifically requested an award of fees and costs.[20] Therefore, Intervenor-Plaintiffs argue that "Defendants were on notice both that Intervenors sought relief due to their statuses as organizations and residents aggrieved by the State Defendants' actions in contravention of the subsistence priority established in Title VIII of ANILCA, and further that Intervenors were seeking attorneys' fees," and Intervenor-Plaintiffs did not need "to specifically cite to [§ 3117] in their request for fees and costs in their complaint to be entitled to a fee award, especially where [§ 3117] is the sole remedy to enforce the subsistence priority."[21]

First, the Court finds no merit to Defendants' assertion that Intervenor-Plaintiffs cannot avail themselves of § 3117 because they, as intervenors, cannot be prevailing parties pursuant to that section. Defendants point to no Ninth Circuit authority in support of that proposition; rather, Defendants cite Federal Rule of Civil Procedure 24(a), which permits intervention of right.[22] However, "[i]Intervenors under [Rule] 24(a)(2) . . . enter the suit with the status of original parties."[23] Ninth Circuit precedent suggests that a party's status as an intervenor does not

---

[19] Docket 152 at 5-6 (quoting Docket 97 at ¶ 12). *See* Docket 12-1 at ¶¶ 11, 14 (Commission Compl.); Docket 38-1 at ¶¶ 1, 10, 13 (Ahtna Compl.); Docket 41 at ¶¶ 6-10 (AVCP Compl.); Docket 97 at ¶¶ 1, 6-12 (AFN Compl.).

[20] Docket 12-1 at 7 (Commission); Docket 38-1 at 7 (Ahtna); Docket 41 at 5 (AVCP); Docket 97 at 7 (AFN).

[21] Docket 152 at 6-7.

[22] Docket 151 at 3 & n.5.

[23] *United States v. Oregon*, 657 F.2d 1009, 1014 (9th Cir. 1981) (citation omitted).

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 6 of 10
Case 1:22-cv-00054-SLG   Document 154   Filed 06/06/24   Page 6 of 10

categorically bar the recovery of attorney's fees.[24] And the Court in fact entered judgment in this matter for both the United States and Intervenor-Plaintiffs.[25]

Regarding Defendants' second argument that Intervenor-Plaintiffs cannot avail themselves of § 3117 because neither the United States' complaint nor the Intervenor-Plaintiffs' complaints cite to § 3117, the Court finds that contention also fails. "A party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case."[26] The Ninth Circuit "long ago rejected the argument that a specific statute must be named, describing it as an attempt to evoke wholly outmoded technical pleading rules."[27]

Here, the complaints expressly invoked Title VIII's subsistence priority as a basis for the action.[28] The United States' complaint alleges that Defendants' "actions conflict with ANILCA Title VIII and federal regulations."[29] Intervenor-Plaintiffs' complaints each expressly invoked Title VIII and asserted that

---

[24] *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1284, 1288 (9th Cir. 2004) (awarding attorney's fees on appeal to intervening plaintiffs Republican and Libertarian Parties in suit brought by Democratic Party against Secretary of State of Washington pursuant to 42 U.S.C. § 1983).

[25] Docket 130 at 1.

[26] *Sagana v. Tenorio*, 384 F.3d 731, 736-37 (9th Cir. 2004) (citations omitted). *See also Cabrera v. Martin*, 973 F.2d 735, 745 (9th Cir. 1992) (stating that pleading facts underlying a § 1983 claim without naming the actual statute is sufficient).

[27] *Sagana*, 384 F.3d at 737 (internal quotation marks and citation omitted).

[28] Docket 1 at ¶¶ 2, 5-6, 16-17 (United States' Compl.); Docket 12-1 at ¶¶ 11, 14 (Commission Compl.); Docket 38-1 at ¶¶ 1, 10, 13 (Ahtna's Compl.); Docket 41 at ¶¶ 6-10 (AVCP's Compl.); Docket 97 at ¶¶ 1, 6-12 (AFN's Compl.).

[29] Docket 1 at ¶ 6.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 7 of 10
Case 1:22-cv-00054-SLG   Document 154   Filed 06/06/24   Page 7 of 10

Defendants' actions undermined the rural subsistence priority in contravention of ANILCA.[30] Each complaint filed by the Intervenor-Plaintiffs also sought fees.[31] Defendants were therefore on notice about the issues in this case, specifically that the United States and Intervenor-Plaintiffs alleged that Defendants' conduct violated Title VIII of ANILCA and that Intervenor-Plaintiffs sought fees in their complaints brought under ANILCA.

Defendants also suggest that, because the Court did not order Defendants to submit regulations to comply with Title VIII in this case, Intervenor-Plaintiffs are ineligible for attorney's fees under §3117.[32] But the legislative history of ANILCA demonstrates that relief under § 3117 is not limited solely to cases in which a court orders the State to submit ANILCA-compliant regulations:

> As a practical matter, the State's responsibilities under section 804 will be focused primarily on ensuring that hunting and fishing regulations adopted by the Alaska Board of Game and the Alaska Board of Fisheries are in compliance with the requirements of the section. If a board adopts regulations which are not in compliance with the section, or if a board fails to adopt regulations necessary to ensure the timely and adequate implementation of the subsistence priority, local residents and other aggrieved persons and organizations are empowered to seek a Federal court order to compel the board to conform its actions to the requirements of section 804. *However, it also should be noted that actions of the Alaska Department of Fish and Game and other State agencies and officials may also give rise to a cause of action under section 804 which may*

---

[30] Docket 12-1 at ¶¶ 11, 14 (Commission Compl.); Docket 38-1 at ¶¶ 1, 10, 13 (Ahtna's Compl.); Docket 41 at ¶¶ 6-10 (AVCP's Compl.); Docket 97 at ¶¶ 1, 6-12 (AFN's Compl.).

[31] Docket 12-1 at 7 (Commission); Docket 38-1 at 7 (Ahtna); Docket 41 at 5 (AVCP); Docket 97 at 7 (AFN).

[32] *See* Docket 151 at 4-5.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 8 of 10
Case 1:22-cv-00054-SLG   Document 154   Filed 06/06/24   Page 8 of 10

*be brought in the Federal court pursuant to the provisions of section 807.*[33]

Further, the Alaska Supreme Court in *McDowell v. Alaska* "struck down the state act granting the rural subsistence preference as contrary to the Alaska state constitution."[34] To this day, the relevant provisions of Alaska's Constitution remain the same, and so a rural subsistence preference remains unconstitutional under Alaska law.[35] Reading § 3117 as applying only when a court orders the State to submit ANILCA-compliant regulations would produce the absurd result "that aggrieved persons and organizations effectively have no recourse against the State when it interferes with the implementation of ANILCA's subsistence priority because the State has no ability to promulgate regulations that comply with Title VIII under current Alaska law."[36] Further, as the Ninth Circuit has noted, "the ANILCA legislative history evidences Congress's awareness of the impoverishment of many people who depend on rural subsistence fishing and an intent to provide them with both judicial and regulatory venues to vindicate their subsistence rights."[37] Clearly, Congress intended to provide a comprehensive

---

[33] 126 Cong. Rec. 31109 (1980) (emphasis added).

[34] *Alaska v. Babbitt*, 72 F.3d 698, 701 (9th Cir. 1995) (citing *McDowell v. Alaska*, 785 P.2d 1 (Alaska 1989)).

[35] *Id.*

[36] Docket 152 at 5.

[37] *Native Vill. of Quinhagak v. United States*, 307 F.3d 1075, 1083 (9th Cir. 2002) (citation omitted).

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 9 of 10
Case 1:22-cv-00054-SLG   Document 154   Filed 06/06/24   Page 9 of 10

remedy in § 3117 for all claims by persons and organizations against the State or Federal governments arising under Title VIII of ANILCA.[38]

Therefore, the Court GRANTS in part Intervenor-Plaintiffs' motions for attorney's fees at Dockets 133, 135, 137, and 138 insofar as the Court finds that Intervenor-Plaintiffs may seek attorney's fees pursuant to 16 U.S.C. § 3117 at the conclusion of this litigation.

DATED this 6th day of June 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[38] *See supra* note 13.

Case No. 1:22-cv-00054-SLG, *USA v. SOA*
Order re Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 10 of 10
Case 1:22-cv-00054-SLG   Document 154   Filed 06/06/24   Page 10 of 10