John M. Sky Starkey, Alaska Bar No. 8611141
Andrew Erickson, Alaska Bar No. 1605049
River E.M. Sterne, Alaska Bar No. 2411108
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Ave., Suite 1100
Anchorage, AK 99501
(907) 276-5152
jskys@lbblawyers.com
andye@lbblawyers.com
rivers@lbblawyers.com

*Attorneys for Intervenor-Plaintiffs Ahtna Tene Nené and Ahtna, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br><br>KUSKOKWIM RIVER INTER-TRIBAL<br>FISH COMMISSION, et al.,<br>　　　　　　　Intervenor-Plaintiffs,<br><br>　　　　v.<br><br>STATE OF ALASKA, et al.,<br>　　　　　　Defendants. | Case No. 1:22-cv-00054-SLG |

### INTERVENOR-PLAINTIFFS AHTNA TENE NENÉ & AHTNA, INC.'S MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES

Intervenor-Plaintiffs Ahtna Tene Nené and Ahtna, Inc. (collectively,

"Ahtna") respectfully move for attorney's fees pursuant to 16 U.S.C. § 3117.

First, Ahtna renews and incorporates its Motion for Attorney's Fees filed in this Court (Docket No. 137) and its Application for Attorneys' Fees in the Ninth Circuit (Docket No. 162-2).[1] Second, Ahtna requests supplemental attorney's fees for legal work opposing the State's petition for certiorari before the Supreme Court of the United States. Because Ahtna is a prevailing party, it is entitled to recover its attorney's fees incurred at each stage of this litigation pursuant to § 3117.

Ahtna requests an attorney's fees award in the total amount of $401,923, which includes $147,050 for legal work before this Court, $108,500 for legal work before the Ninth Circuit, and $146,373 for legal work before the Supreme Court and post-judgment proceedings. This Motion is supported by the accompanying Declaration of John M. Sky Starkey.

## 1. District Court Attorney's Fees

Ahtna is entitled to an attorney's fees award that includes $147,050 for legal work performed at the district court stage of this litigation. On March 29, 2024, this Court granted the United States' Motion for Summary Judgment,

---

[1] The Ninth Circuit transferred consideration of Ahtna's Application for Attorneys' Fees to this Court. Docket No. 162-5.

denied the State's Cross-Motion for Summary Judgment, and enjoined the State from taking further actions in contravention of ANILCA.[2]

On April 15, 2024, Ahtna moved for attorney's fees as a prevailing party pursuant to 16 U.S.C. § 3117.[3] Ahtna requested an attorney's fees award of $147,050, which was based on the total amount of time its attorneys reasonably devoted to the litigation multiplied by reasonable hourly rates, ranging from $375 to $525 per hour.[4]

On June 6, 2024, this Court granted Ahtna's motion in part, concluding that Ahtna along with the other Intervenor-Plaintiffs "may seek attorney's fees pursuant to 16 U.S.C. § 3117 at the conclusion of this litigation."[5] This Court rejected the State's arguments that Ahtna and the other Intervenor-Plaintiffs were not entitled to an award under § 3117, concluding that "Congress intended to provide a comprehensive remedy in § 3117 for all claims by persons

---

[2]     Docket No. 129; Docket No. 130.

[3]     Docket No. 137.

[4]     Docket No. 137-1 at 7.

[5]     Docket No. 154 at 10.

Case 1:22-cv-00054-SLG   Document 181   Filed 02/26/26   Page 3 of 10

and organizations against the State or Federal governments arising under Title VIII of ANILCA."[6]

For the reasons explained in Ahtna's Motion for Attorney's Fees (Docket No. 137), Declaration of Anna C. Crary (Docket No. 137-1), and Reply (Docket No. 153), Ahtna is entitled to recover $147,050 in attorney's fees for legal work performed at the district court stage of this litigation.

## 2. Ninth Circuit Attorney's Fees

Ahtna is entitled to an attorney's fees award that includes $108,500 for legal work at the Ninth Circuit stage of this litigation. On April 3, 2024, the State appealed this Court's summary judgment order to the Ninth Circuit.[7] Ahtna, along with the United States and each of the other Intervenor-Plaintiffs, filed separate response briefs arguing for affirmance. Ahtna's counsel also participated in oral argument preparations assisting counsel for the other Intervenor-Plaintiffs. On August 20, 2025, the Ninth Circuit affirmed this Court's decision.

---

[6]     Docket No. 154 at 9-10.

[7]     Docket No. 131.

On September 6, 2025, Ahtna filed an Application for Attorneys' Fees as a prevailing party pursuant to § 3117 and Ninth Circuit Rule 39-1.6.[8] Ahtna requested an attorney's fees award of $108,500, which was based on the total amount of time its attorneys reasonably devoted to the litigation at the Ninth Circuit stage multiplied by reasonable hourly rates, ranging from $325 to $525 per hour.[9] On October 3, 2025, the Ninth Circuit transferred the Intervenors-Plaintiffs-Appellees' motions for attorney's fees to this Court for consideration.[10]

For the reasons explained in Ahtna's Application for Attorneys' Fees and accompanying declaration (Docket No. 162-2), Ahtna is entitled to recover $108,500 in attorney's fees for legal work performed at the Ninth Circuit stage of this litigation.

### 3. Supreme Court Attorney's Fees

Finally, Ahtna is also entitled to an attorney's fees award that includes $146,373 for legal work following the Ninth Circuit's decision. On September 15, 2025, the State filed a petition for certiorari, seeking Supreme Court review

---

[8]     Docket No. 162-2.

[9]     Docket No. 162-2 at 6-7.

[10]    Docket No. 162-5.

*United States v. Alaska*                                Case No. 1:22-cv-00054-SLG
Ahtna's Motion for Supplemental Attorney's Fees                    Page 5 of 10

of the Ninth Circuit decision. The petition focused exclusively on overturning *Katie John*, confirming Ahtna's prediction that the State's true goal in provoking this litigation was to undermine the foundational case establishing a rural subsistence fishing priority in Alaska.[11]

In light of the importance of *Katie John*, and Ahtna's "unique ties to the precedent that the State" sought to overturn,[12] Ahtna sought outside counsel with experience handling high-profile issues in the Supreme Court. Ahtna retained the law firm of Clement & Murphy, PLLC, whose attorneys include the foremost experts in Supreme Court practice. Together with Ahtna's Alaska attorneys, attorneys from Clement & Murphy, PLLC advised Ahtna on legal arguments and strategies to oppose the State's petition. Ahtna's attorneys took the lead in combining two separate draft briefs from the other Intervenor-Plaintiffs into a single, unified brief in opposition to the petition. Ultimately,

---

[11] Docket No. 45 at 4 ("The State has made it clear that its desired scope of this litigation extends well beyond the Kuskokwim River. If the State prevails in its efforts to overturn Katie John, federally qualified rural subsistence users throughout Alaska, including those represented by Ahtna, will suffer a practical impairment of their rights under Title VIII of ANILCA.").

[12] Docket No. 47 at 5 (noting that "the outcome of this case will have impacts on Ahtna fishing and hunting territories and traditions in ways distinct from the outcome it will have on the United States and on the existing Intervenor-Plaintiffs").

Ahtna was successful. The Supreme Court denied the State's petition. Thus, Ahtna is a prevailing party and is entitled to its fees under § 3117.

Ahtna is entitled to recover $146,373 in attorney's fees for the Supreme Court stage of this litigation. As explained in the accompanying Declaration of John M. Sky Starkey, three attorneys from Landye Bennett Blumstein LLP incurred time on behalf of Ahtna following the Ninth Circuit decision: Andrew Erickson (67.0 hours), River E.M. Sterne (57.0 hours), and John M. Sky Starkey (72.9 hours). The rates charged by Landye Bennett Blumstein LLP— ranging from $325 to $525 per hour—are consistent with reasonable market rates for Alaska attorneys with similar levels of skill and experience.[13]

In addition, three attorneys from Clement & Murphy, PLLC incurred time on behalf of Ahtna: Paul D. Clement (8.5 hours), Matthew Rowen (18 hours), and Camilo Garcia (13 hours). As explained in the accompanying declaration of John M. Sky Starkey, the rates charged by Clement & Murphy, PLLC—ranging from $950 to $2,650 per hour—are consistent with reasonable market rates for attorneys with similar levels of skill and expertise in Supreme Court practice.

---

[13]     Declaration of John M. Sky Starkey at ¶¶ 7-9.

Based on the number of hours that each of Ahtna's attorneys reasonably worked, multiplied by that attorney's reasonable hourly rate, Ahtna requests an attorney's fees award in the amount of $146,373 for the Supreme Court stage of this litigation.

## CONCLUSION

At each stage of this litigation, Ahtna prevailed against the State's misguided efforts to eviscerate the rural subsistence fishing priority on public lands in Alaska. For the foregoing reasons, this Court should award Ahtna its full reasonable attorney's fees incurred at each stage in this litigation. The total attorney's fees requested by Ahtna are as follows:

| | |
|---|---|
| **District Court:** | $147,050 |
| **Ninth Circuit:** | $108,500 |
| **U.S. Supreme Court:** | $146,373 |
| **TOTAL** | **$401,923** |

Respectfully submitted.

Dated: February 26, 2026     LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____

John M. Sky Starkey, Alaska Bar No. 8611141
Andrew Erickson, Alaska Bar No. 1605049
River E.M. Sterne, Alaska Bar No. 2411108

*Attorneys for Intervenor-Plaintiffs Ahtna Tene Nené and Ahtna, Inc.*

Case 1:22-cv-00054-SLG    Document 181    Filed 02/26/26    Page 9 of 10

## CERTIFICATE OF COMPLIANCE WITH DOCKET 47

I certify that pursuant to this Court's Order Regarding Ahtna's Motion to Intervene (Docket 47 at 7) my co-counsel and I conferred with counsel for the other Intervenor-Plaintiffs before filing this Motion.

*/s/ Andrew Erickson*

_____

Andrew Erickson

## CERTIFICATE OF SERVICE

I certify that on February 26, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*

_____

Andrew Erickson