John M. Sky Starkey, Alaska Bar No. 8611141
Andrew Erickson, Alaska Bar No. 1605049
River E.M. Sterne, Alaska Bar No. 2411108
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Ave., Suite 1100
Anchorage, AK 99501
(907) 276-5152
jskys@lbblawyers.com
andye@lbblawyers.com
rivers@lbblawyers.com

*Attorneys for Intervenor-Plaintiffs Ahtna Tene Nené and Ahtna, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>KUSKOKWIM RIVER INTER-TRIBAL<br>FISH COMMISSION, et al.,<br>    Intervenor-Plaintiffs,<br><br>    v.<br><br>STATE OF ALASKA, et al.,<br>    Defendants. | Case No. 1:22-cv-00054-SLG |

## AHTNA TENE NENÉ & AHTNA, INC.'S  REPLY IN SUPPORT OF MOTION FOR SUPPLEMENTAL ATTORNEY'S FEES

*United States v. Alaska*                                    Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees                Page 1 of 17

Case 1:22-cv-00054-SLG    Document 199    Filed 04/16/26    Page 1 of 17

## INTRODUCTION

The State tries desperately to minimize the effort and expense that Ahtna incurred in successfully defending the federal rural subsistence fishing priority in this case. While it's true that Ahtna's fees are significantly less than those claimed by the other Intervenors, Ahtna's contributions to this lawsuit were no less impactful. At each stage of this litigation—beginning nearly four years ago—Ahtna's counsel played a critical role in responding to the State's vigorous challenge to *Katie John*.

The issues at stake in this litigation were too important for Ahtna to remain on the sidelines.[1] As this Court correctly concluded in its order granting Ahtna's motion to intervene, "the outcome of this case will have impacts on Ahtna fishing and hunting territories and traditions in ways distinct from the outcome it will have on the United States and on the existing Intervenor-

---

[1]    *See* 16 U.S.C. § 3111(1) (recognizing that the continuation of subsistence uses is "essential to Native physical, economic, traditional, and cultural existence").

*United States v. Alaska*                                    Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees              Page 2 of 17

Case 1:22-cv-00054-SLG    Document 199    Filed 04/16/26    Page 2 of 17

Plaintiffs."[2] Ahtna did not incur over $400,000[3] in attorney's fees in this case on a whim; the State's arguments represented nothing less than an existential threat to the Ahtna peoples' ways of life.

Because the hourly rates and the total number of hours Ahtna's attorneys devoted to this case were reasonable, this Court should award Ahtna $414,575.50 in attorney's fees.[4]

## ARGUMENT

### I. Sovereign immunity does not bar an attorney's fees award against the State under 16 U.S.C. § 3117.

The State's second-thought sovereign immunity defense is untimely and ultimately, meritless. As AFN's Reply correctly noted, sovereign immunity is a waivable affirmative defense that "must be raised early in the proceedings to provide fair warning to the plaintiff."[5] Here, the State never mentioned

---

[2]     Docket No. 47 at 5.

[3]     Second Declaration of John M. Sky Starkey ¶ 3 (stating pursuant to Local Civil Rule 54.2(c)(3) that the total amount charged to the client in this litigation to date is $424,941.50).

[4]     Ahtna requests an additional $12,652.50 in fees for time spent on this Reply. Second Declaration of John M. Sky Starkey at ¶¶ 4-7.

[5]     Docket No. 186 at 5 (quoting *Demshki v. Monteith*, 255 F.3d 986, 989 (9th Cir. 2001)).

*United States v. Alaska*                                Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees                Page 3 of 17

Case 1:22-cv-00054-SLG     Document 199     Filed 04/16/26     Page 3 of 17

sovereign immunity in its opposition to the motion for preliminary injunction,[6] any of its answers to the complaints,[7] its summary judgment briefs,[8] its opposition to the Intervenors' attorney's fees motions,[9] its Ninth Circuit briefs,[10] nor its petition for certiorari.[11] "The Eleventh Amendment was never intended to allow a state to appear in federal court and actively litigate the case on the merits, and only later belatedly assert its immunity from suit in order to avoid an adverse result."[12] By not raising the argument until after "the

---

[6]     Docket 17.

[7]     Docket Nos. 33 (answer to United States' complaint), 40 (answer to KRITFC's complaint), 46 (answer to AVCP's complaint); 50 (answer to Ahtna's complaint).

[8]     Docket Nos. 72 (State cross-motion for summary judgment), 122 (State reply in support of summary judgment).

[9]     Docket No. 151.

[10]     9th Cir. Dtk.Entry 13.1; 9th Cir. Dkt.Entry 63.1.

[11]     State Pet. for Cert., Supreme Court Case No. 25-320.

[12]     *Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 763 (9th Cir. 1999), amended by 201 F.3d 1186 (9th Cir. 2000). *See also Sung Park v. Ind. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012) ("[S]overeign immunity is a waivable affirmative defense, and in this case Indiana waived it." (internal citations omitted); *Neinast v. Texas*, 217 F.3d 275, 279 (5th Cir. 2000) ("[T]he state cannot simultaneously proceed past the motion and answer stage to the merits and hold back an immunity defense.").

conclusion of this litigation"[13]—and after this Court ruled that the Intervenors are entitled to attorney's fees under Section 3117[14]—the State waived its sovereign immunity defense and this Court "can ignore it."[15]

However, even if the State is permitted to raise this new argument at the eleventh hour, it is meritless. Nothing precludes "congressional elimination of sovereign immunity in statutory text that clearly subjects States to suit for monetary damages, though without explicit reference to sovereign immunity or the Eleventh Amendment."[16] As this Court correctly held, "Congress intended to provide a comprehensive remedy in § 3117 for all claims by persons

---

[13]     Docket No. 162 ("Consideration of all fee applications will continue to be stayed pending the conclusion of the litigation").

[14]     Docket No. 154 at 10 ("[T]he Court finds that Intervenor-Plaintiffs may seek attorney's fees pursuant to 16 U.S.C. § 3117 at the conclusion of this litigation."). Because this Court already ruled that the Intervenors can seek attorney's fees under Section 3117, the State's attempt to relitigate that issue through a new legal defense that could have been raised in the first instance is barred by the law of the case doctrine. *Metlakatla Indian Cmty. v. Dunleavy*, 736 F. Supp. 3d 741, 749 (D. Alaska 2024) (the law of the case doctrine "prohibits a court  from considering an issue that has already been decided by that same court or a higher court in the same case" (quoting *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016))).

[15]     *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 318, 389 (1998). Ahtna joins and incorporates by reference the arguments raised by AFN (Docket No. 186 at 3-7), KRITFC (Docket No. 197 at 2-8), and AVCP in their Replies.

[16]     *Dellmuth v. Muth*, 491 U.S. 223, 233 (1989 (Scalia, J. concurring).

and organizations against *the State* or Federal governments arising under Title VIII."[17] Section 3117 provides that "prevailing parties in an action filed pursuant to this section shall be awarded their costs and attorney's fees." That statutory text demonstrates Congress's clear intent to subject the State to an adverse attorney's fees award, notwithstanding sovereign immunity.

## II. Ahtna's hourly rates are reasonable.

### A. Ahtna's Alaska attorney rates are reasonable.

Ahtna's requested rates for its Alaska attorneys range from $325 per hour for an associate to $525 per hour for a senior partner for work in the district court, Ninth Circuit, and Supreme Court.[18] The State does not dispute Mr. Erickson's partner rate of $400 per hour, but argues that Mr. Starkey's senior partner rate should be reduced from $525 to $400 per hour and Mr. Sterne's associate rate should be reduced from $325 to $265 per hour.[19]

First, the State's arguments for reducing Ahtna's requested rates are disingenuous. The State entered into a contract for its own private attorneys to litigate this case, agreeing to pay those attorneys $600 per hour for partners

---

[17]     Docket No. 154 at 9-10 (emphasis added).

[18]     Docket No. 181-1 at 4-5 (Declaration of John M. Sky Starkey).

[19]     Docket No. 192 at 10.

*United States v. Alaska*                                      Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees            Page 6 of 17

Case 1:22-cv-00054-SLG     Document 199     Filed 04/16/26     Page 6 of 17

and $450 per hour for associates.[20] Clearly, the State considered those rates to be reasonable for the exact same type of legal work that Ahtna's attorneys performed. Because Ahtna's requested rates are significantly less than the rates the State agreed to pay its own attorneys in this case, this Court should reject the State's attempt to reduce Ahtna's attorney rates.

Second, there is ample evidence in the record to conclude that Ahtna's requested rates are reasonable and "consistent with rates charged by other attorneys with similar levels of skill and experience performing similar legal work" in Alaska.[21] Attorney James Torgerson submitted a declaration in support of AVCP's motion for attorney's fees, stating that rates ranging from $300 to $600 per hour "are well within market rates for litigation work in Anchorage, Alaska. Indeed, rates for senior litigation partners in the Anchorage market are often $700 per hour, sometimes more."[22] Ahtna is entitled to rely on its own declarations, as well as the declarations from other

---

[20]     Docket No. 197-1 at 7.

[21]     Docket No. 181-1 at 5.

[22]     Docket No. 138-5 at 3.

*United States v. Alaska*                                      Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees             Page 7 of 17

Case 1:22-cv-00054-SLG     Document 199     Filed 04/16/26     Page 7 of 17

parties' attorneys and Mr. Torgerson to support its requested rates,[23] which are demonstrably reasonable based on "the prevailing market rates" in Alaska.[24] Thus, this Court should conclude that Ahtna's requested rates of $525 per hour for a senior partner with decades of experience in Alaska subsistence law,[25] $400 per hour for a partner, and $325 per hour for an experienced associate are reasonable and commensurate with the complexity of this litigation.[26]

### B.    Ahtna's Supreme Court attorney rates are reasonable.

Ahtna's requested rates for Clement & Murphy PLLC, its D.C.-based Supreme Court counsel, range from $950 per hour for an associate to $2,650

---

[23]    *Hamby v. Walker*, No. 3:14-cv-00089-TMB, 2015 WL 1712634 (D. Alaska Apr. 15, 2015) ("Affidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rates." (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).

[24]    *Id.* (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013)).

[25]    None of the cases cited by the State involved highly specialized subsistence litigation. *See* Docket No. 193 at 9-10.

[26]    *See* Alaska Bar R. 35(a)(1) ("The factors to be considered in determining the reasonableness of a fee include the following: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to properly perform the legal service.").

per hour for Paul Clement—the former Solicitor General of the United States.[27]

First, the State argues that Clement & Murphy's rates should be based on market rates in Alaska, and not D.C. However, the Supreme Court of the United States is located in D.C., and not Alaska. Unlike the Ninth Circuit, which has a courtroom in Anchorage and regularly sits in Alaska, the Supreme Court is located in an entirely different forum with a unique subset of practitioners who have vastly different market rates.[28] Alaska attorney market rates are simply not a reasonable reference point for attorneys who specialize in practicing before the Supreme Court.[29]

Second, assuming that Alaska was the forum for the Supreme Court proceedings in this case, Ahtna meets the exception to the "local forum" rule because Ahtna's Alaska attorneys did not have sufficient "experience, expertise, or specialization" to serve as lead counsel in a case pending before

---

[27] *See* Exhibit 2 (Mike Scarcella, *et al.*, Fighting Trump and Defending Tesla, Lawyer Paul Clement is Everywhere Now, *Reuters* (Oct. 23, 2025)) ("Clement still commands top rates. . . . His rate increased this year to $2,650 an hour, not far behind the $3,000 that some attorneys at one of his clients— law firm Quinn Emanuel—are now charging.").

[28] *See* Docket No. 197-2 at 2 (Second Declaration of Carter Phillips).

[29] *See id.*

*United States v. Alaska*       Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees   Page 9 of 17

the Supreme Court.[30] In order to give itself the best chance at defeating the State's petition, and protecting their way of life, Ahtna had no real choice but to engage the best counsel available, and Ahtna had to do so quickly to meet deadlines and formulate its response to the State's petition (along with four amici briefs supporting the State) on complex, highly-specialized areas of law.[31] Ahtna "had the right to hire the most well-known and expensive Supreme Court litigators in the country,"[32] and it paid market rates for those attorneys. Arbitrarily reducing those rates would unfairly prejudice Ahtna when it was the State that provoked this litigation, hired its own outside Supreme Court specialists, and pursued its unsuccessful arguments all the way to the Supreme Court.

---

[30]     *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) ("[R]ates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case." (quoting *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997))).

[31]     The State's contention that other Intervenors had local counsel with Supreme Court experience is inapt. *See* Docket No. 192 at 11. Those attorneys were already representing parties in this litigation and could not also represent Ahtna.

[32]     Docket No. 192 at 2.

*United States v. Alaska*                                    Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees          Page 10 of 17

Third, the State argues that Ahtna provides "no evidence to support" Clement & Murphy's rates other than its own counsel's declaration.[33] Not so. Ahtna submitted Clement & Murphy's actual invoices demonstrating that Ahtna charged Clement & Murphy $62,775 based on the requested rates of $950 to $2,650 per hour.[34] Ahtna is also entitled to rely on the rates charged by other Supreme Court practitioners to establish the reasonableness of the fees, including the declaration of Carter Phillips, attesting to the fact that his firm also charges at least the same rates.[35] Thus, this Court should conclude that Ahtna's requested rates of $950 to $2,650 per hour for its Supreme Court attorneys are reasonable.

## III. Ahtna's billed hours were reasonable and avoided unnecessary duplication.

Throughout this litigation, Ahtna took care to maximize efficiency and avoid duplication of effort, both among its own counsel and other Intervenors' counsel. To be sure, coordinating with three other Intervenors and the United

---

[33] Docket No. 192 at 12.

[34] Docket No. 181-1 at 22-27; *see also* Docket No. 181-1 at 6 ("Ahtna incurred a total of $62,775.00 in fees for work performed by attorneys at Clement & Murphy, PLLC.").

[35] *See* Docket No. 197-2 at 3.

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees  Page 11 of 17

Case 1:22-cv-00054-SLG  Document 199  Filed 04/16/26  Page 11 of 17

States required significant time and effort; however, that coordination not only benefited the State by unifying the Intervenors' positions on many issues, but much of the coordination was required by this Court.[36]

The State raises five arguments disputing the reasonableness of Ahtna's billed hours, none of which have merit. First, Ahtna was entitled to raise its own arguments, even if those arguments sometimes overlapped with arguments raised by other parties.[37] Because Ahtna's interests in defending *Katie John* were "distinct" from the United States and the other Intervenors,[38] Ahtna could not just sit back and do nothing. Ahtna was entitled—and had a duty—to raise and preserve all of its arguments at each stage of this litigation.

Second, most of Ahtna's legal efforts were not duplicative, as the State concedes by pointing out that Ahtna focused on a novel alternative argument about fishing rights held in trust.[39] Although no court has yet reached the

---

[36] Docket No. 47 at 7-8 ("Intervenor-Plaintiffs shall meet and confer prior to the filing of any motion, responsive filing, or merits brief to determine whether their positions may be set forth in a consolidated document . . . .").

[37] *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("One certainly expects some degree of duplication as an inherent part of the process.").

[38] Docket No. 47 at 7.

[39] Docket No. 192 at 13-14.

*United States v. Alaska*     Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees  Page 12 of 17

Case 1:22-cv-00054-SLG Document 199 Filed 04/16/26 Page 12 of 17

merits of that argument, Ahtna was entitled to raise good-faith alternative arguments and preserve the issues for appeal.[40]

Third, Ahtna devoted a reasonable amount of time to defending this Court's decision on appeal. The State faults Ahtna for relying on a partner to draft its Ninth Circuit brief instead of an associate.[41] But the Ninth Circuit has explained that the "difficulty and skill level of the work performed, and the results achieved—not whether it would have been cheaper to delegate the work to other attorneys—must drive the district court's decision" on fees.[42] Ahtna's Ninth Circuit brief delved into new issues that had not been fully briefed at the summary judgment stage and which required experience and expertise to develop.[43] Importantly, Mr. Erickson's partner rate of $400 per hour for the

---

[40] *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.").

[41] Docket No. 192 at 17.

[42] *Moreno*, 534 F.3d at 1115.

[43] *Compare* 9th Cir. Dkt.Entry 38.1, *with* Docket No. 113. The State cites a single string-cite that was reproduced word-for-word in both briefs, ignoring the remainder of the 12,407-word Ninth Circuit brief.

*United States v. Alaska*                                  Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees                  Page 13 of 17

Case 1:22-cv-00054-SLG   Document 199   Filed 04/16/26   Page 13 of 17

Ninth Circuit brief was less than the State's outside counsel associate rate of $450 per hour.[44]

Indisputably, Ahtna put a great deal of time and effort into its Ninth Circuit brief and in revising, editing, and combining two other Intervenors' draft briefs in opposition to the State's petition for certiorari. Perhaps Ahtna could have drafted its own brief in opposition to the petition more quickly and cheaply. But "the result is what matters";[45] the combined Intervenors' brief was successful. The State should not be permitted to second-guess that favorable result by positing alternative strategies and comparing the work that Ahtna put into this highly complex case with its own unsuccessful efforts,[46] or different 20-year old cases.[47]

---

[44]     *Compare* Docket No. 181-1 at 4 (requesting $400 per hour for Mr. Erickson), *with* Docket No. 197-1 at 7 (State agreeing to pay associates $450 per hour for this case).

[45]     *Hensley*, 461 U.S. at 435.

[46]     *See Nautilus Marine Enters. v. Exxon Mobil Corp.*, 332 P.3d 554, 560 (Alaska 2014) ("[T]he burdens assumed by opposite sides of litigation are not necessarily equal, and it is a judgment call as to whether such a discrepancy reflects over-preparation and over-billing by one set of attorneys, or under-preparation and under-billing by the other set of attorneys." (quoting *Gamble v. Northshore P'ship*, 28 P.3d 286, 290 (Alaska 2005))).

[47]     *See* Docket No. 197-2 at 3 (Second Declaration of Carter Phillips) (distinguishing declaration made in 2006 from this case).

Fourth, out of Ahtna's numerous pages of fastidious time entries, the State cites just two examples that were "blocked billed."[48] However, the State never explains why those entries make it impossible to determine whether the total time spent on the described tasks was reasonable. For example, Ahtna billed 7.8 hours for multiple time-intensive tasks, including a strategy meeting with the other Intervenors, reviewing briefs, and drafting a reply brief.[49] This Court has sufficient detail in that entry, and each of Ahtna's other entries, to determine that the overall amount of time billed was reasonable. In any event, if the State's block billing complaint had any merit, at most the remedy would be to reduce the hours Ahtna billed for the few examples the State cites.

Fifth, and finally, the State points out that many time entries in Ahtna's first Motion for Attorney's Fees were redacted.[50] At that time, this litigation was on appeal and Ahtna had an interest in protecting the subject of its privileged communications and work product. Now that the litigation has concluded, Ahtna is submitting the unredacted time entries.[51]

---

[48] Docket No. 192 at 18.

[49] Docket No. 137-1 at 11.

[50] Docket No. 192 at 20 (citing Docket No. 137-1 at 9-10).

[51] Exhibit 3.

*United States v. Alaska*  Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees  Page 15 of 17

Case 1:22-cv-00054-SLG  Document 199  Filed 04/16/26  Page 15 of 17

Thus, this Court should conclude that Ahtna's billed hours were reasonable and necessarily incurred in this litigation.

## IV. Ahtna is entitled to an additional $12,652.50 for time spent responding to the State's Opposition.

Ahtna incurred $12,652.50 in attorney's fees responding to the State's Opposition, which included a sovereign immunity argument for the first time in this litigation.[52] Ahtna is entitled to supplement its requested fees under Section 3117, bringing the revised total requested fee award to $414,575.50.

## CONCLUSION

For the foregoing reasons, and the reasons explained in Ahtna's Motion for Supplemental Attorney's Fees (Docket No. 181), this Court should conclude that Ahtna's requested rates and hours are reasonable and Ahtna is entitled to a total award of $414,575.50 in attorney's fees.

Respectfully submitted.

---

[52]     Second Declaration of John M. Sky Starkey at ¶ 4.

*United States v. Alaska*                                      Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees          Page 16 of 17

Dated: April 16, 2026          LANDYE BENNETT BLUMSTEIN LLP

*/s/ Andrew Erickson*

_____

John M. Sky Starkey, Alaska Bar No. 8611141
Andrew Erickson, Alaska Bar No. 1605049
River E.M. Sterne, Alaska Bar No. 2411108

*Attorneys for Intervenor-Plaintiffs Ahtna Tene Nené and Ahtna, Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 16, 2026, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Andrew Erickson*

_____

Andrew Erickson

*United States v. Alaska*                    Case No. 1:22-cv-00054-SLG
Ahtna's Reply in Support of Motion for Attorney's Fees          Page 17 of 17