**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

THE UNITED STATES OF AMERICA,

        Plaintiff,

    and

KUSKOKWIM RIVER INTER-TRIBAL
FISH COMMISSION, *et al.*,

        Intervenor-Plaintiffs,

    v.

THE STATE OF ALASKA, *et al.*,

        Defendants.

Case No. 1:22-cv-00054-SLG

## ORDER ON INTERVENOR-PLAINTIFFS' MOTIONS FOR ATTORNEY'S FEES

Before the Court are Intervenor-Plaintiffs' motions for attorney's fees:

1.    At Docket 169 is Intervenor-Plaintiff Alaska Federation of Natives ("AFN")'s Motion for Attorney's Fees. Defendants the State of Alaska, the Alaska Department of Fish and Game ("ADF&G"), and Doug Vincent-Lang, Commissioner of ADF&G (collectively, "the State" or "Defendants") responded in opposition at Docket 185, to which AFN replied at Docket 186.

2.    At Docket 177 is Intervenor-Plaintiff Kuskokwim River Inter-Tribal Fish Commission ("the Commission")'s Consolidated and Renewed Motion for Attorney's Fees. Defendants responded in opposition at Docket 191, to which the Commission replied at Docket 197.

3.     At Docket 181 is Intervenor-Plaintiffs Ahtna Tene Nené and Ahtna, Inc. (collectively, "Ahtna")'s Motion for Supplemental Attorney's Fees. Defendants responded in opposition at Docket 192, to which Ahtna replied at Docket 199.

4.     At Docket 182 is Intervenor-Plaintiffs Association of Village Council Presidents, Ivan M. Ivan, and Betty Magnuson (collectively, "AVCP")'s Renewed and Supplemental Motion for Attorney's Fees and Costs.  Defendants responded in opposition at Docket 193, to which AVCP replied at Docket 201.

Oral argument was not requested on any of the motions and was not necessary to the Court's determination.

## BACKGROUND

The facts of this case are more fully set out in the Court's prior order at Docket 129.  As relevant, the United States sued Defendants after Defendants opened fishing on the Kuskokwim River in conflict with federal orders prohibiting such fishing.[1]  The United States maintained that the State's actions were preempted by federal law, specifically Title VIII of the Alaska National Interest Lands Conservation Act ("ANILCA").[2]  In response, the State asserted that the Federal Subsistence Board, the entity that issued the federal orders, did not have the authority to regulate fishing on the Kuskokwim River and that the Board's

---

[1] Docket 1 at ¶¶ 4-6.

[2] Docket 1 at ¶¶ 1-2 (citing Pub. L. No. 96-487, 94 Stat. 2371, 2371-2551 (1980) (codified at 16 U.S.C. §§ 3111-3126)).

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 2 of 29
Case 1:22-cv-00054-SLG     Document 206     Filed 06/12/26     Page 2 of 29

creation and the appointment of its members violated the Appointments Clause of the Constitution.[3] All four groups of Intervenor-Plaintiffs were permitted to intervene in support of the United States.[4]

On March 29, 2024, the Court rejected the State's arguments and granted summary judgment to the United States and Intervenor-Plaintiffs.[5] The Court entered a permanent injunction prohibiting the State from reinstating its orders that conflicted with the federal orders issued pursuant to Title VIII of ANILCA on the Kuskokwim River within the Yukon Delta National Wildlife Refuge.[6] On April 3, 2024, the State timely appealed the Court's order.[7]

On April 15, 2024, while the State's appeal was pending, Intervenor-Plaintiffs filed motions for attorney's fees pursuant to 16 U.S.C. § 3117, Federal Rule of Civil Procedure 54(d)(2), and District of Alaska Local Civil Rule 54.2.[8] On April 18, 2024, the State moved to stay consideration of Intervenor-Plaintiffs' motions for attorney's fees until the resolution of the appellate proceedings.[9]

---

[3] Docket 73 at 8-9.

[4] Docket 29; Docket 37; Docket 47; Docket 96.

[5] Docket 129 at 27.

[6] Docket 129 at 29; 16 U.S.C. §§ 3111-3126.

[7] Docket 131.

[8] Docket 133 (AFN); Docket 135 (Commission); Docket 137 (Ahtna); Docket 138 (AVCP).

[9] Docket 142.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 3 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 3 of 29

On May 9, 2024, the Court denied the State's motion to stay as to the applicability of 16 U.S.C. § 3117 to Intervenor-Plaintiffs' fee motions and directed Defendants to respond on that issue.[10] The Court denied Intervenor-Plaintiffs' fee motions as to the amount of any fee award without prejudice to the motions being renewed at the conclusion of the appellate proceedings.[11] After further briefing, on June 6, 2024, the Court held that Intervenor-Plaintiffs may seek attorney's fees pursuant to 16 U.S.C. § 3117 at the conclusion of the litigation.[12]

On August 20, 2025, the Ninth Circuit affirmed the Court's summary judgment and rejected the State's "claims that the *Katie John* Trilogy was wrongly decided and has been overruled by *Sturgeon II*."[13] On September 15, 2025, the State petitioned the Supreme Court for a writ of certiorari,[14] which was denied on January 12, 2026.[15]

In February 2026, Intervenor-Plaintiffs filed the present motions for attorney's fees.[16] AFN seeks a total of $494,423.17 in attorney's fees:

---

[10] Docket 150 at 6.

[11] Docket 150 at 6-7.

[12] Docket 154 at 10.

[13] *United States v. Alaska*, 151 F.4th 1124, 1127 (9th Cir. 2025), *cert. denied*, 223 L. Ed. 2d 544 (Jan. 12, 2026).

[14] Docket 161.

[15] Docket 165.

[16] Docket 169; Docket 177; Docket 181; Docket 182.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 4 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 4 of 29

$144,399.00 for District Court fees, $196,822.00 for Ninth Circuit fees, and $153,202.17 for Supreme Court fees.[17]  The Commission seeks a total of $660,242.50 in attorney's fees: $199,800.00 for District Court fees, $173,020.00 for Ninth Circuit fees, and $287,422.50 for Supreme Court fees.[18]  Ahtna seeks a total of $401,923.00 in attorney's fees: $147,050.00 for District Court fees, $108,500.00 for Ninth Circuit fees, and $146,373.00 for Supreme Court fees.[19]  AVCP seeks a total of $632,240.56 in attorney's fees and costs: $302,602.50 for District Court fees, $174,200.00 for Ninth Circuit fees, $152,298.50 for Supreme Court fees, and $3,139.56 for Supreme Court costs.[20]

## DISCUSSION

The State asserts that Intervenor-Plaintiffs' requests for attorney's fees are barred by sovereign immunity under the Eleventh Amendment.[21]  Alternatively, the State asserts that the Court should significantly reduce each of Intervenor-

---

[17] Docket 169 at 5.

[18] Docket 177 at 5.

[19] Docket 181 at 8.

[20] Docket 182 at 10.  AVCP is not entitled to costs, because, pursuant to Local Civil Rule 54.1, "[a] bill of costs must be filed and served no later than 14 days after entry of judgment or an applicable order. Otherwise, claims for costs are waived."  Here, any bill of costs was due no later than 14 days after the Supreme Court denied the petition for a writ of certiorari on January 12, 2026.  Docket 165.  The parties' Joint Notice and Stipulation did not extend that deadline, because it only addressed fees, not costs, and accorded the parties "45 days after final disposition of this matter by the United States Supreme Court."  Docket 162 at 3; *see also* Docket 167.

[21] Docket 185 at 6; Docket 191 at 6; Docket 192 at 6; Docket 193 at 6.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 5 of 29
Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 5 of 29

Plaintiffs' requested fees because their "hourly rates are excessive" and their "hours spent are duplicative and unreasonable."[22]  The Court addresses each issue in turn.

## I. Sovereign Immunity

The Eleventh Amendment generally protects states from suits brought by citizens in federal court, unless the state has "waive[d] its Eleventh Amendment defense," Congress has "abrogate[d] the States' sovereign immunity," or the *Ex parte Young* doctrine applies.[23] "Although the waiver must be unambiguous, . . . an express written waiver is [not] invariably required. On the contrary, . . . a state may waive its Eleventh Amendment immunity by conduct that is incompatible with an intent to preserve that immunity," such as "conduct during the litigation [that] clearly manifests acceptance of the federal court's jurisdiction."[24]  For example, a state "waive[s] [its] Eleventh Amendment protection by voluntarily appearing and defending on the merits."[25]  "To allow a state to assert sovereign immunity after listening to a court's substantive comments on the merits of a case would give the state an unfair advantage when litigating suits."[26]

---

[22] Docket 185 at 6; Docket 191 at 6; Docket 192 at 6; Docket 193 at 6.

[23] *Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir.), *amended*, 271 F.3d 910 (9th Cir. 2001) (internal citations omitted).

[24] *Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 759 (9th Cir. 1999), *opinion amended on denial of reh'g*, 201 F.3d 1186 (9th Cir. 2000).

[25] *Fordyce v. City of Seattle*, 55 F.3d 436, 441 (9th Cir. 1995).

[26] *In re Bliemeister*, 296 F.3d 858, 862 (9th Cir. 2002) (affirming waiver where "the State of

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 6 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 6 of 29

Here, the State asserts for the first time in this litigation that sovereign immunity applies.[27] But as Intervenor-Plaintiffs correctly highlight, "the State waived its sovereign immunity by failing to raise the affirmative defense not just early in the litigation, but at any point in the litigation."[28] The State was "capable of disclosing early in the proceedings whether it object[ed] to having the matter heard in federal court."[29] Timely disclosure of the defense would have allowed Intervenor-Plaintiffs an opportunity to "request a prompt ruling on the Eleventh Amendment defense before the parties and the court have invested substantial resources in the case."[30] However, the State did not assert a sovereign immunity defense throughout this litigation despite ample notice that it could be liable for Intervenor-Plaintiffs' attorneys fees under § 3117 based on past Title VIII litigation.[31] The State failed to raise the issue of sovereign immunity in its

---

Arizona made a tactical decision to argue the merits of the case," and "[w]hen it perceived it was losing the argument, it attempted to try a new approach and claim immunity from suit").

[27] The State asserts that Congress lacked the authority to abrogate Alaska's sovereign immunity, because "Congress was not legislating within its Fourteenth Amendment enforcement power when it enacted ANILCA." Docket 185 at 7; Docket 191 at 7; Docket 192 at 7; Docket 193 at 7. The Commission and AFN maintain that "Congress can waive state sovereign immunity in legislation passed pursuant to powers other than the Fourteenth Amendment." Docket 197 at 5 n.14; *see also* Docket 186 at 4. The Court need not reach this issue because it finds that the State waived its sovereign immunity defense.

[28] Docket 197 at 5 (emphasis omitted); *see also* Docket 186 at 5-7.

[29] *Hill*, 179 F.3d at 758.

[30] *Id.*

[31] *See* Docket 147-1 (Order on Att'y's Fees at 1, *John v. Alaska*, Case No. A85-698 (D. Alaska Jan. 15, 1992)); Docket 147-2 (Order on Mot. for Award of Att'y's Fees & Costs, *Native Vill. of Quinhagak v. United States*, Case No. A93-0023-CV-HRH (D. Alaska Oct. 24, 2000)); Docket 147-3 (Order on Renewed & Suppl. Appl. for Award of Costs & Att'y's Fees, *John v. United*

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 7 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 7 of 29

responses to Intervenor-Plaintiffs' motions to intervene,[32] answers to Intervenor-Plaintiffs' complaints in intervention,[33] opposition to the motion for preliminary injunction,[34] briefing for summary judgment,[35] motion to stay,[36] and opposition to Intervenor-Plaintiffs' first motions for attorney's fees.[37] The State also did not raise sovereign immunity in its appeal to the Ninth Circuit[38] or in its certiorari petition to the Supreme Court.[39]

The State's conduct throughout this litigation "clearly manifests acceptance of the federal court's jurisdiction."[40] "The Eleventh Amendment was never intended to allow a state to appear in federal court and actively litigate the case on

---

*States*, Case No. A90-0484-CV-HRH (D. Alaska Mar. 28, 2003)).

[32] Docket 23; Docket 43; Docket 94. The State did not oppose AVCP's intervention. *See* Docket 36.

[33] Docket 40; Docket 46; Docket 50.

[34] Docket 17.

[35] Docket 73; Docket 122.

[36] Docket 142.

[37] Docket 151.

[38] Appellant's Opening Br., *United States v. Alaska*, Case No. 24-2251, ECF No. 13 (9th Cir. July 26, 2024).

[39] Pet. for Writ of Cert., *Alaska v. United States*, Case No. 25-320, ECF No. 1 (U.S. Sep. 15, 2025).

[40] *Hill*, 179 F.3d at 759.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 8 of 29
Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 8 of 29

the merits, and only later belatedly assert its immunity from suit in order to avoid an adverse result."[41]

The State asserts that its participation in the merits phase of the litigation did not waive its sovereign immunity from Intervenor-Plaintiffs' request for attorney's fees under § 3117.[42] However, as the Commission correctly notes, "the State made no mention of immunity" even after Intervenor-Plaintiffs' original fee motions "expressly argued that the State was liable for fees under § 3117."[43] "The State then continued litigating the merits through the Ninth Circuit and in a certiorari petition to the Supreme Court."[44] The State does not identify any precedent holding that a request for fees presents a separate Eleventh Amendment issue when a state has waived its immunity by submitting to the jurisdiction of a federal court.[45] To the contrary, in *Hutto v. Finney*, the Supreme Court held that attorney's fees are "ancillary" to "prospective injunctive relief" when they constitute "expenses incurred in litigation seeking only prospective relief," rather than "retroactive liability

---

[41] *Id.* at 763.

[42] Docket 185 at 7-8.

[43] Docket 197 at 6.

[44] Docket 197 at 6.

[45] *See, e.g.*, *Bridge Aina Le'a, LLC v. Land Use Comm'n*, Case No. CV 11-00414 SOM-KJM, 2018 WL 6705529, at *4 (D. Haw. Dec. 20, 2018) ("[T]his court is unaware of case law holding that, if a state waives Eleventh Amendment immunity and submits to the jurisdiction of a federal court, the state retains some additional sovereign immunity preventing the federal court from awarding attorney's fees if the state is on the losing end of the litigation.").

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 9 of 29
Case 1:22-cv-00054-SLG     Document 206     Filed 06/12/26     Page 9 of 29

for prelitigation conduct."[46]  After *Hutto*, the Supreme Court has reaffirmed that "an award of attorney's fees ancillary to prospective relief is not subject to the strictures of the Eleventh Amendment."[47]

Here, Intervenor-Plaintiffs' fee requests are for fees incurred in obtaining prospective relief in the same action in which the State actively participated. Accordingly, the Court finds that the State has waived any sovereign immunity defense it may have had and that the Eleventh Amendment does not separately bar Intervenor-Plaintiffs' fee requests.  Further, as this Court has previously ruled, Intervenor-Plaintiffs are entitled to attorney's fees under 16 U.S.C. § 3117.[48]

## II. Reasonableness of Fees Requested

In *Hensley v. Eckerhart*, the Supreme Court determined that courts should apply the lodestar method to determine reasonable attorney's fees.[49]  Courts calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.[50]  "The party seeking an award of fees should submit evidence supporting the hours worked and rates

---

[46] *Hutto v. Finney*, 437 U.S. 678, 690, 695 (1978).

[47] *Missouri v. Jenkins*, 491 U.S. 274, 279 (1989).

[48] Docket 154 at 10.

[49] 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.").

[50] *Id.*

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 10 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 10 of 29

claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[51]  This standard is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"[52]

### A. Hourly Rates

The State asserts that the hourly rates charged by both Intervenor-Plaintiffs' Alaska-based counsel and Supreme Court counsel are unreasonable.  A reasonable hourly rate is determined by the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation."[53]  The relevant community generally comprises "the forum in which the district court sits."[54]  Rates outside the forum apply "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case."[55]  Because Intervenor-Plaintiffs' Alaska-based counsel and Supreme Court counsel practiced in different legal markets and performed different types of work, the Court evaluates the reasonableness of those rates separately.

### 1. Alaska-based Attorneys

---

[51] *Id.*

[52] *Id.* at 433, n.7.

[53] *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)).

[54] *Id.*

[55] *Barjon*, 132 F.3d at 500 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992)).

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 11 of 29

All four Intervenor-Plaintiffs' Alaska-based attorneys charged comparable hourly rates. AFN, represented by Cashion Gilmore & Lindemuth, was charged between $265 and $525 per hour in this case.[56] The Commission, represented by Sonosky, Chambers, Sachse, Miller & Monkman, was charged between $300 and $400 per hour.[57] Ahtna, represented by Landye Bennett Blumstein, was charged between $325 and $525 per hour.[58] AVCP, represented by the Native American Rights Fund, was charged between $225 and $600 per hour.[59]

Intervenor-Plaintiffs primarily rely on two sources of evidence to show that the rates charged by their attorneys are reasonable for the Alaska market. First, in addition to their own attorneys' declarations asserting that their hourly rates are reasonable, Intervenor-Plaintiffs submit the Declaration of James Torgerson from Stoel Rives LLP, an attorney unaffiliated with this case, stating that "rates for senior litigation partners in the Anchorage market are often $700 per hour, sometimes more."[60] Second, Intervenor-Plaintiffs submit the State's contract with Consovoy McCarthy PLLC showing that, even after receiving an "Alaska Discounted Rate,"

---

[56] Docket 170 at 3.

[57] Docket 178 at 4.

[58] Docket 181-1 at 3-5.

[59] Docket 182-2 at 7.

[60] Docket 138-5 at ¶ 7.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 12 of 29
Case 1:22-cv-00054-SLG   Document 206   Filed 06/12/26   Page 12 of 29

the State agreed to pay its own retained attorneys between $450 and $600 per hour in this case.[61]

The State asserts that Intervenor-Plaintiffs' Alaska-based attorneys' hourly rates are unreasonable and points to the Court's observation in 2022 in *TD Ameritrade, Inc. v. Matthews* that "federal and state courts in Alaska have found rates ranging from $275 to $400 per hour to be reasonable for Alaska attorneys, depending on their years of experience and the subject matter."[62] Thus, in *TD Ameritrade*, the Court concluded that a fee award at the rate of $400 per hour was reasonable "[b]ased on [federal and state court cases in Alaska], the Court's familiarity with rates typically charged in this District, the 2017-2018 U.S. Consumer Law Attorney Fee Survey Report TD Ameritrade cited, and the relatively straightforward nature of TD Ameritrade's lien claim."[63] In contrast to *TD Ameritrade*, this case was initiated in 2022 and litigated through late 2025, several years after the rate range identified in *TD Ameritrade*. Moreover, the stakes in this litigation were of enormous significance: as described by the Commission, the State's emergency orders that led to the initiation of this litigation "posed an existential threat" to ANILCA's rural subsistence priority.[64] In light of the

---

[61] Docket 197 at 11 (citing Docket 197-1 at 7); Docket 201 at 4 (citing Docket 201-1 at 6).

[62] *TD Ameritrade, Inc. v. Matthews*, Case No. 3:16-cv-00136-SLG, 2022 WL 17752138, at *7 (D. Alaska Dec. 19, 2022).

[63] *Id.* at *7.

[64] Docket 177 at 2.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 13 of 29
Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 13 of 29

importance and complexity of this litigation, the consistency of the rates charged by counsel for the Intervenor-Plaintiffs, the supporting declarations submitted by counsel and Mr. Torgerson, and the State's agreement to pay comparable rates to its own counsel in this litigation, the Court finds that the hourly rates charged by Intervenor-Plaintiffs' Alaska-based counsel are reasonable.

### 2. Supreme Court Attorneys

Intervenor-Plaintiffs' Supreme Court attorneys' hourly rates range from $1,253.75 to $2,650 per hour for partners and from $950 to $1,109.25 per hour for associates.[65] The State asserts that these rates are not reasonable for two reasons.

First, the State asserts that the rates for Supreme Court counsel should be determined based on the market rate in Alaska, because "rates outside of the local forum are only justified where 'local counsel was unavailable . . . or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'"[66] The State maintains that this exception does not apply here because several of the Alaska-based attorneys hired to represent the Intervenor-Plaintiffs have worked on matters at the Supreme Court level.[67] However, this argument is undermined by the State's own July 2022

---

[65] Docket 170 at 5; Docket 181-1 at 6; Docket 182-2 at 6-7; Docket 179 at 2.

[66] Docket 191 at 11 (quoting *Camacho*, 523 F.3d at 979).

[67] Docket 191 at 11-12 ("But that exception does not apply here, where the Sonosky partners that [the Commission] hired to work on this case include Ms. Leonard who has worked on

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 14 of 29
Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 14 of 29

Request for Proposals ("RFP") seeking counsel for this case and requiring, as "minimum prior experience," that the "[l]ead attorney must have argued before the United States Supreme Court."[68] The State's decision to seek and retain outside counsel who meet that qualification demonstrates its own recognition that Supreme Court litigation requires a specialized level of expertise beyond general appellate experience and that prior work on Supreme Court matters is not equivalent to extensive experience arguing before that Court.

Moreover, it is clear that "[a]s Supreme Court practice has become more specialized, it has become the industry standard for law firms to retain Supreme Court counsel for the Supreme Court phase of litigation."[69] As AVCP notes, the State too "has a long history of retaining specialized Supreme Court counsel for cases of particular importance," including in the *Katie John* cases.[70] Accordingly, the Court concludes that it is appropriate to evaluate Supreme Court counsel's rates based on the prevailing national market for specialized Supreme Court

---

multiple matters at the Supreme Court level and Mr. Miller who has participated in multiple Supreme Court proceedings." (cleaned up)); Docket 193 at 12 ("But that exception does not apply here, where several other AVCP attorneys have experience before the Supreme Court, including Ms. Kendall-Miller who litigated and argued the landmark case *Alaska, ex rel. Yukon Flats School District v. Native Village of Venetie*, before the United States Supreme Court and Ms. Tarzwell, who represented Tribes in *Haaland v. Brackeen*, 599 U.S. 255 (2023)." (internal quotation marks omitted)).

[68] Docket 201-2 at 4.

[69] Docket 177 at 9.

[70] Docket 201 at 7-8.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 15 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 15 of 29

advocacy rather than the prevailing rates for general federal litigation counsel in Alaska.

Second, the State also asserts that even if Supreme Court counsel is subject to different rates, Intervenor-Plaintiffs did not meet their burden of showing that those rates are "commensurate with market rates."[71] The State correctly notes that "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[72] While "[a]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence,"[73] "declarations filed by the fee applicant do not conclusively establish the prevailing market rate."[74] "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits."[75]

---

[71] Docket 191 at 11.

[72] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see* Docket 191 at 8; Docket 193 at 8.

[73] *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

[74] *Camacho*, 523 F.3d at 980.

[75] *Gates*, 987 F.2d at 1397-98.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 16 of 29

Case 1:22-cv-00054-SLG     Document 206     Filed 06/12/26     Page 16 of 29

Each Intervenor-Plaintiff submitted a declaration detailing the basis for the hourly rates for Supreme Court counsel.  AFN's attorney Adam Unikowsky "has argued at least 13 cases before the U.S. Supreme Court, and Jenner & Block LLP has had particular success in the Indian law arena."[76]  The Commission's attorney Carter Phillips "is widely recognized as one of the top Supreme Court litigators in the country,"[77] and Sidley Austin "remains one of the leading firms" in Supreme Court advocacy.[78]  Ahtna's attorney Paul Clement "has argued over 100 cases before the Supreme Court,"[79] and AVCP's attorney Leonard Powell "has litigated seven United States Supreme Court cases on the merits" and "has also litigated dozens of . . . cases at the certiorari stage."[80]  The State has not meaningfully rebutted these declarations or otherwise submitted evidence demonstrating that the requested rates are inconsistent with prevailing market rates for attorneys of comparable Supreme Court expertise and experience. Nor has the State identified comparable Supreme Court practitioners charging materially lower rates. Accordingly, the Court concludes that the requested hourly rates for Supreme Court counsel are reasonable.

---

[76] Docket 170 at 5.

[77] Docket 177 at 9 (citing Docket 197-2 ¶ 7).

[78] Docket 177 at 9 (citing Docket 197-2 ¶ 3).

[79] Docket 181-1 at 6.

[80] Docket 182-2 at 5.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 17 of 29
Case 1:22-cv-00054-SLG   Document 206   Filed 06/12/26   Page 17 of 29

### B. Hours Billed

The State asserts that the hours billed by Intervenor-Plaintiffs' attorneys are unreasonable because (1) the work billed was duplicative of work done by the United States and the other Intervenor-Plaintiffs; (2) significant portions of Intervenor-Plaintiffs' briefing were alternative arguments; (3) the hours billed were excessive at each stage of litigation; and (4) the attorneys block-billed and submitted vague or redacted billing entries.[81]

### 1. Duplication

The State asserts that Intervenor-Plaintiffs' hours billed are unreasonable because their legal work was duplicative of work done by the United States and the other Intervenor-Plaintiffs. For example, the State contends that "[a]t every stage of the case, [the Commission] was making the same arguments that were being made by the United States and the other Intervenors: namely, that *Katie John* was still good law and *Sturgeon* did not control."[82] However, as the State correctly acknowledges, each Intervenor-Plaintiff, "of course, was entitled to make these duplicative arguments in support of its interests"—the State simply maintains that it should not be required to pay for all this duplicative work.[83] And yet, each Intervenor-Plaintiff had a distinct interest in this case—distinct from each other and

---

[81] *See, e.g.*, Docket 185 at 11-19.

[82] Docket 191 at 13; *see also* Docket 185 at 11-12; Docket 192 at 12; Docket 193 at 13.

[83] Docket 185 at 12; Docket 191 at 13; Docket 192 at 13; Docket 193 at 13.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 18 of 29

Case 1:22-cv-00054-SLG   Document 206   Filed 06/12/26   Page 18 of 29

particularly distinct from the United States.[84]  As the Ninth Circuit has made clear, "[i]t is not unreasonable to have several plaintiffs sue for the same relief . . . ; the fact that each plaintiff hires her own counsel is not, in itself, double billing."[85] "When a case goes on for many years, . . . [o]ne certainly expects *some* degree of duplication as an inherent part of the process.  There is no reason why the lawyer should perform this necessary work for free."[86]  Therefore, the Court declines to reduce Intervenor-Plaintiffs' attorney's fees on this basis.[87]

### 2. Alternative Arguments

The State asserts that significant portions of Intervenor-Plaintiffs' briefs were alternative arguments that were never addressed by any court[88] or "easily dismissed by this Court."[89]  However, "[l]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."[90]  Therefore, absent any indication that Intervenor-Plaintiffs advanced

---

[84] Docket 12; Docket 19; Docket 38; Docket 89.

[85] *Ass'n of Cal. Water Agencies v. Evans*, 386 F.3d 879, 887 (9th Cir. 2004).

[86] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (emphasis in original).

[87] *But see infra* Section II.B.3 (reducing Supreme Court fees by 10% due to excessive number of attorneys).

[88] Docket 185 at 12; Docket 192 at 13; Docket 193 at 14.

[89] Docket 191 at 14.

[90] *Hensley*, 461 U.S. at 435.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 19 of 29

these arguments in bad faith, the Court declines to reduce Intervenor-Plaintiffs' attorney's fees on this basis.

### 3. *Supreme Court Hours*

Next, the State asserts that Intervenor-Plaintiffs' request for fees for work on the Supreme Court briefing is excessive because Intervenor-Plaintiffs "drafted 'two briefs representing the unique perspectives of the intervenors,' only to subsequently consolidate the two drafts into one brief in opposition."[91] Intervenor-Plaintiffs acknowledge that they ultimately consolidated their efforts into a single joint opposition to the petition for certiorari, but they maintain that this coordination process was undertaken "to avoid repetition, advance judicial economy, and avoid over-papering the Court where at all possible."[92] The fact that multiple Intervenor-Plaintiffs prepared draft briefing while determining whether and how to present a unified opposition does not render the work unreasonable, particularly where these parties represented distinct sovereign, tribal, and organizational interests were assessing how best to incorporate their differing perspectives into a single filing. The overlap between Intervenor-Plaintiffs' and the United States' oppositions also does not establish duplication warranting a fee reduction, particularly where the

---

[91] Docket 191 at 14 (citing Docket 178 at 6).

[92] Docket 178 at 6.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 20 of 29

Intervenor-Plaintiffs could not assume that the "United States would continue its prior litigation strategy" "[f]ollowing the change in presidential administrations."[93]

The State also relies on a 2006 declaration by the Commission's Supreme Court attorney Mr. Phillips to assert that the hours spent by Intervenor-Plaintiffs in opposing the State's petition for certiorari were excessive.[94] In that declaration, submitted in unrelated fee litigation, *Deal ex rel Deal v. Hamilton County Department of Education*, Mr. Phillips stated that fees exceeding $150,000 for an opposition to certiorari were "grossly excessive" because oppositions are generally not time-intensive for experienced Supreme Court advocates.[95] The U.S. District Court for the Eastern District of Tennessee agreed with Mr. Phillips in that case and reduced the firm's requested Supreme Court fees by 75%.[96] The State contends that the same principles apply here and argues that the Intervenor-Plaintiffs' request is similarly unreasonable.[97]

However, while the district court reduced the fees in *Deal ex rel Deal*, it did so because it concluded that the hours expended on the opposition to certiorari

---

[93] Docket 197 at 17.

[94] Docket 185 at 15-16 (citing Docket 185-1); *see also* Docket 191 at 16-17; Docket 192 at 15-17; Docket 193 at 16-18.

[95] Docket 185-1 at 3-5.

[96] *Deal ex rel Deal v. Hamilton Cnty. Dep't of Educ.*, Case No. 1:01-cv-295, 2006 WL 2854463, at *15-17 (E.D. Tenn. Aug. 1, 2006).

[97] Docket 185 at 15-16; Docket 191 at 16-17; Docket 192 at 15-17; Docket 193 at 16-18.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 21 of 29
Case 1:22-cv-00054-SLG     Document 206     Filed 06/12/26     Page 21 of 29

were inefficient where much of the work was performed by attorneys lacking substantial Supreme Court or subject-matter experience.[98] By contrast, the court declined to reduce the fees requested by one attorney, Edward P. Lazarus, because he demonstrated significant Supreme Court expertise, and the court found both his hours and requested rate reasonable in light of that experience.[99] Here, Intervenor-Plaintiffs have established that their attorneys, like Mr. Lazarus, possess substantial Supreme Court and subject-matter expertise, including extensive experience litigating before the Supreme Court and in matters involving Alaska Native subsistence rights and federal Indian law.

The Court nevertheless agrees with the State that billing time for 24 attorneys to prepare what was ultimately a 32-page opposition to certiorari is excessive.[100] Although Supreme Court litigation warrants specialized counsel, the involvement of that many attorneys necessarily created some inefficiency and duplication. For this reason, the Court finds that a 10% reduction to the requested Supreme Court fees is warranted.

---

[98] *Deal*, 2006 WL 2854463, at *16 ("[I]f the Deals had retained Mr. Mayerson, a very capable and experienced litigator, for [the Supreme Court certiorari] phase of the litigation, his experience with the record and with IDEA cases would have saved enormous amounts of time in crafting an opposition to HCDE's petition for certiorari.").

[99] *Id.* at *15-17.

[100] Docket 185 at 16; Docket 191 at 17; Docket 192 at 17; Docket 193 at 17.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 22 of 29
Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 22 of 29

### 4. Ninth Circuit Hours

The State asserts that Intervenor-Plaintiffs' requested fees for its Ninth Circuit work are also excessive. Specifically, the State notes that the Commission's counsel of record Nathaniel Amdur-Clark "billed 257 hours to the Ninth Circuit appeal, which included *137 hours* preparing for and attending oral argument."[101] The State contends that "[w]hile appellate arguments require close familiarity with the case, Mr. Amdur-Clark had already been counsel of record in the district court, making more than three weeks' worth of attorney time preparing for seven minutes of oral argument grossly excessive."[102] While the Court acknowledges "the importance and complexity involved in this case" and the "excellent results" produced, in part, by the Commission's efforts,[103] the Court finds considerable merit in the State's assertion that a fee award for 137 hours of preparation for approximately seven minutes of oral argument would be excessive. "Given that [the Commission] had already participated in extensive oral argument in the district court, and given the limited time allotted for the argument,"[104] the Court reduces the hours awarded for this task to 80 hours.

---

[101] Docket 191 at 18 (emphasis in original).

[102] Docket 191 at 18.

[103] Docket 197 at 15.

[104] *Orantes-Hernandez v. Holder*, 713 F. Supp. 2d 929, 970 (C.D. Cal. 2010).

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 23 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 23 of 29

### 5. District Court Hours

The State also requests a reduction in Intervenor-Plaintiffs' fees because partners performed "many tasks typically delegated to associates, such as legal research and writing first drafts of briefs and motions" and cites to *Aung v. Watts*[105] to assert that "[c]ourts regularly reduce attorney's fees awards where partners billed for associate-level work."[106] However, the fee award at issue in *Aung* arose under California Civil Code § 1717, and the district court expressly "applie[d] California law in determining the appropriate fees to be awarded."[107] Here, by contrast, the basis for attorney's fees is a federal fee-shifting statute. Accordingly, federal law—not state law and certainly not California law—governs the reasonableness analysis. The State provides no other authority supporting a reduction on this basis, and the Court therefore declines to reduce the requested fees for this reason.

Further, the State's own anticipated outside-counsel costs confirm that the district court phase of this litigation was expected to require substantial attorney resources. The State's June 2022 contract with Consovoy McCarthy provided for $50,000 in attorney's fees,[108] and its July 2022 RFP budgeted $250,000 for "the

---

[105] Case No. 2:24-cv-05501-SVW, 2025 WL 2659222, at *5 (C.D. Cal. Aug. 7, 2025).

[106] Docket 191 at 18-19; Docket 192 at 18; Docket 193 at 19.

[107] 2025 WL 2659222, at *2.

[108] Docket 201-1 at 1.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 24 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 24 of 29

trial court litigation phase."[109]   Those amounts did not include the legal work performed by Alaska Department of Law attorneys, who served as the State's lead counsel before this Court.  In light of the State's own $300,000 budget for outside counsel before the district court—exclusive of the time spent on the matter by attorneys at the Alaska Department of Law—the Court finds that Intervenor-Plaintiffs' requested district court fees are reasonable.

### 6. *Block Billing, Vagueness, and Redactions*

The State asserts that Intervenor-Plaintiffs' hours include several examples of block billing that "obscures any ability to discern how much time its attorneys spent on a particular task,"[110] warranting a reduction in the requested fees.  The State identifies several examples of block billing such as AFN's attorney Jahna Lindemuth's 5.4-hour entry stating "[c]ontact counsel regarding intervention; review edits from team; research; exchange calls and emails with team; edit declaration";[111] the Commission's attorney Mr. Amdur-Clark's 7.8-hour entry for drafting, emails, and communications regarding the litigation;[112] AVCP's attorney Erin Dougherty Lynch's 15.4-hour entry encompassing numerous revisions,

---

[109] Docket 201-2 at 3.

[110] Docket 185 at 17; Docket 191 at 19; Docket 192 at 18; Docket 193 at 19.

[111] Docket 185 at 17-18 (citing Docket 134-1 at 3).

[112] Docket 191 at 19-20 (citing Docket 136-1 at 9).

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 25 of 29

Case 1:22-cv-00054-SLG     Document 206     Filed 06/12/26     Page 25 of 29

conferences, and appendix review tasks;[113] and multiple entries by Ahtna's attorneys combining research, drafting, conferences, and revisions into single billing entries.[114] The State also asserts that some of Intervenor-Plaintiffs' billing entries "are unreasonably vague"[115] or "have been redacted to such an extent that it is impossible to judge the reasonableness of the worked performed."[116] The State identifies billing entries it contends are impermissibly vague such as "Work on brief"[117] and "Work on materials for participation in federal suit,"[118] which do not identify the subject matter of the work performed or otherwise provide sufficient detail for the Court to evaluate the reasonableness of the time expended. Finally, the State points to several heavily redacted entries submitted by Ahtna, including entries described only as "Research [redacted]" and "Review and analyze [redacted]," which obscure the nature of the work performed.[119]

Although the Court does not find that these deficiencies justify the full reductions sought by the State, the Court agrees that an across-the-board fee reduction is appropriate to account for block billing, vague descriptions, and limited

---

[113] Docket 193 at 20 (citing Docket 138-4 at 6).

[114] Docket 192 at 19-20 (first citing Docket 137-1 at 11; and then citing Docket 181-1 at 16).

[115] Docket 185 at 18-19; Docket 191 at 21; Docket 193 at 20-21.

[116] Docket 192 at 20.

[117] Docket 193 at 20-21 (citing Docket 138-4 at 6).

[118] Docket 191 at 21 (citing Docket 136-1 at 1).

[119] Docket 192 at 20 (quoting Docket 137-1 at 12).

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 26 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 26 of 29

redactions that hinder review of the fee request.[120]  The Court therefore applies a 15% reduction to all of the requested fees on this basis.

### III. Calculation of Fee Awards

Based on the foregoing, the Court calculates each fee award by first subtracting the itemized reductions identified above and then applying the applicable percentage reduction to the remaining subtotal. The resulting awards are as follows:

**AFN.** AFN seeks $494,423.17 in attorney's fees: $144,399.00 for District Court fees, $196,822.00 for Ninth Circuit fees, and $153,202.17 for Supreme Court fees.[121]  After applying the relevant percentage reductions—15% to the District Court and Ninth Circuit fees, and 25% to the Supreme Court fees—**AFN is awarded $404,939.48 in attorney's fees**.

**The Commission.** The Commission seeks $660,242.50 in attorney's fees: $199,800.00 for District Court fees, $173,020.00 for Ninth Circuit fees, and $287,422.50 for Supreme Court fees.[122]  The Court reduces that amount by

---

[120] *See Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (holding that a district court may reduce hours to offset "poorly documented" billing); *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222-23 (9th Cir. 2010) (affirming district court's reduction of hours by 30% to account for block billing); *In re Smith*, 586 F.3d 1169, 1174 (9th Cir. 2009) ("We have recognized that ... the district court has the authority to make across-the-board percentage cuts ... in the number of hours claimed ... as a practical means of trimming the fat from a fee application.") (internal quotation marks and citations omitted).

[121] Docket 169 at 5.

[122] Docket 177 at 5.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 27 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 27 of 29

$22,800.00 (Mr. Amdur-Clark's hourly rate of $400 per hour x 57 hours) for the reduction in Ninth Circuit oral-argument preparation time, resulting in a subtotal of $637,442.50. **The Court then applies the relevant percentage reductions, resulting in a final award of $513,083.88 to the Commission.**

**Ahtna.** Ahtna seeks $401,923.00 in attorney's fees: $147,050.00 for District Court fees, $108,500.00 for Ninth Circuit fees, and $146,373.00 for Supreme Court fees.[123] After applying the relevant percentage reductions, **Ahtna is awarded $326,997.25 in attorney's fees.**

**AVCP.** AVCP seeks $632,240.56 in attorney's fees and costs: $302,602.50 for District Court fees, $174,200.00 for Ninth Circuit fees, and $152,298.50 for Supreme Court fees, and $3,139.56 for Supreme Court costs.[124] After excluding the requested costs and applying the relevant percentage reductions to the requested fees, **AVCP is awarded $519,506.00 in attorney's fees.**

### CONCLUSION

For the foregoing reasons, Intervenor-Plaintiffs' motions for attorney's fees at Dockets 169, 177, 181, and 182 are each GRANTED. IT IS ORDERED that Intervenor-Plaintiffs shall recover from the State as follows:

- AFN shall recover $404,939.48;

---

[123] Docket 181 at 8.

[124] Docket 182 at 10.

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 28 of 29

Case 1:22-cv-00054-SLG     Document 206     Filed 06/12/26     Page 28 of 29

- The Commission shall recover $513,083.88;

- Ahtna shall recover $326,997.25; and

- AVCP shall recover $519,506.00.

The Clerk of Court shall enter an amended judgment accordingly.

DATED this 12th day of June 2026, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 1:22-cv-00054-SLG, *United States v. State of Alaska*
Order on Intervenor-Plaintiffs' Motions for Attorney's Fees
Page 29 of 29

Case 1:22-cv-00054-SLG    Document 206    Filed 06/12/26    Page 29 of 29